**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq.  (SBN 090058)
Christina Humphrey, Esq. (SBN 226326)
Leslie H. Joyner, Esq. (SBN 2627050
29229 Canwood Street, Suite 208
Agoura Hills, California   91301
Telephone:     (818) 991-8080
Facsimile:     (818) 991-8081
ssaltzman@marlinsaltzman.com
chumphrey@marlinsaltzman.com
ljoyner@marlinsaltzman.com

**DIVERSITY LAW GROUP, A Professional Corporation**
Daniel H. Chang, Esq. (SBN 183803)
Larry W. Lee, Esq. (SBN 228175)
550 S. Hope St., Suite 2655
Los Angeles, California 90071
Telephone:     (213) 488-6555
Facsimile:     (213) 488-6554
dchang@diversitylaw.com
lwlee@diversitylaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WOODS (CA),  DOMINIC SEALE (FL), WESLEY VARUGHESE (IL), ERIC ESSLER (MI), KRISTINA WILLS (MN), CASEY MCCALEB (MO), SAMUEL BARONE-CROWELL (NY), LOWELL HARVARD JR. (NY), ALTWELL WINFIELD (NY), TIFFANY REINHART (OH), individually and on behalf of all other similarly situated individuals, <br><br> Plaintiffs, <br> v. <br><br> VECTOR MARKETING CORPORATION and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br><br> **CLASS ACTION** <br><br><br><br><br> **DEMAND FOR JURY TRIAL** |

- 1 -
**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs WILLIAM WOODS (CA), DOMINIC SEALE (FL), WESLEY VARUGHESE (IL), ERIC ESSLER (MI), KRISTINA WILLS (MN), CASEY MCCALEB (MO), SAMUEL BARONE-CROWELL (NY), LOWELL HARVARD JR. (NY), ALTWELL WINFIELD (NY), TIFFANY REINHART (OH) (hereinafter referred to jointly as "Plaintiffs"), hereby submit their Class and Collective Action Complaint against Defendant VECTOR MARKETING CORPORATION and DOE DEFENDANTS NUMBERED 1-20 (hereinafter collectively referred to jointly as "Defendants") on behalf of themselves and a Class of all other similarly situated current and former employees and common law employees of Defendants, and state as follows:

### NATURE OF THE ACTION

1. Vector Marketing Corporation ("Vector") employs individuals as Sales Representatives to sell its CUTCO™ cutlery in this judicial district and nationwide.

2. Vector's policy and practice is to require trainees, including Plaintiffs and members of the Class, to attend a mandatory initial 3-5 day training session without the payment of any wages, including minimum wages.

3. Vector's deliberate failure to pay Class members their earned wages for the initial 3-5 day training session violates the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the laws of the states of California, Florida, Illinois, Michigan, Minnesota, Missouri, New York and Ohio.

4. Plaintiffs bring a collective action claim under § 216(b) of the FLSA against Defendants for unpaid minimum wages and related damages on behalf of themselves and all other similarly situated individuals nationwide who also attended the initial 3-5 day training session.

5. Plaintiffs also bring state law claims under the laws of the states in which they reside on behalf of the similarly situated individuals.

### JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA.

7. This Court has supplemental jurisdiction for all claims asserted under the laws of the states of Florida, Illinois, Michigan, Minnesota, Missouri, New York and Ohio in that the claims

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1  under these states' laws are part of the same case and controversy as the FLSA claims, the state and

2  federal claims derive from a common nucleus of operative fact, the state claims will not substantially

3  dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests

4  of judicial economy, convenience, fairness and comity.

5         8.    Independently, this Court has original jurisdiction for all state law claims pursuant to

6  the Class Action Fairness Act, 28 U.S.C. § 1332, in that the estimated damages involved in those

7  claims will exceed $5,000,000 and the parties to this action are residents of different states.

8         9.    The United States District Court for the Northern District of California has personal

9  jurisdiction because Defendants conduct business within this District.

10        10.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as

11  Defendants have offices, conduct business and can be found in the District, and the causes of action

12  set forth herein have arisen and occurred in part in the District. Venue is further proper under

13  29 U.S.C. § 1132(e)(2) because Defendants have substantial business contacts within the state of

14  California. In addition, Plaintiff William Woods is a resident of Contra Costa County, which is

15  within the jurisdiction of the Northern District.

16  **PARTIES**

17  **A.    Plaintiffs**

18        11.   Plaintiff, William Woods (hereinafter referred to as "California Named Plaintiff"), is

19  a citizen of Contra Costa County, California, who attended some or all of the 3-5 day initial training

20  session conducted by Defendants in California in or around summer of 2011. This Plaintiff was

21  deprived of the right to payment for time spent training, as guaranteed by California law and the

22  FLSA.

23        12.   Plaintiff, Dominic Seale (hereinafter referred to as "Florida Named Plaintiff"), is a

24  citizen of Florida and attended some or all of the 3-5 day initial training session conducted by

25  Defendants in Florida in or around summer of 2012. This Plaintiff was deprived of the right to

26  payment for time spent training, as guaranteed by Florida law and the FLSA.

27        13.   Plaintiff, Wesley Varughese (hereinafter referred to as "Illinois Named Plaintiff"), is

28  a citizen of Illinois and attended some or all of the 3-5 day initial training session conducted by

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Defendants in Illinois in or around June 2012.  This Plaintiff was deprived of the right to payment for time spent training, as guaranteed by Illinois law and the FLSA.

14.     Plaintiff, Eric Essler (hereinafter referred to as "Michigan Named Plaintiff"), is a citizen of Michigan and attended some or all of the 3-5 day initial training session conducted by Defendants in Michigan in or around June 2011.  This Plaintiff was deprived of the right to payment for time spent training, as guaranteed by Michigan law and the FLSA.

15.     Plaintiff, Kristina Willis (hereinafter referred to as "Minnesota Named Plaintiff"), is a citizen of Minnesota and attended some or all of the 3-5 day initial training session conducted by Defendants in Minnesota from on or around January 2, 2013, until on or about January 4, 2013.  This Plaintiff was deprived of the right to payment for time spent training, as guaranteed by Minnesota law and the FLSA.

16.     Plaintiff, Casey McCaleb (hereinafter referred to as "Missouri Named Plaintiff"), is a citizen of Missouri and attended some or all of the 3-5 day initial training session conducted by Defendants in Missouri in or around January 2012.  This Plaintiff was deprived of the right to payment for time spent training, as guaranteed by Missouri law and the FLSA.

17.     Plaintiff, Samuel Barone-Crowell, is a citizen of New York and attended some or all of the 3-5 day initial training session conducted Defendants in New York in or around summer 2010. This Plaintiff was deprived of the right to payment for time spent training, as guaranteed by New York law and the FLSA.

18.     Plaintiff, Lowell Harvard Jr., is a citizen of New York and attended some or all of the 3-5 day initial training session conducted Defendants in New York. This Plaintiff was deprived of the right to payment for time spent training, as guaranteed by New York law and the FLSA.

19.     Plaintiff, Altwell Winfield, is a citizen of New York and attended some or all of the 3-5 day initial training session conducted by Defendants in New York in or around October of 2012. This Plaintiff was deprived of the right to payment for time spent training, as guaranteed by New York law and the FLSA.

20.     The named Plaintiffs who are citizens of New York are hereinafter jointly referred to as the "New York Named Plaintiffs."

**CLASS AND COLLECTIVE ACTION COMPLAINT**

21.    Plaintiff, Tiffany Reinhardt (hereinafter referred to as "Ohio Named Plaintiff"), is a citizen of Ohio and attended some or all of the 3-5 day initial training session conducted by Defendants in Ohio from in or around April 2013.  This Plaintiff was deprived of the right to payment for time spent training, as guaranteed by Ohio law and the FLSA.

22.    The named Plaintiffs from each state are collectively referred to as "FLSA Plaintiffs."

**B.    Defendants**

23.    Defendant Vector Marketing Corporation is a Pennsylvania corporation with its principal place of business in New York.  Vector does business in this judicial district and nationwide.

24.    Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as Does 1 through 20, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs pray leave to amend this Complaint when the true names and capacities are known.

25.    Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned, Defendants and Does 1 through 20 are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the States of California, Florida, Illinois, Michigan, Minnesota Missouri, New York and Ohio (among other states).

## FACTUAL ALLEGATIONS

26.    Defendants regularly advertised open positions for Sales Representatives in every state of the Union.

27.    Plaintiffs and Class members responded to these advertisements and, ultimately, were offered the position of Sales Representative, contingent upon them completing Defendants' mandatory training.

28.    Defendants required all Sales Representatives to attend mandatory initial 3-5 day training sessions.

29.    Plaintiffs and Class members attended Defendants' mandatory initial training sessions.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

30.     The training provided by Defendants is not similar to that which is offered in any vocational program for sales.

31.     The training provided by Defendants was for the primary benefit of Defendants as it does not provide Plaintiffs and Class members with transferable skills that could be used with other employers.

32.     Plaintiffs and Class members were being trained to replace Sales Representatives who regularly left Defendants' employ.

33.     Defendants derive an immediate advantage from Plaintiffs and Class members during training, at minimal cost to themselves since they utilize independent managers to conduct the training sessions.

34.     Near the close of the training sessions, Defendants distribute the Sales Representative Agreement and instruct Plaintiffs and Class members to sign the Agreement and turn it back in to Defendants.

35.     Defendants' custom, policy and practice is not to pay any wages for any time spent attending mandatory training sessions.

36.     Defendants failed to pay Plaintiffs and Class members any wages, including minimum wage compensation, for hours worked during training sessions.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

**A.      FLSA Collective Action**

37.     The FLSA Plaintiffs bring Count I, the FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of the following Class of persons (hereinafter the "FLSA Class"):

> All individuals in the United States who participated in some or all of Defendants' initial 3-5 day training sessions to become a Sales Representative from three years prior to the filing of the Complaint until final judgment is rendered.  Excluded from the FLSA Class are any individuals who opted into the FLSA Class in the matter of *Harris v. Vector Marketing Corp.*, Civil Action Number 08-5198, before the United

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1  States District Court for the Northern District of California.

2  38.  The FLSA claim may be pursued by those who opt-in to this case, pursuant to
3  29 U.S.C. § 216(b).

4  39.  The named Plaintiffs, individually and on behalf of other similarly situated
5  employees, seek relief on a collective basis challenging Defendants' practice of failing to pay
6  Plaintiffs and Class members minimum wage for all hours worked during the initial 3-5 day training
7  session conducted by Defendants.

8  40.  The number and identity of other plaintiffs yet to opt-in and consent to be party
9  plaintiffs may be determined from Defendants' records, and potential class members may easily and
10  quickly be notified of the pendency of this action.

11  **B.  State Law Classes Under Federal Rule of Civil Procedure 23**

12  41.  California Class: The California Named Plaintiff brings Counts II - V as a class action
13  pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of himself and the following class of
14  persons:

15  All individuals who participated in some or all of Defendants' initial 3-5
16  day training sessions in the state of California to become a Sales
17  Representative from four years prior to the filing of the Complaint until
18  final judgment is rendered.  Excluded from the California Class are any
19  individuals who did not opt out of the case captioned: *Harris v. Vector*
20  *Marketing Corp.*, Civil Action Number 08-5198, before the United States
21  District Court for the Northern District of California.

22  The California Sub Class includes all members of the California Class
23  whose employment with Defendants terminated during the time frame of
24  four years prior to the filing of the Complaint until final judgment is
25  rendered.

26  42.  The California state law claims, if certified for class-wide treatment, may be pursued
27  by all similarly situated persons who do not opt-out of the California Class.

28  43.  Florida Class: The Florida Named Plaintiff brings Count VI as a class action pursuant

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1   to Federal Rule of Civil Procedure 23(b)(3), on behalf of himself and the following class of persons:

2               All individuals who participated in some or all of Defendants' initial 3-5

3               day training sessions in the state of Florida to become a Sales

4               Representative during the time frame of two years prior to the filing of the

5               Complaint until final judgment is rendered.

6       44.     The Florida state law claims, if certified for class-wide treatment, may be pursued by

7   all similarly situated persons who do not opt-out of the Florida Class.

8       45.     <u>Illinois Class</u>: The Illinois Named Plaintiff brings Counts VII-VIII as a class action

9   pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of himself and the following class of

10   persons:

11               All individuals who participated in some or all of Defendants' initial 3-5

12               day training sessions in the state of Illinois to become a Sales

13               Representative during the time frame of three years prior to the filing of

14               the Complaint until final judgment is rendered.

15               The <u>Illinois Sub Class</u> includes all members of the Illinois Class who

16               separated from their employment with Defendants during the time frame

17               of three years prior to the filing of the Complaint until final judgment is

18               rendered.

19       46.     The Illinois state law claims, if certified for class-wide treatment, may be pursued by

20   all similarly situated persons who do not opt-out of the Illinois Class.

21       47.     <u>Michigan Class</u>: The Michigan Named Plaintiff brings Count IX as a class action

22   pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of himself and the following class of

23   persons:

24               All individuals who participated in some or all of Defendants' initial 3-5

25               day training sessions in the state of Michigan to become a Sales

26               Representative during the time frame of three years prior to the filing of

27               the Complaint until final judgment is rendered.

28   ///

**CLASS AND COLLECTIVE ACTION COMPLAINT**

48.    The Michigan state law claims, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out of the Michigan Class.

49.    <u>Minnesota Class</u>: The Minnesota Named Plaintiff brings Count X as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of herself and the following class of persons:

> All individuals who participated in some or all of Defendants' initial 3-5 day training sessions in the state of Minnesota to become a Sales Representative during the time frame of three years prior to the filing of the Complaint until final judgment is rendered.

50.    The Minnesota state law claims, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out of the Minnesota Class.

51.    <u>Missouri Class</u>: The Missouri Named Plaintiff brings Count XI as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of himself and the following class of persons:

> All individuals who participated in some or all of Defendants' initial 3-5 day training sessions in the state of Missouri to become a Sales Representative during the time frame of two years prior to the filing of the Complaint until final judgment is rendered.

52.    The Missouri state law claims, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out of the Missouri Class.

53.    <u>New York Class</u>: The New York Named Plaintiffs Counts XII-XIII as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of themselves and the following class of persons:

> All individuals who participated in some or all of Defendants' initial 3-5 day training sessions in the state of New York to become a Sales Representative during the time frame of six years prior to the filing of the Complaint until final judgment is rendered.

> The <u>New York Sub Class</u> includes all members of the New York Class

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1    whose employment with Defendants terminated during the New York

2    Class Period.

3    54.    The New York state law claims, if certified for class-wide treatment, may be pursued

4    by all similarly situated persons who do not opt-out of the New York Class.

5    55.    <u>Ohio Class</u>: The Ohio Named Plaintiff brings Counts XIV-XV as a class action

6    pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of herself and the following class of

7    persons:

8    All individuals who participated in some or all of Defendants' initial 3-5

9    day training sessions in the state of Ohio to become a Sales Representative

10    during the time frame of three years prior to the filing of the Complaint

11    until final judgment is rendered.

12    The <u>Ohio Sub Class</u> includes all members of the Ohio Class who separated

13    from their employment with Defendants during the time frame of three

14    years prior to the filing of the Complaint until final judgment is rendered.

15    56.    The Ohio state law claims, if certified for class-wide treatment, may be pursued by all

16    similarly situated persons who do not opt-out of the Ohio Class.

17    **C.    Allegations Common to All State Law Class Claims**

18    57.    <u>Numerosity</u>:  The members of the Class are so numerous that joinder of all members

19    would be impractical, if not impossible.  Plaintiffs are informed and believe that there are thousands,

20    if not tens of thousands, of Class members in each state.  The identity of the members of the state

21    law classes is readily ascertainable by review of Defendants' records.

22    58.    <u>Commonality</u>:   There are numerous questions of law and fact common to the

23    Plaintiffs and members of the state law classes that they seek to represent.  These questions include,

24    but are not limited to, the following:

25    a.    Whether Defendants' policies and practices described in this Complaint were,

26    and are, in violation of state law; and

27    b.    Whether Defendants have engaged in a common course of failing to

28    compensate Class members for all hours worked during the initial 3-5 day

**CLASS AND COLLECTIVE ACTION COMPLAINT**

training session.

59.   <u>Typicality</u>:  The claims of named Plaintiffs are typical of the claims of all members of the respective state law classes which they seek to represent.  Similarly, the Class Representatives' claims, like the claims of their respective Classes, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

60.   <u>Adequacy of Representation</u>:  The Class Representatives will fairly and adequately protect the interests of their respective Classes. The Class Representatives have retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including employment litigation. The Class Representatives and their counsel are committed to prosecuting this action vigorously on behalf of the various Classes and have the financial resources to do so. Neither the Class Representatives nor their counsel have interests that are contrary to or that conflict with those of the proposed Classes.

61.   <u>Predominance</u>:  Class certification of the respective classes is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Moreover, there are no unusual difficulties likely to be encountered in the management of this action as a class action.

62.   <u>Superiority</u>:  The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims.  Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiffs can effectively litigate against large, well-represented entities like Defendants. In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of the many wrongful violations of numerous states' laws. Numerous repetitive individual actions would also place an enormous burden on the courts as

**CLASS AND COLLECTIVE ACTION COMPLAINT**

they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct over and over again.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES AND/OR OVERTIME

### (FLSA, 29 U.S.C. §§ 201 *et seq.*)

### By The FLSA Plaintiffs on Behalf of the FLSA Class

63.     The FLSA Plaintiffs re-allege, and incorporate by reference, the preceding paragraphs as though fully set forth herein.

64.     The FLSA Plaintiffs have been, and are, entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*   Defendants are subject to the requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.  *Id.*

65.     The FLSA requires the payment of minimum wage of no less than $7.25 by employers whose employees are engaged in interstate commerce.  29 U.S.C. § 207(a)(1).

66.     The FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203.

67.     The FLSA defines "employ" to include to suffer or permit to work. 29 U.S.C. § 203.

68.     The FLSA Plaintiffs are, or were, employed by Defendants during the time that they participated in the mandatory training sessions and, as such, are or were employees of Defendants. 29 U.S.C. § 203.

69.     As a pattern and practice, Defendants regularly required the FLSA Plaintiffs and members of the FLSA Class to attend a mandatory initial 3-5 day training session without the payment of any wages.  Defendants were aware of such non-payment of wages.

70.     As a pattern and practice, Defendants regularly failed to pay the FLSA Plaintiffs and members of the FLSA Class minimum wage compensation for hours worked during the initial 3-5 day training session.

71.     Defendants have violated, and continue to violate, the FLSA, including 29 U.S.C. § 206(a)(1), by failing to pay wages for training time in that Defendants failed to compensate the

**CLASS AND COLLECTIVE ACTION COMPLAINT**

FLSA Plaintiffs and members of the FLSA Class at a rate of not less than $7.25 for work performed during mandatory training sessions.

72.     The FLSA exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to FLSA Class members. 29 U.S.C. § 213.

73.     The FLSA Plaintiffs and members of the FLSA Class are victims of a uniform and company-wide compensation policy. Upon information and belief, Defendants are applying this uniform policy of not paying wages for training time to all employees nationwide during the last three years.

74.     The FLSA Plaintiffs and members of the FLSA Class are entitled to damages equal to the mandated minimum wage for each hour of training time, including overtime, within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

75.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, the FLSA Plaintiffs and members of the FLSA Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

76.     Alternatively, should the Court find that Defendants did act with good faith and reasonable grounds in failing to pay minimum wages, the FLSA Plaintiffs and members of the FLSA Class are entitled to an award of pre-judgment interest at the applicable legal rate.

77.     As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, compensation has been unlawfully withheld by Defendants from the FLSA Plaintiffs and members of the FLSA Class. Accordingly, Defendants are liable for compensatory damages pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of this action, and such other legal and equitable relief as the Court deems just and proper.

WHEREFORE, the FLSA Plaintiffs, on behalf of themselves and all members of the FLSA

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1 Class, pray for relief as follows:

2    a.    Designation of this action as a collective action on behalf of the members of

3         the FLSA Class and promptly issue notice pursuant to 29 U.S.C. § 216(b) to

4         all members of the opt-in class apprising them of the pendency of this action

5         and permitting them to assert timely FLSA claims in this action by filing

6         individual consents to join pursuant to 29 U.S.C. § 216(b);

7    b.    A declaration that Defendants are financially responsible for notifying all

8         FLSA Class Members of their alleged violations;

9    c.    Designation of Marlin & Saltzman LLP and Diversity Law Group APC, as the

10        attorneys representing the putative collective action Plaintiffs;

11   d.    A declaratory judgment that the practices complained of herein are unlawful

12        under the FLSA, 29 U.S.C. § 201 *et seq*.;

13   e.    An award of damages for compensation due to the FLSA Plaintiffs and

14        members of the FLSA Class, including liquidated damages, to be paid by

15        Defendants;

16   f.    Costs and expenses of this action incurred herein, including reasonable

17        attorneys' fees and expert fees;

18   g.    Pre-Judgment and post-Judgment interest, as provided by law; and

19   h.    Any and all such other and further legal and equitable relief as this Court

20        deems necessary, just and proper.

21                    **<u>SECOND CAUSE OF ACTION</u>**

22      **FAILURE TO PAY MINIMUM WAGES AND/OR OVERTIME**

23             **(California Labor Code §§ 1194, 1197)**

24   **By the California Named Plaintiff on Behalf of the California Class**

25        78.    The California Named Plaintiff re-alleges, and incorporates by reference, the

26 preceding paragraphs as though fully set forth herein.

27        79.    This cause of action is brought pursuant to the California Labor Code §§ 1194, *et*

28 *seq.*,  1197, which provides that employees are entitled to minimum wages and compensation for all

- 14 -

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1    hours worked, which includes training time.

2        80.    At all times relevant herein, Defendants were required to compensate the California

3    Named Plaintiff and members of the California Class for hours worked during initial training

4    sessions, including overtime.

5        81.    Defendants failed to pay the California Named Plaintiff and members of the

6    California Class minimum wage compensation for hours worked during initial training sessions.

7        82.    Defendants' failure to pay the California Named Plaintiff and members of the

8    California Class minimum wages for hours worked during initial training sessions is, and at all times

9    herein mentioned was, in violation of California Labor Code §§ 1194, *et seq*., 1197, and California

10   Industrial Welfare Commission wage order(s).

11       83.    The California Named Plaintiff and members of the California Class are entitled to

12   recover the unpaid balance of the full amount of wages owing, including interest thereon, penalties,

13   reasonable attorneys' fees, and costs of suit.

14       84.    Because Defendants' conduct as described herein was not conducted in good faith,

15   the California Named Plaintiff and members of the California Class are also entitled to an award of

16   liquidated damages pursuant to California labor Code § 1194.2.

17                                    **THIRD CAUSE OF ACTION**

18      **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

19                                **(California Labor Code § 226)**

20                **By the California Named Plaintiff on Behalf of the California Class**

21       85.    The California Named Plaintiff re-alleges, and incorporates by reference, the

22   preceding paragraphs as though fully set forth herein.

23       86.    This cause of action is brought pursuant to California Labor Code § 226 which

24   requires employers to furnish their employees with accurate itemized wage statements at the time of

25   payment of wages showing (1) gross wages earned, (2) total hours worked, (3) the number of piece-

26   rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

27   deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is

28   paid, (7) the name of the employee and only the last four digits of his or her social security number

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1   or an employee identification number other than a social security number, (8) the name and address

2   of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay

3   period and the corresponding number of hours worked at each hourly rate by the employee.

4   California Labor Code § 226(a).

5     87. Because Defendants did not pay any wages for training time, the California Named

6   Plaintiff and members of the California Class were not provided wage statements in violation of

7   California Labor Code § 226.

8     88. Plaintiffs are further informed and believe, and thereon allege, that Defendants did

9   not maintain accurate business records pertaining to the total hours worked for Defendants by the

10   members of the California Class.

11     89. Plaintiffs herein seek, on behalf of themselves and the California Class, penalties

12   pursuant to California Labor Code § 226(e) for each violation by Defendants of California Labor

13   Code § 226(a).

14     90. Plaintiffs further seek all available remedies including, but not limited to, any and all

15   wages due, actual damages, monies, interest, attorneys' fees, costs and preliminary and permanent

16   injunctive relief pursuant to California Labor Code § 226(h).

17   **<u>FOURTH CAUSE OF ACTION</u>**

18   **FAILURE TO PAY WAGES UPON TERMINATION**

19   **(California Labor Code §201-203)**

20   **By the California Named Plaintiff on Behalf of the California Sub Class**

21     91. The California Named Plaintiff re-alleges, and incorporates by reference, the

22   preceding paragraphs as though fully set forth herein.

23     92. Defendants are and were required to pay all unpaid wages in a timely fashion upon

24   termination of their employees' employment.  California Labor Code §§ 201 to 203.

25     93. Because Defendants did not pay any wages for training time, the California Named

26   Plaintiff and members of the California Sub Class were owed unpaid wages pursuant to California

27   Labor Code §§ 201 to 203 at the time of their terminations and, accordingly, are owed waiting time

28   penalties pursuant to California Labor Code § 203.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

94.     Defendants' conduct in violating the California Labor Code was, and is, willful.

95.     Defendants' willful failure to pay minimum wages earned during training sessions upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due and the California Named Plaintiff and members of the California Sub Class are entitled to recover such waiting time penalties.  California Labor Code § 203.

## FIFTH CAUSE OF ACTION

### VIOLATIONS OF THE CALIFORNIA PRIVATE ATTORNEY GENERAL ACT

### (California Labor Code §§ 2698 *et seq.*)

### By the California Named Plaintiff on Behalf of the California Class

96.     The California Named Plaintiff re-alleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

97.     Defendants have violated California Labor Code §§ 201, 202, 203, 204, 226, 226.3, 226.8, 510, 1174, 1194, 1197.

98.     California Labor Code §§ 2699(a) and (g) authorized aggrieved employees, on behalf of themselves and others similarly situated, to bring a civil actions to recover civil penalties pursuant to the procedures specified in California Labor Code § 2699.3.

99.     The California Named Plaintiff, William Woods, has complied with the procedures specified in § 2699.3. By letter postmarked October 11, 2013, the California Named Plaintiff, William Woods, provided written notice to the California Labor & Workforce Development Agency ("LWDA") pursuant to the California Labor Code § 2699 *et seq.*, the Private Attorney General Act ("PAGA") of Defendants' violations of California Code §§ 201, 202, 203, 204, 226, 226.3, 226.8, 510, 1174, 1194, 1197.  More than 33 calendar days of the postmark date of the California Named Plaintiff's written notice to the LWDA have passed. Therefore, pursuant to California Labor Code § 2699.3(2)(A), Plaintiff may commence this action pursuant to California Labor Code § 2699.

100.    Pursuant to California Labor Code § 2699(a), the California Named Plaintiff and members of the California Class and the California Sub Class seek recovery of all applicable civil penalties for Defendants' violation of California Labor Code §§ 201, 202, 203, 204, 226, 226.3, 226.8, 510, 1174, 1194, 1197.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

101. Pursuant to California Labor Code § 2699(f), the California Named Plaintiff and members of the California Class seek recovery of all applicable civil penalties for Defendants' violations of California Labor Code §§ 201, 202, 203, 510, 1194 and 1197 as follows:

    a. One hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and

    b. Two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

102. Pursuant to California Labor Code §§ 210 and 2699(f), the California Named Plaintiff and members of the California Class seek recovery of all applicable civil penalties for Defendants' violations of California Labor Code § 204 as follows:

    a. One hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation;

    b. Two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation; and

    c. Plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation.

103. Pursuant to California Labor Code §§ 226.3 and 2699(f), the California Named Plaintiff and members of the California Class seek recovery of all applicable civil penalties for Defendants' violations of California Labor Code §§ 226 as follows:

    a. Two hundred and fifty dollars ($250.00) for each aggrieved employee per pay period for the initial violation and

    b. One thousand dollars ($1,000.00) for each aggrieved employee per pay period for each subsequent violation.

104. Pursuant to California Labor Code §§ 226.8(b)-(c) and 2699(f), the California Named Plaintiff and members of the California Class seek recovery of all applicable civil penalties for Defendants' violations of California Labor Code §§ 226.8 as follows:

    a. not less than five thousand dollars ($5,000.00) and not more than fifteen thousand dollars ($15,000.00) for each violation in addition to any other

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1    penalties or fines permitted by law and

2        b.    If the Court determines that Defendants have engaged in or are engaging in a

3            pattern or practice of these violations, Defendants shall be subject to a civil

4            penalty of not less than ten thousand dollars ($10,000.00) and not more than

5            twenty-five thousand dollars ($25,000.00) for each violation, in addition to

6            any other penalties or fines permitted by law.

7    105.    Pursuant to California Labor Code §§ 1174.5 and 2699(f), the California Named

8    Plaintiff and members of the California Class seek recovery of all applicable civil penalties for

9    Defendants' violations of California Labor Code §§ 1174 in the amount of five hundred dollars

10    ($500.00).

11    106.    Pursuant to California Labor Code § 2699(g), the California Named Plaintiff, on

12    behalf of himself and the other aggrieved individuals, is entitled to an award of reasonable attorneys'

13    fees and costs in connection with these claims for civil penalties.

14                          **SIXTH CAUSE OF ACTION**

15                    **UNFAIR AND UNLAWFUL BUSINESS PRACTICES**

16              **(California Business and Professions Code §§ 17200, *et seq.*)**

17          **By the California Named Plaintiff on Behalf of the California Class**

18    107.    The California Named Plaintiff re-alleges, and incorporates by reference, the

19    preceding paragraphs as though fully set forth herein.

20    108.    Defendants have engaged, and continue to engage, in unfair and unlawful business

21    practices in California by practicing, employing and utilizing the employment practices outlined

22    above, including but not limited to:

23        a.    Failing to pay the California Named Plaintiff and the California Class all

24            minimum wages and/or overtime earned in violations of California Labor

25            Code §§ 1194 and 1197; and

26        b.    Failing to furnish its employees with accurate itemized wage statements in

27            violation of California Labor Code § 226.

28    109.    Defendants' utilization of such unfair and unlawful business practices constitutes

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1   unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

2   110.   The California Named Plaintiff seeks, on behalf of himself, and on behalf of the

3   California Class and the California general public, full restitution of monies, as necessary and

4   according to proof, to restore any and all monies withheld, acquired and/or converted by the

5   Defendants by means of the unfair practices complained of herein.

6   111.   The California Named Plaintiff seeks, on behalf of himself, and on behalf of the

7   California Class and the California general public, an injunction to prohibit Defendants from

8   continuing to engage in the unfair business practices complained of herein.

9   112.   The acts complained of herein occurred within the last four years preceding the filing

10  of the complaint in this action.

11  113.   The California Named Plaintiff is informed and believes, and based thereon alleges,

12  that at all times herein mentioned, Defendants have engaged in unlawful, deceptive and unfair

13  business practices, as proscribed by California Business and Professions Code §§ 17200 *et seq.*,

14  including those set forth herein above thereby depriving the California Named Plaintiff and members

15  of the California Class of minimum working condition standards and conditions due to them under

16  the California laws and Industrial Welfare Commission wage orders as specifically described

17  therein.

18  **SEVENTH CAUSE OF ACTION**

19  **FAILURE TO PAY MINIMUM WAGES AND/OR OVERTIME**

20  **(Florida Statute § 48.110 and the Florida Constitution, Article X, §24)**

21  **By the Florida Named Plaintiff on Behalf of the Florida Class**

22  114.   The Florida Named Plaintiff re-alleges, and incorporates by reference, the preceding

23  paragraphs as though fully set forth herein.

24  115.   This cause of action is brought pursuant to Florida Minimum Wage Act, Florida

25  Statutes § 448.110, and the Florida Constitution, Article X, §24, which provide that employees are

26  entitled to minimum wages for all hours worked, which includes initial 3-5 day training time.[1]

27  [1]   The Florida minimum wage is interpreted in accordance with the FLSA. F.S.A. § 448.110;
28  F.S.A. Const. Art. 10 § 24.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

116.   On October 10, 2013, Plaintiff, Dominic Seale, notified Defendant pursuant to FS 448.110(6)(a) of his intent to initiate the present action. The notice identified the minimum wage to which Plaintiff and putative class members claim entitlement, including the actual or estimated work dates and hours for which payment is sought, and the estimated applicable wage rates.   The Defendants received Plaintiff's notice via certified mail on October 15, 2013.  No agreement was reached between the parties pursuant to Plaintiff's statutory notice.

117.   At all times relevant herein, Defendants were required to compensate the Florida Named Plaintiff and putative members of the Florida Class for hours worked during initial training sessions.

118.   Defendants failed to pay the Florida Named Plaintiff and members of the Florida Class minimum wage compensation for hours worked during initial training sessions.

119.   Defendants' failure to pay the Florida Named Plaintiff and members of the Florida Class minimum wages and/or overtime for hours worked during initial training sessions is, and at all times herein mentioned was, in violation of the Florida Minimum Wage Act.

120.   Defendants' failure to pay members of the Florida Class minimum wages and/or overtime which they were owed was not in good faith and Defendants did not have reasonable grounds for believing that their failure to pay minimum wages was not a violation of s. 24, Art. X of the Florida Constitution.

121.   The Florida Named Plaintiff, on behalf of himself and all members of the Florida Class, are entitled to recover the full amount of any unpaid back wages unlawfully withheld, plus the same amount as liquidated damages, as well as attorneys' fees and costs and any other relief available under the statutes.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES AND/OR OVERTIME

**(820 Illinois Comp. Stat. §§ 105,** *et seq.***)**

**By the Illinois Named Plaintiff on Behalf of the Illinois Class**

122.   The Illinois Named Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs as though fully set forth herein.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

123.    Defendants are "employers" and the Illinois Named Plaintiff and members of the Illinois Class are or were "employees" under Illinois statute 820 ILCS §§105 *et seq.*

124.    Illinois statute 820 ILCS §§105, *et seq.*, requires employers to pay employees minimum wages for all hours worked, including training hours.

125.    Defendants violated 820 ILCS §§105 *et seq.* by failing to pay the Illinois Named Plaintiff and members of the Illinois Class minimum wage compensation for hours worked, including overtime, during initial training sessions.

126.    As a result of their failure to pay minimum wages, Defendants are liable to the Illinois Named Plaintiff and members of the Illinois Class for unpaid wages, costs, attorneys' fees, damages of two percent of the amount of their unpaid wages for each month following the date of underpayments and such other relief as the court may deem appropriate. 820 Illinois Comp. Stat. § 105/14.  Plaintiffs are also entitled to any other relief available under the statutes.

## NINTH CAUSE OF ACTION

### FAILURE TO PAY WAGES ON TERMINATION

### (820 Illinois Comp. Stat. § 115)

#### By the Illinois Named Plaintiff on Behalf of the Illinois Sub Class

127.    The Illinois Named Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs as though fully set forth herein.

128.    Defendants are "employers" and the Illinois Named Plaintiff and members of the Illinois Class are or were "employees" under Illinois statute 820 ILCS §§105, *et seq.*

129.    Defendants were required to pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.  820 Illinois Comp. Stat. § 115/5.

130.    Because Defendants did not pay any wages for training time, the Illinois Named Plaintiff and members of the Illinois Sub Class were owed unpaid wages at the time that they separated from their employment with Defendants.  820 Illinois Comp. Stat. § 115/2.

131.    Defendants failed to pay the Illinois Named Plaintiff and members of the Illinois Sub Class final compensation at the time of their separation.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

132.    As a result of their failure to pay final compensation at the time of separation, Defendants are liable to the Illinois Named Plaintiff and members of the Illinois Sub Class for unpaid wages, costs, attorneys' fees, damages of two percent of the amount of their unpaid final compensation for each month following the date such payments were due and such other relief as the court may deem appropriate. 820 Illinois Comp. Stat. § 105/14.  Plaintiffs are also entitled to any other relief available under the statutes.

**TENTH CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES AND/OR OVERTIME**

**(Michigan Comp. Laws §§ 408.382, 408.384, 408.393, 408.394)**

**By the Michigan Named Plaintiff on Behalf of the Michigan Class**

133.    The Michigan Named Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs as though fully set forth herein.

134.    Defendants are "employers" and the Michigan Named Plaintiff and members of the Michigan Class are or were "employees" who were "employed" by Defendants during initial training sessions.  Mich. Comp. Law §408.382.

135.    Defendants were required to pay the Michigan Named Plaintiff and members of the Michigan Class at least minimum wages for all hours worked, including training hours.   Mich. Comp. Law § 408.382, 408.384, 408.394.

136.    Defendants failed to pay the Michigan Named Plaintiff and members of the Michigan Class minimum wages for hours worked, including overtime, during initial training sessions.

137.    The Michigan Named Plaintiff, on behalf of himself and all members of the Michigan Class, are entitled to recover the full amount of any unpaid minimum wages, plus the same amount as liquidated damages, as well as attorneys' fees and costs.  Mich. Comp. Law §408.393. Plaintiffs are also entitled to any other relief available under the statutes.

/ / /

/ / /

/ / /

/ / /

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES AND/OR OVERTIME**

**(Minnesota Stat. §§ 177.23, 177.24, 177.27)**

**By the Minnesota Named Plaintiff on Behalf of the Minnesota Class**

138.    The Minnesota Named Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs as though fully set forth herein.

139.    Defendants are employers and the Minnesota Named Plaintiff and members of the Minnesota Class are, or were, employees during initial training sessions.  Minn. Stat. §177.23.

140.    Defendants were required to pay the Minnesota Named Plaintiff and members of the Minnesota Class minimum wages for each hour worked, including training hours.  Minn. Stat. §177.24.

141.    Defendants failed to pay the Minnesota Named Plaintiff and members of the Minnesota Class minimum wages for hours worked, including overtime, during initial training sessions.

142.    The Minnesota Named Plaintiff, on behalf of herself and all members of the Minnesota Class, are entitled to recover the full amount of any unpaid minimum wages, plus the same amount as liquidated damages, as well as other damages and other appropriate relief, including attorneys' fees and costs.  Minn. Stat. §§177.27(8).  Plaintiffs are also entitled to any other relief available under the statutes.

**TWELFTH CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES AND/OR OVERTIME**

**(Missouri Rev. Stat. §§ 290.500 *et seq.*)**

**By the Missouri Named Plaintiff on Behalf of the Missouri Class**

143.    The Missouri Named Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs as though fully set forth herein.

144.    Defendants are employers and the Missouri Named Plaintiff and members of the Missouri Class are, or were, employees during initial training sessions.  Mo. Rev. Stat. §290.500.

145.    Defendants were required to pay the Missouri Named Plaintiff and members of the

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Missouri Class minimum wages for all working hours.  Mo. Rev. Stat. §290.502.

146.    Defendants failed to pay the Missouri Named Plaintiff and members of the Missouri Class minimum wages for hours worked, including overtime, during initial training sessions.

147.    The Missouri Named Plaintiff, on behalf of himself and all members of the Missouri Class, are entitled to recover the full amount of any unpaid minimum wages, plus an equal amount as liquidated damages, as well as attorneys' fees and costs.  Mo. Rev. Stat. §290.527.  Plaintiffs are also entitled to any other relief available under the statutes.

**THIRTEENTH CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES AND/OR OVERTIME**

**(12 New York Comp. Codes R. & Regs. Part 142-2, *et seq.*;**

**N.Y. Lab. Law §§ 2 and 650 *et seq.*)**

**By New York Named Plaintiffs on Behalf of the New York Class**

148.    The New York Named Plaintiffs re-allege, and incorporate by reference, the preceding paragraphs as though fully set forth herein.

149.    Defendants are "employers" and the New York Named Plaintiffs and members of the New York Class are, or were, "employees" who were "employed" by Defendants during initial training sessions.  12 N.Y. Comp. Codes R. & Regs. §142-2.14; N.Y. Lab. Law §2.

150.    At all times relevant herein, Defendants were required to compensate the New York Plaintiffs and members of the New York Class at least at the minimum wage for all hours worked.  12 N.Y. Comp. Codes R. & Regs. §142-2.1; N.Y. Lab. Law §652.

151.    Defendants failed to pay the New York Named Plaintiffs and members of the New York Class minimum wage compensation for hours worked during initial training sessions.

152.    Defendants' failure to pay the New York Named Plaintiffs and members of the New York Class minimum wages for hours worked, including overtime, during initial training sessions violates New York law.  12 N.Y. Comp. Codes R. & Regs. §142-2.1; N.Y. Lab. Law §652.

153.    The New York Named Plaintiffs and members of the New York Class are entitled to recover the unpaid balance of the full amount of wages owing, including interest thereon, as well as reasonable attorneys' fees, and costs of suit.  N.Y. Lab. Law §663.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

154.    Because Defendants did not have a good faith basis to believe that their underpayment of wages was in compliance with the law, the New York Named Plaintiffs and members of the New York Class are additionally entitled to recover liquidated damages equal to one hundred percent of the total of such underpayments found to be due.   N.Y. Lab. Law §663. Plaintiffs are also entitled to any other relief available under the statutes.

## FOURTEENTH CAUSE OF ACTION

### FAILURE TO PAY WAGES UPON TERMINATION

### (New York Labor Law §§191, 198)

### By New York Named Plaintiffs on Behalf of the New York Sub Class

155.    The New York Named Plaintiffs re-allege, and incorporate by reference, the preceding paragraphs as though fully set forth herein.

156.    Defendants were required to pay all unpaid wages not later than the regular pay day for the pay period during which the termination occurred.   N.Y. Lab. Law §191.

157.    Because Defendants did not pay any wages for training time, the New York Named Plaintiffs and members of the New York Sub Class were owed unpaid wages at the time their employment with Defendants terminated.

158.    In addition to the full wages they are owed, the New York Named Plaintiffs and members of the New York Sub Class are entitled recover liquidated damages that accrued during the six years prior to the commencement of this action, attorneys' fees and costs.   N.Y. Lab Law §198(3).  Plaintiffs are also entitled to any other relief available under the statutes.

## FIFTEENTH CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES AND/OR OVERTIME

### (Ohio Rev. Code §§ 4111.02, 4111.14, and the Ohio Constitution, Article II, Section 34a)

### By the Ohio Named Plaintiff on Behalf of the Ohio Class

159.    The Ohio Named Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs as though fully set forth herein.

/ / /

/ / /

**CLASS AND COLLECTIVE ACTION COMPLAINT**

160.    Defendants are "employers" and the Ohio Named Plaintiff and members of the Ohio Class are or were "employees" who were "employed" by Defendants during initial training sessions. Ohio Rev. Code §§ 4111.14.

161.    At all times relevant herein, Defendants were required to compensate the Ohio Named Plaintiff and members of the Ohio at least at the minimum wage for all hours worked.  Ohio Rev. Code §§ 4111.02 and the Ohio Constitution, Article II, Section 34a.

162.    Defendants failed to pay the Ohio Named Plaintiff and members of the Ohio Class minimum wage compensation for hours worked during initial training sessions.

163.    Defendants' failure to pay the Ohio Named Plaintiff and members of the Ohio Class minimum wages for hours worked, including overtime, during initial training sessions is, and at all times herein mentioned was, in violation of Ohio law.  Ohio Rev. Code §§ 4111.02 and the Ohio Constitution, Article II, Section 34a.

164.    The Ohio Named Plaintiff and members of the Ohio Class are entitled to recover damages (calculated as an additional two times the amount of the unpaid wages) as well as costs and attorneys' fees.  Ohio Rev. Code §§ 4111.14 and the Ohio Constitution, Article II, Section 34a.

## SIXTEENTH CAUSE OF ACTION

### FAILURE TO PAY WAGES UPON SEPARATION

### (Ohio Rev. Code § 4113.15)

### By the Ohio Named Plaintiff on Behalf of the Ohio Sub Class

165.    The Ohio Named Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs as though fully set forth herein.

166.    Defendants were required to pay the Ohio Named Plaintiff and members of the Ohio Sub Class all earned wages on the first and fifteenth days of the month, including wages earned during training. Ohio Rev. Code § 4113.15(a).

167.    Because Defendants did not pay any wages for training time, the Ohio Named Plaintiff and members of the Ohio Sub Class were owed unpaid wages at the time that they separated from their employment with Defendants and, as such, their wages remain unpaid for more thirty days beyond the regularly scheduled payday.   Ohio Rev. Code § 4113.15(b).

**CLASS AND COLLECTIVE ACTION COMPLAINT**

168.    The Ohio Named Plaintiff and members of the Ohio Sub Class are entitled to recover the unpaid balance of the full amount of wages owing at the time of their separation as well as liquidated damages in the amount of six percent of the amount of such unpaid wages, whichever is greater.  Ohio Rev. Code § 4113.15(b).

## PRAYER FOR RELIEF REGARDING STATE LAW CLAIMS

WHEREFORE, the Plaintiffs, on behalf of themselves and all members of the state law classes which they seek to represent, pray for relief as follows:

A.    An order that the action be certified as a class action pursuant to Federal Rule of Civil Procedure 23;

B.    An order that the Plaintiffs be appointed class representatives of the state law classes which they seek to represent;

C.    An order that counsel for the Plaintiffs be appointed class counsel for the state law classes;

D.    For all recoveries available under the state laws of California, Florida, Illinois, Michigan, Minnesota, Missouri, New York and Ohio, including those set forth herein as well as declaratory and injunctive relief.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the proposed classes have a right to a jury trial.

DATED:  January 16, 2014                    **MARLIN & SALTZMAN, LLP**
                                            **DIVERSITY LAW GROUP APC**


                                            By:  _/S/  Christina A. Humphrey_____
                                                 Christina A. Humphrey, Esq.
                                                 Attorneys for Plaintiffs

**CLASS AND COLLECTIVE ACTION COMPLAINT**