```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3  Before The Honorable Edward M. Chen, Judge
 4
 5  WOODS, et al.,                )
                                  )
 6          Plaintiffs,           )
                                  )
 7  vs.                           )   No. C 14-0264-EMC
                                  )
 8  VECTOR MARKETING,             )
                                  )
 9          Defendant.            )
    _____)
10
                                      San Francisco, California
11                                    Thursday, May 15, 2014
12     TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
                  RECORDING 9:37 - 9:53 = 16 MINUTES
13
14  APPEARANCES:
15  For Plaintiff:
16                         Marlin & Saltzman
                           29229 Canwood Street
17                         Suite 208
                           Agoura Hilla, California 91301
18                    BY:  CHRISTINA ANN HUMPHREY, ESQ.
                      BY:  STANLEY D. SALTZMAN, ESQ.
19
                           Diversity Law Group
20                         550 South Hope Street
                           Suite 2655
21                         Los Angeles, California 90071
                      BY:  LARRY W. LEE, ESQ.
22
23
24           (APPEARANCES CONTINUED NEXT PAGE.)
25
```

```
                                                             2
 1  APPEARANCES:  (Cont'd.)

 2  For Defendant:
                             MORRISON & FOERSTER, LLP
 3                           425 Market Street
                             San Francisco, California
 4                              94105
                       BY:   KAREN J. KUBIN, ESQ.
 5
                             Phillips Lytle, LLP
 6                           One Canalside
                             125 Main Street
 7                           Buffalo, New York 14203
                       BY:   WILLIAM J. BRENNAN, ESQ.
 8

 9
    Transcribed by:          Echo Reporting, Inc.
10                           Contracted Court Reporter/
                             Transcriber
11                           echoreporting@yahoo.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1 <u>Thursday, May 15, 2014</u>                                    <u>9:37 a.m.</u>

2                        P-R-O-C-E-E-D-I-N-G-S

3                                --oOo--

4            THE CLERK:  Calling case C 14-0264, Woods versus
5 Vector Marketing.
6       Counsel, please come to the podium and state your
7 appearance for the record.
8            MS. HUMPHREY:  Good morning, your Honor.
9 Christina Humphrey of Marlin and Saltzman for Plaintiffs.
10            THE COURT:  All right.  Good morning.
11            MR. SALTZMAN:  Good morning, your Honor.  Stan
12 Saltzman.  Nice to see you.
13            THE COURT:  And you.
14            MR. LEE:  Good morning, your Honor.  Larry Lee for
15 Plaintiff.
16            THE COURT:  Okay.
17            MS. KUBIN:  Good morning, your Honor.  Karen Kubin
18 for the Defendant.
19            THE COURT:  Thank you, Ms. Kubin.
20            MR. BRENNAN:  And Bill Brennan for the Defendant,
21 your Honor.
22            THE COURT:  Deja vu all over again for me, but --
23 so I guess we have another round here.
24       So let me ask -- well, I'll start off again with the
25 ADR question.  I'm hearing that nobody thinks ADR will be

1  fruitful at this stage, and it sounds like the Defendant is
2  indicating -- I don't know if you mean now and forever, or
3  now -- that ADR is not a useful alternative at this point.
4           MS. KUBIN:  The Defendant will not settle this
5  case, your Honor.  We need a ruling on what we believe is
6  the central issue here.  It affects the company's entire way
7  of doing business.  It's at the core of its business model.
8       We believe firmly that these individuals who
9  participate in training before they enter into an
10 independent contractor agreement with the company, are not
11 employees, are not entitled to wages.  We think that's clear
12 under Portland (phonetic) Terminal, and I would respectfully
13 disagree that this is deja vu all over again.  In fact, this
14 is a very different case in the way it's been pleaded, and
15 the important issue presented by Portland Terminal was not
16 -- was not addressed in the last case.
17      We also have had significant developments in the law
18 under Portland Terminal since the Harris case was disposed
19 of.  All of which speaks in favor of our position.
20      So for all of those reasons, we are suggesting getting
21 to the Portland Terminal issue as soon as practicable so we
22 can get that ruling.  And I think to that extent, the
23 Plaintiffs are in agreement with us.
24      I neglected to state my name at the start of that, so I
25 will do it now.  Karen Kubin.

5

THE COURT: Okay. So -- and as I understand it, the Plaintiffs are not adverse to sequencing this in a way so we'd look at the Portland Terminal.

MS. HUMPHREY: No, we're not, your Honor. And, in fact, the parties met and conferred prior to coming in here. Plaintiff's main concern was tolling for the FLSA claims, because we obviously don't want the statute of limitations to keep rolling.

The parties met and conferred and they are in agreement to do a six month tolling. So the question now would be scheduling, as far as the summary judgment motions, and we've discussed doing cross-motions. And in the conference statement, I actually suggested a schedule, but I didn't receive any input regarding the suggested schedule for cross-motions from Defendant yet, so --

THE COURT: Okay. Well let's set that schedule. Now this is going to be in the form cross-motions, right? Is that what you're contemplating, or just the regular motion for summary judgment?

MS. KUBIN: Your Honor, Karen Kubin. We just intended to make a motion for summary judgment. The Plaintiffs suggested cross-motions. I guess I can't -- I can't prevent them from filing their own motion. I think it's not particularly productive, but if there are going to be cross-motions, what I would propose is that the motions

1 be concurrently filed and then each side would have one
2 response concurrently filed, so that we only have two rounds
3 of briefing and not three.  I think that would save a burden
4 on the Court, as well as the parties, and I don't see any
5 reason why that could not be effectively accomplished here.
6          MS. HUMPHREY:  That's what I suggested in the
7 schedule, that they be filed concurrently.
8     We should probably discuss the scope of it.  I'm
9 assuming that this is applicable only to the representative
10 Plaintiffs.
11          THE COURT:  Whatever we do -- I mean this should
12 be representative enough so that we know where we're going.
13 In other words, I don't want to do it for one Plaintiff and
14 you come back later and say, well this Plaintiff has a
15 different --
16          MS. HUMPHREY:  Yes.  I just wanted to clarify,
17 because there was some mention of doing opt ins -- all of
18 the opt ins, so --
19          THE COURT:  I don't know how we're going to do
20 that.
21          MS. HUMPHREY:  Right.
22          MS. KUBIN:  Karen Kubin.  I'm not sure what
23 Counsel is referring to.  I wasn't suggesting a summary
24 judgment motion as to opt in Plaintiffs.  It was only as to
25 the named Plaintiffs, however many there are remaining at

1 that point. We just received word that apparently one may
2 be withdrawing. We did not get initial disclosures from one
3 of the current named Plaintiffs, of which there are ten. Of
4 course there are three other named Plaintiffs who entered
5 into arbitration agreements, and so it well may be that by
6 the time the summary judgment motion is filed, the number of
7 named Plaintiffs will be reduced from ten to six, or perhaps
8 even fewer than that.
9         THE COURT: Right. Well we'll find out soon
10 enough, I guess.
11     Let me go back to the briefing. What you have
12 suggested is sort of a motion opposition and then replies.
13 And I think you were suggesting just two rounds --
14         MS. KUBIN: Karen Kubin. Correct, your Honor.
15         THE COURT: Just the opposition and not reply,
16 because you would have seen the other persons -- so that's
17 what I want to -- I mean there are three ways of doing this.
18 One is do full sets of six briefs going across. The other
19 is two and two. And the other is four, but -- where you
20 combine the opening and then you have the other side's
21 cross, combined with the opposition, and then the reply
22 combined with the opposition and then the reply.
23     So there are several ways of sequencing this, and I
24 don't know -- I assume this is going to largely overlap. So
25 what I don't want to do, I definitely don't want to have six

8

1  briefs -- just crossings.  So it makes sense either to do,
2  you know, concurrent briefs, two rounds, or do the sequence
3  of -- which is sort of four briefs, which requires an
4  extended -- a little more extended briefing schedule.
5       You can do that.  Unless -- why don't we set a date and
6  then the only thing I care is -- whatever the last brief is,
7  I need two weeks.  So -- and that's what it normally is.  So
8  where there's a reply, where there's concurrent oppositions,
9  or whatever you agree on.  If we set, for instance -- in
10 November -- you were suggesting a November 20th date -- that
11 means the last brief would have to be due on the 4th, right
12 -- no, the 6th.  So as long as I get everything by the 6th.
13      I don't know how much -- do you need to do discovery --
14 pre-motion discovery?
15           MS. KUBIN:  Karen Kubin.  Yes, your Honor.  We
16 will need to take the Plaintiff's depositions and I'm going
17 to be proposing dates promptly to Plaintiff's Counsel for
18 that purpose.
19      If we could just agree today on how we're going to
20 sequence the briefing.  I don't think it's -- it should be
21 complicated.
22           THE COURT:  Okay.
23           MS. KUBIN:  Does the Court have a preference?  Has
24 the Court found one way or another most helpful to the
25 Court?

1         THE COURT: I think in my experience the most
2 efficient way is to have one party file their motion, two
3 weeks later the other side files their opposition/cross-
4 motion. Two weeks after that the original party files their
5 reply/opposition, and then a week after that the -- or so
6 their reply -- final reply on the cross-motion. And that
7 requires a -- how many weeks did we figure, Betty? A seven
8 week from hearing to -- from first filing to hearing is
9 seven weeks. That means the brief would have to be filed
10 October 2nd. For instance, that would be the Defendant's
11 motion for summary judgment. October 16th would be the
12 Plaintiff's opposition, and then its cross-motion. And then
13 October 30th would be the Defendant's opposition to the
14 cross.
15         MS. HUMPHREY: You said October 30th?
16         THE COURT: October 30th would be the Defendant's
17 opposition to the cross and its combined with its reply on
18 its original motion.
19     And then November 6th would be the Plaintiff's reply on
20 its cross-motion.
21         MS. HUMPHREY: Sorry, you said November 6th?
22         THE COURT: November 6th would be the Plaintiff's
23 reply on its cross-motion. And that will give me the two
24 weeks I need for the November 20th hearing. Why don't we
25 just do that, and that way you'll -- everybody will have a

chance to see everybody else's -- and yet they'll be in a sequence. Because sometimes when you do it concurrently, then somebody comes back and says, well I didn't know you were going to raise this in yours, and this should cover everything.

MS. HUMPHREY: Okay. And just to clarify, Plaintiffs do need to do some depositions, 30(b)6, request documents, updating training manuals, that sort of stuff.

THE COURT: Yes, I'm going to allow discovery to proceed --

MS. HUMPHREY: Okay.

THE COURT: -- you know, within reasoning. I want you to focus on -- you know we're phasing discovery to really focus on teeing up this motion, so it's not the end all be all that -- that's what I will say, that this is -- discovery, focus on preparation for the motion and cross-motion for summary judgment on the representative, the main Plaintiffs.

MS. KUBIN: Your Honor, Karen Kubin. I would like to raise that in the Court's standing order, it states that there's only one summary judgment motion permitted per side, outside of legal court for additional motions. Given what we're doing here, may I ask now that in the event this first round of summary judgment motions doesn't resolve the case, that we will have the ability to bring a subsequent summary

1 judgment motion in the normal course.

2      THE COURT:  I'm open to that, so long as it's not
3 on the same ground.  I don't want to -- if it's something
4 you could have brought, or I mean that's at issue here, I
5 don't want to hear it twice.  But if you have other issues,
6 given the fact that we've all now agreed to sort of
7 bifurcate this case, I can make an exception to the rule,
8 but I'd have to see what your second motion is.  But I can
9 indicate that so long as it's not going over old ground, and
10 it's something that really is properly reserved for phase
11 two, that's -- I don't have a problem with either party --

12      MS. KUBIN:  Karen Kubin.  Thank you, your Honor.
13 We would not be going over old ground.  It would be -- it
14 would be -- it would present issues separate and apart from
15 the Portland Terminal issue, which is all we'll be focusing
16 on in this first motion.

17      THE COURT:  Okay.  All right, that's fine.
18   Okay, so I guess -- and we'll use the November 20th
19 date as a status conference as well.  Double that up.  All
20 right.

21   Let's see, do I need to address anything else?  We have
22 an August 4th -- Plaintiff's propose August 4th as a
23 deadline to amend the complaint, so if there are going to be
24 amendments, I think August 4th should be the outside date,
25 because I want to make sure the pleadings are set before we

1 launch into summary judgment.
2     Other than that, I guess we'll see you at the motion
3 for summary judgment.
4         MS. HUMPHREY:  Oh, yeah.  Okay, so we actually
5 have currently 40 -- I think it's 41 opt in consent to join
6 forms.  Of course if we reach a tolling agreement, there may
7 not be any reason to file them now, but what I was going to
8 do on the consent to join forms, there's actually address,
9 e-mail, telephone information for these individuals.
10 Normally if it has that information, I would make an
11 administrative motion to file those under seal.  I wanted to
12 know what the Court's thoughts are on doing that, and --
13         THE COURT:  These are notices -- these are
14 consents from prospective opt in --
15         MS. HUMPHREY:  Opt in Plaintiffs to the FLSA.
16         THE COURT:  How many are there, 40 -- did you say
17 40 --
18         MS. HUMPHREY:  Forty-one.
19         THE COURT:  And they are covered by the tolling
20 agreement, right?
21         MS. HUMPHREY:  Well we haven't entered into a
22 tolling agreement, so that's why I was going to go ahead and
23 file them, but if we can agree that they're covered by the
24 tolling, then there's no need to go through the motion of
25 filing them with the Court.

1 THE COURT: Well that's what I would say. If you
2 want to -- if you have to file them, because you can't reach
3 an agreement on tolling, your question is whether they can
4 be filed under seal?
5 MS. HUMPHREY: Yes.
6 THE COURT: And the purpose of filing under seal
7 is?
8 MS. HUMPHREY: It redacts the address, telephone
9 number and e-mail. Of course we'll leave the name and the
10 signature of the opt in person on the form and we can agree
11 to give -- of course give the information to the Defendant.
12 THE COURT: Thoughts on that, Ms. Kubin?
13 MS. KUBIN: Karen Kubin. I have -- I have no
14 problem with redacted consents being filed with the Court so
15 long as I have unredacted copies.
16 THE COURT: Okay. Why don't we do that? Because
17 your concern is the public.
18 MS. HUMPHREY: Yes.
19 THE COURT: File redacted versions. File under
20 seal the full version and serve that on the Defendant.
21 MS. HUMPHREY: Okay.
22 THE COURT: Okay. All right. So see you in
23 November.
24 MS. HUMPHREY: Thank you.
25 MS. KUBIN: Thank you.

1     (Proceedings concluded at 9:53 a.m.)

15

1 CERTIFICATE OF TRANSCRIBER
2
3   I certify that the foregoing is a true and correct
4 transcript, to the best of my ability, of the above pages of
5 the official electronic sound recording provided to me by
6 the U.S. District Court, Northern District of California, of
7 the proceedings taken on the date and time previously stated
8 in the above matter.
9   I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action
11 in which this hearing was taken; and, further, that I am not
12 financially nor otherwise interested in the outcome of the
13 action.
14              *[signature]*
15
16        Echo Reporting, Inc., Transcriber
17           Friday, October 24, 2014
18
19
20
21
22
23
24
25