UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WOODS, *et al.*, | No. C-14-0264 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| VECTOR MARKETING CORPORATION, | |
| Defendant. | **(Docket No. 147)** |

Pending before the Court is a motion for partial summary judgment by Defendant Vector Marketing Corporation ("Vector"). Vector seeks summary judgment as to Plaintiffs' third, fourth, seventh, ninth, and twelfth causes of action.

## I.  FACTUAL & PROCEDURAL BACKGROUND

This is a putative class and collective action lawsuit involving claims for violation of the federal Fair Labor Standards Act as well as violations of certain wage and hour laws in the states where the initial named Plaintiffs reside – California, Florida, Illinois, Michigan, Minnesota, Missouri, New York, and Ohio.[1] This case is related to the case captioned *Harris v. Vector Marketing Corp.* C-No. 08-5198, for which the Court granted final approval of settlement in 2012. Vector is a "direct sales" company that sells cutlery and kitchen accessories manufactured by

---

[1] The Court previously compelled arbitration for the sole named Plaintiffs bringing claims under Ohio and Minnesota law and for one of the three named Plaintiffs bringing claims under New York law. *See* Docket No. 54. Pursuant to the parties' shared preference, the Court dismissed with prejudice the claims of Plaintiffs Atwell, Reinhart, and Wills, thus the claims under Ohio and Minnesota law were dismissed with prejudice at that time. *Id.*

CUTCO Cutlery Corporation.  *See* Docket No. 148, Matheson Decl. ¶ 2.  Plaintiffs participated in an initial training program that Vector required its prospective sales representatives to attend.  *See id.* ¶¶ 2-8; Complaint ¶¶ 27-29.

In general, this action alleges that during Vector's training program Plaintiffs were not "trainees" within the meaning of *Walling v. Portland Terminal Co.,* 330 U.S. 148 (1947) and therefore were entitled to wages as employees under federal and state law.  The Court denied the Parties' cross-motions for summary judgment as to the *Portland Terminal* factors and granted Plaintiffs' motion for conditional certification of a collective action under Section 216(b) of the FLSA.  *See* Docket Nos. 112, 145.

Pursuant to the Parties' proposed schedule (Docket No. 134), which the Court adopted (Docket No. 137), Vector has moved for summary judgment on five of the state law causes of action.  Vector argues that there is no material dispute of fact as to the third, fourth, seventh, ninth, and twelfth causes of action.  These claims arise under California, Florida, Illinois, and Missouri state laws.  For the reasons discussed on the record at the hearing, and as supplemented herein, Vector's motion for partial summary judgment is **GRANTED** in part and **DENIED** in part.

## II.  DISCUSSION

A.  Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)).

Material facts are those "that might affect the outcome of the suit" under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  Summary judgment will not be granted if there is a "genuine" dispute of material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  To show that a reasonable jury could return a verdict for the party bearing the burden of proof, the "mere existence

2

of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Id.* at 252.  In a similar vein, a party cannot rest on "mere allegations" in connection with a motion for summary judgment and must support the assertion that a fact cannot be or is genuinely disputed by citation to particular materials in the record.  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992); *see also* Fed. R. Civ. P. 56(c).

B.  <u>Failure to Provide Wage Statements under Cal. Labor C. § 226 (Third Cause of Action)</u>

Subject to certain exemptions, California Labor Code Section 226(a) requires "every employer" to furnish each employee with timely, accurate, itemized wage statements showing specific identity, wage, rate, pay period, and hour information as enumerated in nine subsections to subdivision (a).  Cal. Lab. C. § 226(a).  Plaintiffs' third cause of action alleges that Vector violated California Labor Code Section 226 by failing to provide timely and accurate itemized wage statements.  Complaint ¶¶ 85-90.  Named Plaintiff Woods seeks penalties under California Labor Code Section 226(e) as well as injunctive relief under Section 226 (h).  *Id.* ¶ 90.

Vector has moved for summary judgment on Plaintiff Woods's third cause of action under California Labor Code Section 226.  The Court **GRANTS** summary judgment as to Plaintiff Woods's claim for injunctive relief under California Labor Code Section 226(h).  It is undisputed that Woods is no longer affiliated in any way with Vector.  Woods has not identified any "real and immediate threat of repeated injury" from Vector's wage statement practices.  *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985-86 (9th Cir. 2007).  Therefore Woods lacks standing to pursue prospective injunctive relief.  *Id.*

The Court also **GRANTS** summary judgment as to Plaintiff Woods's claim for penalties under California Labor Code Section 226(e), because it is undisputed that the claim is time-barred.  Cal. Civ. Proc. § 340(a); *see also* Docket No. 154, Opp. at 3.

C.  <u>"Good Faith Dispute" Defense</u>

Plaintiffs request to substitute a non-time-barred named Plaintiff as to the Section 226(e) claim.  Vector, however, argues that a "good faith dispute" as to whether wages are owed in the first instance prevents a plaintiff from meeting the "knowing and intentional" standard required by

Section 226. Vector also moves for summary judgment based on the "good faith dispute" defense with respect to Woods's Section 203 claim.

California Labor Code Section 203 imposes so-called "waiting time" penalties for failure to timely pay wages upon termination of employment, allowing the employee to continue to accrue wages "from the due date thereof" for up to 30 days "until paid or until an action therefor is commenced." Cal. Lab. Code § 203(a). Penalties are assigned where an employer "*willfully* fails to pay." *Id.* (emphasis added).

A section of the California Code of Regulations interprets "willfulness" under Section 203. The California Code of Regulations provides:

> A willful failure to pay wages within the meaning of Labor Code Section 203 occurs when an employer intentionally fails to pay wages to an employee when those wages are due. However, a good faith dispute that any wages are due will preclude imposition of waiting time penalties under Section 203.
> (a) Good Faith Dispute. A "good faith dispute" that any wages are due occurs when an employer presents a defense, based in law or fact which, if successful, would preclude any recover[y] on the part of the employee. The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist. Defenses presented which, under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of a "good faith dispute."

Cal. Code Regs. tit. 8, § 13520.

The California Code of Regulations memorialized the holding in *Barnhill v. Robert Saunders & Co.,* 125 Cal. App. 3d 1 (1981). *See FEI Enterprises, Inc. v. Kee Man Yoon,* 194 Cal. App. 4th 790, 801-02 (2011). In *Barnhill* there was an unsettled question as to whether the employer's actions – withholding wages as a "set-off" to a debt owed by the employee to the employer – were improper. *Barnhill,* 125 Cal. App. 3d at 8-9. In view of this uncertainty, *Barnhill* concluded that there was no willful violation of Labor Code Section 203. *Id.* Subsequent California cases have held that a good faith dispute as to whether wages were owed (including a good faith belief in a legal defense) precludes an award of waiting time penalties under Section 203. *Nordstrom Comm'n Cases,* 186 Cal. App. 4th 576, 584 (2010) ("There is no willful failure to pay wages [under Section 203] if the employer and employee have a good faith dispute as to whether and when the wages were

4

due."); *see also Armenta v. Osmose, Inc.,* 135 Cal. App. 4th 314, 325 (2005) ("A good faith belief in a legal defense will preclude a finding of willfulness.").

The "good faith dispute" rule has been extended by courts to apply to California Labor Code Section 226 wage statement penalties, even though Section 226 contains a "knowing and intentional" standard rather than the "willfully" standard of Section 203. *See Pedroza v. PetSmart, Inc.,* No. ED CV 11-298 GHK DTB, 2012 WL 9506073, at *5 (C.D. Cal. June 14, 2012) (concluding "[a]lthough [Cal. Code Regs. tit. 8 § 13250] only expressly refers to California Labor Code § 203, the 'good faith dispute' defense also applies with respect to Labor Code § 226(e)" and collecting cases).

A California appeals court has affirmed application of the good faith dispute defense to a Section 226 claim. *Amaral* addressed the issue of the good faith dispute defense and affirmed, on willfulness grounds, not only the trial court's denial of Section 203 penalties, but also the denial of Section 226 penalties sought through California's Private Attorney General Act. *Amaral,* 163 Cal. App. 4th at 1174, 1219 (affirming trial court judgment, which "determined Cintas's violation of the [Living Wage Ordinance] was not willful, [and] declined to impose the higher penalty rates plaintiffs sought," including penalties under Section 226).

In *Harris,* this Court granted summary adjudication in favor of Vector as to Harris's Section 226(e) claim for penalties, because there was no evidence that Vector's conduct was a knowing or willful violation of Section 226(a). *Harris v. Vector Mktg. Corp.,* 656 F. Supp. 2d 1128, 1146 (N.D. Cal. 2009). Other decisions have similarly concluded that "when a party makes a good faith claim that a worker [has been properly classified as exempt], its failure to provide accurate wage statements is not knowing and intentional." *Hurst v. Buczek Enterprises, LLC,* 870 F. Supp. 2d 810, 829 (N.D. Cal. 2012); *see also Dalton v. Lee Publications, Inc.,* No. 08CV1072 BTM NLS, 2011 WL 1045107, at *5 (S.D. Cal. Mar. 22, 2011) (finding that good faith dispute as to whether plaintiffs were independent contractors exempt from Section 226 precludes a finding that defendant acted "with the requisite scienter" of knowing and intentional); *Reber v. AIMCO/Bethesda Holdings, Inc.,* No. SA CV07-0607 DOC RZX, 2008 WL 4384147, at *9 (C.D. Cal. Aug. 25, 2008) (finding that where there is a "good faith dispute" as to whether an alleged employee is exempt from the wage

5

statement law, failure to provide statements is not knowing and intentional within the meaning of Section 226(e)).[2]

The similarity between "knowingly and intentionally" under Section 226 and "willfully" under Section 203 with respect to their incorporation of a good faith dispute defense is consistent with the Labor Code generally for several reasons. First, California courts have defined willful as intentional. "As used in section 203, 'willful' [. . .] means that the employer *intentionally* failed or refused to perform an act which was required to be done." *Barnhill*, 125 Cal. App. 3d at 7 (emphasis added); *see also Amaral,* 163 Cal. App. 4th at 1201 ("The settled meaning of 'willful,' as used in section 203, is that an employer has intentionally failed or refused to perform an act which was required to be done."); *cf. Heritage Residential Care, Inc. v. Div. of Labor Standards Enforcement,* 192 Cal. App. 4th 75, 84 (2011) ("In some Labor Code contexts [including Section 203] willfulness simply denotes an employer's failure to perform a required act.").

---

[2] In 2012, the California Legislature enacted a bill adding three subsections (with their own subparts) to subdivision (e) of Labor Code Section 226. *See* 2012 Cal. Legis. Serv. Ch. 844 (A.B. 1744) (filed with Secretary of State September 30, 2012). In pertinent part, effective January 1, 2013, Section 226(e) was amended to include the following added language:

> For purposes of [subdivision (e)], a "knowing and intentional failure" does not include an isolated and unintentional payroll error due to a clerical or inadvertent mistake. In reviewing for compliance with this section, the factfinder may consider as a relevant factor whether the employer, prior to an alleged violation, has adopted and is in compliance with a set of policies, procedures, and practices that fully comply with this section.

Cal. Lab. Code § 226(e)(3).

*Willner v. Manpower Inc.,* 35 F.Supp.3d 1116 (N.D. Cal. 2014) analyzed the knowing and intentional standard under Section 226. The court in *Willner* weighed subdivision (e)(3)'s specific reference to a "factfinder" and determined that whether a violation is knowing and intentional is generally a factual question. *Willner,* 35 F. Supp. 3d at 1131. *Willner* further held that a "'knowing and intentional' violation requires a showing that the defendant knew that facts existed that brought its actions or omissions within the provisions of section 226(a)." *Id.* The court emphasized the reference in Section 226(e)(3) to excluding "isolated and unintentional" errors and concluded that a knowing and intentional failure must be more than isolated or unintentional. *Id. Willner* held that to show that a violation was "knowing and intentional" a plaintiff need not demonstrate that the defendant "knew that this conduct, if otherwise proven, was unlawful." *Id. Willner,* however, did not address the "good faith dispute" defense. Indeed, *Willner* reviewed the wage statements at issue and specifically found that, on their face, the wage statements did not comply with Section 226. *Id.* at 1128-29; *cf. Rd. Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.,* 102 Cal. App. 4th 765, 782-83 (2002) (affirming trial court's imposition of waiting time penalties, where "the trial court found that [the] error in classification is clear" (quotation omitted)).

Second, the Labor Code itself treats "willful" and "knowing and intentional" violations with similar weight. Violations of Section 203 and 226 both lead to civil penalties. *Compare* Cal. Lab. C. § 226(e)(1) *with* Cal. Lab. Code § 203. Under the Labor Code, a "knowing and intentional" violation of Section 226 as well as a "willful" violation of Section 203 each constitutes a misdemeanor. Cal. Lab. C. §§ 226.6, 216.[3]

Third, the California Supreme Court has linked the two standards. The California Supreme Court determined that Labor Code Section 216, which makes willful failures to pay wages a crime, was constitutional because of the "willfulness" limitation. *Ex parte Trombley,* 31 Cal. 2d 801, 807-08 (1948). In so finding, the California Supreme Court equated "willfulness" under Section 203 to a "knowingly and intentionally" standard. *Id.* The court stated:

> Subdivision(a) [of Section 216], construed together with the Penal Code definition of the word "wilful," makes it a crime for an employer having the ability to pay, *knowingly and intentionally* to refuse to pay wages which he knows are due. The Court placed a similar construction on section 203 of the Labor Code which imposes penalties where an employer "wilfully fails to pay ... wages of an employee who is discharged or who quits." In interpreting that section, it was recognized that a dispute in good faith as to whether any wages were due would be a defense to an action for such penalties.

*Id.* (emphasis added).

Here, this Court has already found that the classification issue raises genuine disputes of material fact. Docket No. 112. In turn, Plaintiffs have pointed to no cognizable evidence (*e.g.,* "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers," *see* Fed. R. Civ. P. 56(c)(1)(A)) that raises a genuine material dispute of fact regarding whether Vector's defenses are "unsupported by any evidence, [. . .] unreasonable, or [. . .] presented in bad faith," so as to "preclude a finding of a 'good faith dispute.'" Cal. Code Regs. tit. 8, § 13520.

---

[3] It would seem ironic if the good faith dispute defense applied to Section 203, which involves failure to timely pay wages, but not to Section 226, which involves inaccurate wage statements. If anything, failure to pay wages would seem to warrant lesser tolerance of defenses than failing to provide accurate wage statements.

While Vector's *Portland Terminal* defense may prove "ultimately unsuccessful," the ultimate failure of that defense would "not preclude a finding that a good faith dispute did exist." Cal. Code Regs. tit. 8, § 13520; *see also Campbell v. PricewaterhouseCoopers, LLP,* 602 F. Supp. 2d 1163, 1185 (E.D. Cal. 2009) (concluding "as a matter of law" that where defendant could have reasonably believed a wage order exempted class members, defendant did not act "willfully" in classifying class members as exempt) (granting *rev'd in part on other grounds,* 642 F.3d 820 (9th Cir. 2011)). The good faith dispute precludes an award of waiting time penalties under Section 203. Cal. Code Regs. tit. 8, § 13520. Similarly Vector's "good faith claim" that a recruit is not an employee means that Vector's "failure to provide accurate wage statements is not knowing and intentional" under Section 226. *Hurst,* 870 F. Supp. 2d at 829; *Amaral,* 163 Cal. App. 4th at 1204, 1219.

The case at bar is distinguishable from *Armenta* and other cases in which there were genuine factual disputes as to the employer's good faith. In *Armenta*, while there was arguably a good faith dispute as to whether minimum wages were owed, the trial evidence tended to show that the employer actually knew that the employees were not being fully compensated – *e.g.,* the employer knew that the employees were being actively and strongly discouraged from reporting nonproductive time. *Id.* at 325-26; *see also Amaral,* 163 Cal. App. 4th at 1202 (distinguishing *Armenta*).

The Court **GRANTS** summary judgment as to the claims for penalties in the third and fourth causes of action. Plaintiffs, as a matter of law, have failed to establish a "knowing and intentional" violation of Section 226 and a "willful" violation of Section 203. Substitution of a named plaintiff with timely claims would not cure this deficiency. Leave to amend the Section 226(e) claim would be futile and is therefore **DENIED.**

D. <u>Failure to Pay Minimum Wages under Florida Minimum Wage Act (Seventh Cause of Action)</u>

Under the Florida Minimum Wage Act ("FMWA"):

> Any person aggrieved by a violation of this section may bring a civil action in a court of competent jurisdiction against an employer violating this section or [for retaliation as provided under the FMWA].

8

> However, prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

Fla. Stat. Ann. § 448.110(6)(a).

Vector alleges that Florida Named Plaintiff Seale's pre-suit notice was defective. In the letter, counsel for Seale informs Vector that:

> Mr. Seale, and all putative members of the Florida Class participated in three to five days of training with Vector within the last two years. The total amount of unpaid wages owed to Mr. Seale, and all members of the Florida Class can be determined by reference to Vector's records of the dates and hours that these individuals participated in training, multiplied by the minimum wage rate in effect in Florida during that time (varying from $7.25 to $7.79 during the years 2011 to 2013).

Docket No. 148-1.

The parties have not cited, and the Court has not located, any Florida state case law interpreting the FMWA notice provision. Federal courts in Florida have looked to other state pre-suit notice requirement in interpreting the FMWA notice provision. *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr. Inc.,* No. 1:08-CV-00008-MP-AK, 2008 WL 5157683, at *9 (N.D. Fla. Dec. 9, 2008) (looking to medical malpractice cases and claims against the state or one of its agencies). Cases have commented that the purpose of the pre-suit notice is "to encourage prompt resolution of wage disputes short of litigation." *Resnick v. Oppenheimer & Co. Inc.,* No. 07-80609-CIV, 2008 WL 113665, at *3 (S.D. Fla. Jan. 8, 2008). Courts have concluded that the pre-suit notice is "an element of the [FMWA] claim that the Plaintiff has the burden of proving." *Curry,* 2008 WL 5157683, at *9; *see also Nichols v. Lab. Corp. of Am.,* No. 2:13-CV-848-FTM-38, 2014 WL 820656, at *3 (M.D. Fla. Mar. 3, 2014) ("Failure to comply with the FMWA's pre-suit notice requirement will result in dismissal of the claim.").

Here, the level of specificity in the pre-suit notice distinguishes this case from others. Vector chiefly relies on a case from a Minnesota district court, *In re RBC Dain Rauscher Overtime Litig.,* 703 F. Supp. 2d 910 (D. Minn. 2010). That notice set forth a four-year time frame and merely stated

9

1  "[t]he amount of unpaid wages and individual class members are otherwise identifiable from the
2  records in the custody of the Company." *Id.* at 960.  In contrast, here Plaintiff Seale provided notice
3  as to both an estimated hourly wage and an estimated range of hours worked by each putative class
4  member.[4]

5  To be sure, Seale could have broken out the alleged minimum wage due with more precision
6  and could have actually performed the math of estimating total unpaid wages for the class.
7  Nonetheless, the Court concludes that such specificity is not required, on pain of dismissal, by the
8  FMWA and does not further the notice requirement's objective of encouraging resolution.  The
9  statute requiring such notice specifically states that a plaintiff may provide "*estimated* work dates
10 and hours."  Fla. Stat. Ann. § 448.110(6)(a) (emphasis added).  Moreover, the Florida Constitution
11 specifically contemplates that minimum wage actions be permitted to proceed as class actions.  Fla.
12 Const. art. X, § 24(e).  The specificity of the notice here appears to be appropriate for a class action
13 under Florida minimum wage law.

14 Seale's letter reasonably provides estimates to give sufficient notice on behalf of the putative
15 members of a Florida class.  The Court **DENIES** Vector's motion for summary judgment as to the
16 seventh cause of action under the FMWA.

17 E.  Failure to Pay Wages on Termination under The Illinois Wage Payment Collection Act
18      (Ninth Cause of Action)

19 The Illinois Wage Payment Collection Act ("IWCPA") defines "wages" as "any
20 compensation owed an employee by an employer *pursuant to an employment contract or agreement*
21 *between the 2 parties . . . .*"  820 Ill. Comp. Stat. Ann. 115/2 (emphasis added).  In other words, the
22 IWCPA requires that certain wages are paid "only to the extent the parties' contract or agreement

---

[4] Other cases are similarly distinguishable. *See Curry,* 2008 WL 5157683, at *10 (finding that under the FMWA, a resignation letter that does not notify the Defendant of the intent to sue, provide an estimate of hours worked or wages due, or make a demand for wages does not satisfy the notice requirement); *Resnick,* 2008 U.S. Dist. LEXIS 1163, at *2 (dismissing a claim brought under both the FMWA and Article X, section 24 of the Florida Constitution where plaintiff conceded that he did not comply with the notification provisions); *Sachs v. Bankers Life & Cas. Co.,* No. 12 C 4156, 2012 U.S. Dist. LEXIS 104555, at *3-4 (N.D. Ill. Jul. 24, 2012) (dismissing with prejudice where Plaintiffs notified Defendant of their intent to file suit, but notice letter did not contain the actual or estimated work dates and hours for which payment is sought).

requires such pay." *Dominguez v. Micro Ctr. Sales Corp.,* No. 11 C 8202, 2012 WL 1719793, at *1 (N.D. Ill. May 15, 2012); *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil,* 784 F.2d 817, 824 (7th Cir. 1986) ("The only thing the [IWCPA] requires is that the employer honor his contract.").

Plaintiff Varughese has failed to establish a genuine dispute of material fact as to whether there was an express or implied agreement to pay wages for the training. The only evidence that Varughese cites to support the existence of an employment contract is a pamphlet that explicitly states that the training is unpaid. Docket No. 154-1. Consequently, the Court concludes Varughese has failed to adduce any evidence of "mutual assent" to an agreement that he be paid wages for training. *Landers-Scelfo v. Corporate Office Sys., Inc.,* 356 Ill. App. 3d 1060, 1067 (2005).

The Court **GRANTS** Vector's motion for summary judgment as to the ninth cause of action under the IWCPA.

F.   <u>Failure to Pay Wages under The Missouri Minimum Wage Act (Twelfth Cause of Action)</u>

The Missouri Minimum Wage Act has a two-year statute of limitations. Mo. Ann. Stat. § 290.527 ("All actions for the collection of any deficiency in wages shall be commenced within two years of the accrual of the cause of action."). It is undisputed that Plaintiff McCaleb's claim is time-barred. Mo. Ann. Stat. § 290.527; Docket No. 149-1 at 59:16-19.[5] The Court **GRANTS** Vector's motion for summary judgment as to the twelfth cause of action under Missouri law, because that claim is untimely.

Plaintiffs seek to substitute a new named plaintiff. The Court recognizes that courts have declined to permit substitution of a named plaintiff where the operative named plaintiff's claims fail for want of standing, as Defendant argues. *See, e.g., Lierboe v. State Farm Mut. Auto. Ins. Co.,* 350 F.3d 1018, 1023 (9th Cir. 2003). But these cases are inapposite where the named plaintiff has standing but brings an untimely claim. A plaintiff that brings a claim barred by the statute of

---

[5] The Court concludes that permitting amendment to allege common law claims for unpaid wages under Missouri law is futile. The two-year statute of limitations for the "payment of unpaid minimum wages," Mo. Ann. Stat. § 516.140; Mo. Ann. Stat. § 290.527, applies absent a colorable argument that another limitations period applies, *e.g.,* if the claim sounds in contract. *Trapp v. O. Lee, LLC,* 918 F. Supp. 2d 911, 914 (E.D. Mo. 2013). As discussed herein, claims sounding in express or implied contract fail for want of showing an agreement to pay wages for training.

limitations does not lack Article III standing. Otherwise, equitable tolling would never be available. *See Palmer v. Stassinos,* 236 F.R.D. 460, 466 n.6 (N.D. Cal. 2006) ("[I]t would be beyond the constitutional power of a federal court to toll a period of limitations based on a claim that failed because the claimant had no power to bring it.").

Absent a defect in standing, substitution of a named plaintiff may be allowed under appropriate circumstances. *See Phillips v. Ford Motor Co.,* 435 F.3d 785, 787 (7th Cir. 2006); *Robichaud v. Speedy PC Software,* No. C 12 04730 LB, 2013 WL 818503, at *8 (N.D. Cal. Mar. 5, 2013); *Field v. Am. Mortgage Exp. Corp.,* No. C-09-5972 EMC, 2011 WL 3354344, at *9 (N.D. Cal. Aug. 2, 2011). Plaintiffs may bring a Rule 15 motion to amend to add a new plaintiff. *See Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 881 (9th Cir. 1999). Plaintiffs' Rule 15 motion, if any, should comply with the Court's local rules, including Civil Local Rule 10-1. As necessary, Plaintiffs may seek leave to bring their Rule 15 motion on an expedited basis or subject to a stipulation to shorten time. Any such motion must be filed by June 15, 2015.

### III.  CONCLUSION

For the foregoing reasons, and as discussed on the record, the Court **GRANTS** in part and **DENIES** in part Vector's motion for partial summary judgment.

The Court **GRANTS** summary judgment as follows:

- Plaintiff Woods's claim for injunctive relief under California Labor Code Section 226(h) fails for lack of standing.
- Plaintiff Woods's claim for penalties under California Labor Code Section 226(e) fails, because it is time barred.
- Plaintiff Woods's fourth cause of action for penalties under California Labor Code Section 203 fails, because a good faith dispute regarding the recruits' classification precludes the requisite finding of willfulness. Substitution of a non-time-barred plaintiff for the Section 226(e) claim would be futile, as this defect applies equally to the "knowing and intentional" standard for wage statement penalties.

- Plaintiff Varughese's claim under the IWCPA fails for lack of a genuine dispute of material fact as to whether there was an express or implied agreement to pay wages for training.
- Plaintiff McCaleb's claim under the Missouri Minimum Wage Act is time-barred. No longer limitations period has been identified that would apply to a common law claim absent a colorable claim sounding in contract. To the extent that Plaintiffs wish to amend to add a new named plaintiff, they may do so through a Rule 15 motion.

The Court **DENIES** Vector's motion for summary judgment as to Plaintiff Seale's FMWA claim, because the pre-suit notice provided reasonable notice of a class claim.

This order disposes of Docket No. 147.

IT IS SO ORDERED.

Dated: May 22, 2015

_____
EDWARD M. CHEN
United States District Judge

13