UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WOODS, *et al.*, | No. C-14-0264 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION TO FILE A FIRST AMENDED COMPLAINT** |
| VECTOR MARKETING CORPORATION, | |
| Defendant. | **(Docket No. 166)** |

  Pending before the Court is Plaintiffs' motion for leave to file a first amended complaint. Docket No. 166. Specifically, Plaintiffs seek leave to substitute a new class representative for their Missouri Minimum Wage Act class after this Court granted summary judgment in favor of Defendant Vector Marketing Corporation that the former Missouri class representative's claims were untimely filed. *See* Docket No. 164 at 11-12.

  Vector opposes amendment on two grounds. First, Vector argues that amendment is futile because the Plaintiffs' proposed class representative is not actually a member of the Missouri Minimum Wage Act class. *See* Docket Nos. 168-69. Specifically, Vector has submitted records which it claims indicate that the proposed representative, Tiffany Carsten, received Vector's training online, and not in person. *See* Docket No. 169 (Matheson Decl.) at ¶¶ 3-5. Online trainees are apparently excluded from the parties' agreed-upon class definition. *See* Docket No. 170 (Kubin Decl.), Ex. 3. Alternatively, Vector argues that Plaintiffs have not shown diligence or good cause to seek leave to amend at this time. The Court disagrees with both assertions.

1    Vector's first argument is clearly without merit. Plaintiffs' proposed amended complaint alleges that Ms. Carsten attended "some or all of the 3-5 day initial training session conducted by Defendants in Missouri in or around September 2012." Docket No. 166-1 (Proposed Amended Complaint) at ¶ 17. Further, Ms. Carsten filed a declaration averring, under penalty of perjury, that she attended in person training and thus is a class member. Docket No. 166-3 (Cartsen Decl.) at ¶¶ 5-7. Indeed, Plaintiffs' counsel claim that they reached out to Ms. Carsten to represent the Missouri class because *Vector* identified her as a potential class member--something Vector now claims stemmed from an "administrative oversight" on its part. Matheson Decl. at ¶ 6. Put simply, Plaintiffs believe, and more importantly allege as a fact entitled to the presumption of truth at this stage of the litigation, that Carsten is a class member.

Vector claims in response that "Carsten's sworn declaration is chock full of lies and obfuscations regarding the very subject matter of this lawsuit." Docket No. 168 at 7. The Court rejects this contention. Notably, Vector's evidence does not support the rather extreme rhetoric employed in its brief. The relevant declaration submitted by Vector simply states that Carsten attended training online, and that it would be "*inconsistent*" with Vector's "expectations" for such a trainee to have also attended training in person. Matheson Decl. at ¶ 5 (emphasis added). Put simply, Vector's declarant does not directly contradict Carsten's assertion that she actually attended Vector's in person training in Missouri.[1] Of course, discovery may show that Vector's suspicions are correct. If that turns out to be the case, the Court will address such arguments at an appropriate time. It is premature, however, to conclude now that Plaintiffs cannot amend their complaint to add Carsten as a class representative because Vector *may* be able to prove that Carsten is not a class member. Vector has not shown that amendment would be futile in this case.

---

[1] Even if the declaration did contain a direct contradiction, the Court would still overrule Vector's objection. When determining whether leave to amend should be granted, the Court reviews the proposed amended complaint under the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6) (*i.e.*, in the light most favorable to the party seeking leave, and accepting the truth of the allegations stated in the proposed amended complaint). *See Berry v. UCSF*, No. 09-cv-0499-EMC, 2009 WL 5092027, at *1 (N.D. Cal. Dec. 17, 2009) (citations omitted).

Nor has Vector demonstrated that Plaintiffs unduly delayed in seeking amendment, or that Plaintiffs cannot show good cause to seek leave to amend. Plaintiffs sought leave to substitute a new named plaintiff shortly after this Court dismissed the former representative on statutes of limitations grounds. More importantly, Vector cannot show (and does not even argue) prejudice. Plaintiff's motion for leave to file a first amended complaint is **GRANTED**. The hearing on this motion set for June 11, 2015 is hereby **VACATED**. Plaintiffs shall file the first amended complaint within four (4) days of the date of this Order.

This order disposes of Docket No. 147.

IT IS SO ORDERED.

Dated: June 5, 2015

_____
EDWARD M. CHEN
United States District Judge

3