UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WOODS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VECTOR MARKETING CORPORATION,<br><br>Defendant. | Case No. 14-cv-00264-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**<br><br>Docket No. 255 |

The Court has reviewed Plaintiffs' motion for preliminary approval, and hereby orders the parties to provide a joint supplemental brief regarding the following issues. The supplemental briefing shall be filed no later than **May 20, 2016**.

1. Attorney's Fees

Plaintiffs' counsel intends to seek an award of one-third (33⅓%) of the Gross Settlement Fund ($2,247,750.00) as the Fee Award, plus reimbursement of reasonable and actual expenses, not to exceed $181,000, as the Expense Award. *See* Docket No. 255-1 (Humphrey Dec.) at ¶ 14.E. Plaintiffs should provide specific, non-conclusory information as to why a departure from the 25% benchmark is appropriate (*e.g.*, how the issues in this case were particularly difficult, complex, or novel, particularly given *Harris v. Vector Marketing Corp.*). *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48 (9th Cir. 2012).

Further, to assess the fee request, even for purposes of preliminary approval only, the Court is in need of information as to the lodestar claimed -- *i.e.*, the number of hours incurred in the case and the hourly rates claimed. Plaintiffs' attorneys shall file with this Court, *ex parte* and under seal, one (1) declaration that states the total number of hours worked on this litigation, and which breaks the number of hours down by task (*e.g.*, "Initial Case Investigation," "Settlement

Negotiations and Mediation," etc.). Counsel shall attach their actual time records to the declaration. The declaration and associated records shall be filed with the Court no later than **May 20, 2016**. The parties should also ensure that the fee motion is filed and available on the Class Administrator's website at least twenty-one (21) days before objections to the proposed settlement are due.

### 2. Released Claims

The parties should clarify whether individuals who are members of the state law classes, but not the FLSA collective action, are bound by the Settlement's release of FLSA claims. *See Tijero v. Aaron Bros., Inc.*, No. C 10-01089 SBA, 2013 WL 60464, at *8 (N.D. Cal. Jan. 2, 2013) ("it is contrary to § 216(b) to bind class members to a release of FLSA claims where, as here, the members have not affirmatively elected to participate in the lawsuit by filing a written consent form"); *La Parne v. Monex Deposit Co.*, No. SACV 08-0302 DOC (MLGx), 2010 WL 4916606, at *3 (C.D. Cal. Nov. 29, 2010) (agreeing with the courts which "have determined that it would be contrary to the [FLSA] to bind class members who do not affirmatively elect, through opt-in procedures, to participate in the FLSA suit," and that "[t]herefore, only class members who affirmatively 'opt-in' to the Settlement should be bound by the Settlement's release of FLSA liability"); *Kakani v. Oracle Corp.*, No. C 06-06493 WHA, 2007 WL 1793774, at *7 (N.D. Cal. June 19, 2007) (finding that "[t]he settlement agreement would violate the [FLSA] because it "is unconscionable to try to take away the FLSA rights of *all* workers, whether or not they choose to join in affirmatively").

The parties should discuss what effect the settlement will have on an individual's ability to bring a representative action under California's Private Attorney General Act (PAGA), Cal. Lab. Code § 2698 *et seq.*, which is a claim that is on behalf of the state rather than the individual.

### 3. Maximum Value of Case

Plaintiffs emphasize in their motion that the settlement value is a significant amount when compared to the potential recovery of the case. However, Plaintiffs provide only an estimate of the minimum wage claim. The parties must provide an estimated value of claims other than the minimum wage claim, *i.e.*, PAGA penalties, and failure to pay wages upon termination for the

2

1  New York Subclass.

2      4.    <u>Reversionary</u>

3  The Settlement Agreement provides that all checks tendered to participating class members
4  will remain valid for 180 days, after which it is automatically canceled if not cashed by the class
5  member.  The class member's claim to any settlement award is then deemed "null and void,"
6  although the class member is still bound by the settlement.  The parties should provide an estimate
7  of what proportion of settlement checks they expect will be uncashed, and will therefore revert
8  back to Defendants.  The parties should also explain whether following the 180-day period,
9  additional follow-up by the Settlement Administrator and further time to negotiate the check may
10 be warranted rather than automatically voiding a class member's claim.

11     5.    <u>Responses to Objections from Class Members</u>

12 If the parties have any responses to objections from class members, the parties should file
13 their responses fourteen (14) days before the final approval hearing.

14     6.    <u>CAFA Notice</u>

15 The parties should address when CAFA notice was given.  *See* 28 U.S.C. § 1715(b).

16     7.    <u>Class Notice (Exhibit A of Settlement Agreement)</u>

17         a.    <u>Terms of the Settlement</u>

18 On the first page of the notice, there should be a short statement regarding the expected
19 average recovery per class member.  It must be bolded.

20         b.    <u>Class Definitions (Pages 2-3)</u>

21 The California State Law Class excludes individuals who "(c) signed Defendant's Sales
22 Representative Agreement containing the arbitration and class action waiver which the Court in
23 this Case ruled was enforceable, in its Order filed in the Action on August 29, 2014 (the
24 'Arbitration Agreement')".  Docket No. 255-4 (Class Notice) at 2.  This should be corrected to
25 August **28**, 2014, the date of the Court's order granting Vector's motion to compel arbitration.  *See*
26 Docket No. 54.

27         c.    <u>What is This Settlement About (Page 4)</u>

28 The parties must remove the sentence in that states, "Therefore, Plaintiffs' Counsel

3

1  believes that the Settlement is fair, reasonable and adequate for the Class Members."

2            d.     Opt-Out (Page 5)

3  In order for a class member to opt-out from the Settlement, they are required to submit a

4  written, signed Request for Exclusion that contains the name of the Action, identifying

5  information, the words "Request for Exclusion" at the top of the document, and the following

6  statement:

> "I wish to be excluded from the Settlement of this case, *William Woods v. Vector Marketing Corp.* (Case No. 14-CV-00264-EMC). I understand that by requesting to be excluded from the Settlement, I will receive no money from the Settlement and I may bring a separate action. I understand that in any separate action, I may receive nothing or less than I would have received if I had not asked to be excluded from the Settlement. I understand that I should consult with an attorney, at my own expense, regarding the applicable statute of limitation."

Class Notice at 5. The parties should address why such a lengthy statement is required to exclude oneself from the action, and/or whether it would be more efficient to provide a pre-printed document with the above statement that class members could fill out, sign, and mail to the Settlement Administrator.

In addition, the Settlement Agreement provides that the Request for Exclusion must be personally signed by the Class Member, such that a Request for Exclusion cannot be submitted by an agent or attorney acting on behalf of the Class Member. Settlement Agreement at ¶ 4.3.2. However, the Notice does not state that the Request for Exclusion must be personally signed by the Class Member. *See* Class Notice at 5. The Class Notice must clearly state this requirement.

///
///
///
///
///
///
///

   e. <u>Contact Information for the Claims Administrator (Page 7)</u>

The parties should provide additional contact information for the Claims Administrator, *e.g.*, a mailing address, an e-mail address, and a fax number.

**IT IS SO ORDERED**.

Dated: May 9, 2016

_____
EDWARD M. CHEN
United States District Judge