1   **MARLIN & SALTZMAN, LLP**
    Stanley D. Saltzman, Esq.  (SBN 090058)
2   29229 Canwood Street, Suite 208
    Agoura Hills, California   91301
3   Telephone:      (818) 991-8080
    Facsimile:       (818) 991-8081
4   ssaltzman@marlinsaltzman.com

5   **DIVERSITY LAW GROUP, A Professional Corporation**
    Larry W. Lee, Esq. (SBN 228175)
6   550 S. Hope St., Suite 2655
    Los Angeles, California 90071
7   Telephone:      (213) 488-6555
    Facsimile:       (213) 488-6554
8   lwlee@diversitylaw.com

9   Attorneys for Plaintiffs

10                  **UNITED STATES DISTRICT COURT**

11                  **NORTHERN DISTRICT OF CALIFORNIA**

12

13  WILLIAM WOODS (CA),  DOMINIC SEALE          | **CASE NO. 14-CV-00264-EMC**
    (FL), WESLEY VARUGHESE (IL), ERIC            | **(Hon. Edward M. Chen)**
14  ESSLER (MI), KRISTINA WILLS (MN),
    CASEY MCCALEB (MO), SAMUEL
15  BARONE-CROWELL (NY), LOWELL                  | **CLASS ACTION**
    HARVARD JR. (NY), ALTWELL WINFIELD
16  (NY), TIFFANY REINHART (OH), individually    | **THIRD REVISED [PROPOSED] ORDER**
    and on behalf of all other similarly situated | **GRANTING PLAINTIFF'S MOTION FOR**
17  individuals,                                  | **PRELIMINARY APPROVAL OF CLASS**
                                                  | **AND COLLECTIVE ACTION**
18                                                | **SETTLEMENT**

19                  Plaintiffs,                   | DATE:      June 2, 2016
    v.                                            | TIME:      1:30 p.m.
20                                                | CTRM:      5
    VECTOR MARKETING CORPORATION and
21  DOES 1 through 20, inclusive,                 | Complaint Filed:  January 16, 2014

22                  Defendants.

23

24

25

26

27

28
                                    - 1 -

On June 2, 2016, the Court heard Plaintiffs' unopposed Motion for Preliminary Approval of Class and Collective Action Settlement.  The Court has considered the Memorandum of Points and Authorities in Support of Preliminary Approval and the Notice of Settlement of Class and Collective Action and attached exhibits and hereby finds and orders as follows:

The Court finds on a preliminary basis that the Settlement Agreement, filed with the Court as Exhibit 1 to the Declaration of Christina A. Humphrey, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.  For ease of reference, the Settlement Agreement previously attached as Exhibit 1 to the Declaration of Christina A. Humphrey is now attached hereto as Exhibit 1.

On September 4, 2015, this Court granted the Plaintiffs' motion for certification of the state law claims asserted in the action.  (Doc No.  228).  On September 24, 2015, this Court approved the class definitions (Doc No. 232) pursuant to Rule 23.  On March 16, 2015, this Court conditionally certified the collective action.  Doc. 145.  Ultimately, 4,467 individuals submitted Consent to Join forms by the cutoff date of September 4, 2015.  Those individuals constitute the FLSA Class.

The Class and Collective Action Definitions, modified for settlement purposes are set forth below:

**1.      California (William Woods)**

All individuals, who, since January 16, 2010, through the Preliminary Approval Date, either (a) attended all three days of Vector's initial training program in California, or (b) attended some portion of Vector's training program in California and provided a list of individuals they thought might be interested in becoming sales representatives for Vector during training.

Excluded from the California class are those individuals who either: (a) completed their initial training entirely online; or (b) who did not opt out of the case captioned:  Harris v. Vector Marketing Corp., Civil Action Number 08-5198, before the United States District Court for the Northern District of California; or (c) signed the Arbitration Agreement (as defined in Section 2.4 of the Settlement Agreement).

/ / /

**THIRD Revised [Proposed] Order Granting Plaintiffs' Motion for Preliminary Approval of Class And Collective Action Settlement**
**Case No. 14-CV-00264-EMC**

**2. Florida (Dominic Seale)**

All individuals, who, since January 16, 2012, through the Preliminary Approval Date, either (a) attended all three days of Vector's initial training program in Florida, or (b) attended some portion of Vector's training program in Florida and provided during training a list of individuals they thought might be interested in becoming sales representatives for Vector.

Excluded from the Florida class are those individuals who completed their entire initial training online or who signed the Arbitration Agreement (as defined in Section 2.4 of the Settlement Agreement).

**3. Illinois (Wesley Varughese)**

All individuals, who, since January 16, 2011, through the Preliminary Approval Date, either (a) attended all three days of Vector's initial training program in Illinois, or (b) attended some portion of Vector's training program in Illinois and provided during training a list of individuals they thought might be interested in becoming sales representatives for Vector.

Excluded from the Illinois class are those individuals who completed their entire initial training online or who signed the Arbitration Agreement (as defined in Section 2.4 of the Settlement Agreement).

**4. Michigan (Eric Essler)**

All individuals, who, since January 16, 2011, through the Preliminary Approval Date, either (a) attended all three days of Vector's initial training program in Michigan, or (b) attended some portion of Vector's training program in Michigan and provided during training a list of individuals they thought might be interested in becoming sales representatives for Vector.

Excluded from the Michigan class are those individuals who completed their entire initial training online or who signed the Arbitration Agreement (as defined in Section 2.4 of the Settlement Agreement).

**5. New York (Samuel Barone Crowell)**

All individuals, who, since January 16, 2008, through the Preliminary Approval Date, either (a) attended all three days of Vector's initial training program in New York, or (b) attended some

1 portion of Vector's training program in New York and provided during training a list of individuals
2 they thought might be interested in becoming sales representatives for Vector.

3     Excluded from the New York class are those individuals who completed their entire initial
4 training online or who signed the Arbitration Agreement (as defined in Section 2.4 of the
5 Settlement Agreement).

6     **6.**    **FLSA Collective Class (William Woods, Dominic Seale,**
7     **Wesley Varughese, Eric Essler)**

8     All individuals in the United States who, since September 22, 2011, through September 4,
9 2015, either (a) attended all three days of Vector's initial training program, or (b) attended some
10 portion of Vector's initial training program and provided a list of personal recruits during training,
11 and (c) timely submitted a consent to join form.

12     Excluded are those individuals who completed their entire training online or who signed the
13 Arbitration Agreement (as defined in Section 2.4 of the Settlement Agreement).

14     The Court previously appointed Christina A. Humphrey and Stanley D. Saltzman of Marlin
15 & Saltzman LLP and Larry W. Lee of Diversity Law Group, as Class and Collective Action Counsel
16 for all purposes in the case.  Simpluris, Inc. is appointed as Settlement Administrator.

17     The Class Notice attached as Exhibit A to the Settlement Agreement (which is Exhibit 1 to
18 the Declaration of Christina A. Humphrey in Support of Plaintiffs' Motion for Preliminary
19 Approval), and as revised by the Parties consistent with the Court's instructions at the hearing on
20 preliminary approval held on June 2, 2016, is approved as lodged on June 20, 2016. The Revised
21 Notice lodged on June 20, 2016, is attached hereto as Exhibit 2. The Court also approves the
22 documents additionally lodged on June 20, 2016, those being the endorsement language for the back
23 of the check to be mailed to Settlement Class Members (attached hereto as Exhibit 3), and the
24 language on the transmittal document for the settlement checks (attached hereto as Exhibit 4), also to
25 be mailed to all Settlement Class Members.  The Settlement Administrator is ordered to mail the
26 Notice to the Class members as provided in the Settlement Agreement.  The Court finds that this
27 notice is the best notice practicable under the circumstances and is in compliance with the

28

requirements of Fed. R. Civ. P. 23 and applicable standards of due process.

Each Class Member will have forty-five (45) days after the date on which the Settlement Administrator mails the Class Notice to object to the Settlement by filing with the Court, by the forty-five (45) day deadline, a written objection to the Settlement.

Each Class Member who wishes to be excluded from the Settlement shall submit a timely Request for Exclusion to the Settlement Administrator, at the address set forth in the Notice of Settlement, postmarked no later than 45 days from the date the notice is first mailed.

The Court hereby establishes the following briefing and hearing date schedule, following this Order granting Preliminary Approval of the Settlement:

(a)     July 14, 2016 – Defendant will produce the class list and data to the TPA (10 business days after preliminary approval order);

(b)     July 28, 2016 – The TPA will mail notice to class members (within 10 business days after receiving the list);

(c)     August 26, 2016 – Plaintiffs will file their motion for approval of fees, costs and enhancements (seventeen days prior to the deadline for exclusions/objections, exceeding the *Mercury Interactive* requirement);

(d)     September 1, 2016 - Plaintiffs will file their motion for final approval (thirty five days prior to the final approval hearing);

(e)     September 12, 2016 – Deadline to Request Exclusion from the Settlement or Object to Settlement;

(f)     September 22, 2016 - Last day for TPA to notify parties of the number of Requests for Exclusions;

(g)     September 22, 2016 – Plaintiffs will file any supplemental papers/declarations as to any updated exclusion and objection submissions as of the close of the Notice period (fourteen days prior to the final approval hearing);

(h)     October 6, 2016 – hearing date for Final Approval Hearing.

/ / /

**THIRD Revised [Proposed] Order Granting Plaintiffs' Motion for Preliminary Approval of Class And Collective Action Settlement
Case No. 14-CV-00264-EMC**

If the Settlement Agreement is not finally approved by the Court or for any reason is terminated or otherwise does not become effective, the following will occur:  (1) this Preliminary Approval Order, and all of its provisions, will be automatically vacated; (2) the case will proceed as if no settlement has been attempted and notice will be provided to the putative class members that the settlement will not proceed and that, as a result, no payments will be made; (3) no party shall be deemed to have waived any claims, objections, rights, or defenses, or legal arguments or positions, including, but not limited to, objections to class certification and claims and defenses on the merits; (4) no term or draft of the Settlement Agreement, or any aspect of the Parties' settlement discussions, including related documentation, will have any effect or be admissible into evidence for any purpose in the case or in any other proceeding; and (5) the Defendants shall have no obligation to pay all or any part of the settlement.

During the Court's consideration of the settlement and pending further order of the Court, all proceedings in this case, other than proceedings necessary to carry out the terms and provisions of the Settlement Agreement, or as otherwise directed by the Court, are hereby stayed and suspended.

DATED: _____     October 30, 2016     _____



Hon. Edward M. Chen
United

IT IS SO ORDERED
Judge Edward M. Chen

**THIRD Revised [Proposed] Order Granting Plaintiffs' Motion for Preliminary Approval of Class And Collective Action Settlement**
**Case No. 14-CV-00264-EMC**

# EXHIBIT 1

### to

## Third Revised Proposed Order Granting
## Preliminary Approval of Class Action Settlement

# EXHIBIT 1

### to

## Third Revised Proposed Order Granting
## Preliminary Approval of Class Action Settlement

# EXHIBIT 1

## SETTLEMENT AGREEMENT -

## (Exhibit 1 to Humphrey Declaration)

**EXHIBIT 1**
**SIGNATURE PAGES**
**TO**
**SETTLEMENT AGREEMENT -**
**(Exhibit 1 to Humphrey Declaration)**

1
STANLEY D. SALTZMAN (SBN 090058)
ssaltzman@marlinsaltzman.com
2
CHRISTINA HUMPHREY (SBN 226326)
chumphrey@marlinsaltzman.com
3
LESLIE H. JOYNER, ESQ. (SBN 2627050
ljoyner@marlinsaltzman.com
4
MARLIN & SALTZMAN, LLP
29229 Canwood Street, Suite 208
5
Agoura Hills, California 91301
Telephone: (818) 991-8080
6
Facsimile: (818) 991-8081
7
DANIEL H. CHANG, ESQ. (SBN 183803)
dchang@diversitylaw.com
8
LARRY W. LEE, ESQ. (SBN 228175)
lwlee@diversitylaw.com
9
DIVERSITY LAW GROUP, A
PROFESSIONAL CORPORATION
10
550 S. Hope Street, Suite 2655
Los Angeles, California 90071
11
Telephone: (213) 488-6555
Facsimile: (213) 488-6554
12
Attorneys for Plaintiffs
13

KAREN J. KUBIN (CA SBN 71560)
KKubin@mofo.com
LLOYD W. AUBRY, JR. (CA SBN 65089)
LAubry@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

WILLIAM J. BRENNAN (PRO HAC VICE)
wbrennan@phillipslytle.com
JAMES R. GRASSO (PRO HAC VICE)
jgrasso@phillipslytle.com
KENNETH A. MANNING (PRO HAC VICE)
kmanning@phillipslytle.com
JOANNA J. CHEN (PRO HAC VICE)
jchen@phillipslytle.com
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, New York 14203-2887
Telephone: 716.847.8400
Facsimile: 716.852.6100

Attorneys for Defendant

14
UNITED STATES DISTRICT COURT
15
NORTHERN DISTRICT OF CALIFORNIA
16

17 | WILLIAM WOODS (CA), DOMINIC SEALE (FL), WESLEY VARUGHESE (IL), ERIC ESSLER (MI), KRISTINA WILLS (MN), CASEY MCCALEB (MO), SAMUEL BARONE-CROWELL (NY), LOWELL HARVARD JR. (NY), ALTWELL WINFIELD (NY), TIFFANY REINHART (OH), individually and on behalf of all other similarly situated individuals,

Plaintiffs,

v.

VECTOR MARKETING CORPORATION and DOES 1 through 20, inclusive,

Defendants.

Case No.   14-CV-00264-EMC

**STIPULATION OF
SETTLEMENT AND RELEASE**

27
        This Stipulation of Settlement and Release ("Agreement") is entered into by and between
28
plaintiffs William Woods (CA), Dominic Seale (FL), Wesley Varughese (IL), Eric Essler (MI)

1   and Samuel Barone-Crowell (NY) (collectively, "Named Plaintiffs"), individually and on behalf

2   of the Class Members defined below (collectively with Named Plaintiffs, "Plaintiffs"), and

3   defendant Vector Marketing Corporation ("Defendant"), subject to the approval of the Court.

4   Named Plaintiffs and Defendant collectively are referred to herein as the "Parties."

5   **1.    RECITALS**

6          1.1    On January 16, 2014, plaintiffs Woods, Seale, Varughese, Essler and Barone-

7   Crowell, together with plaintiffs Kristina Wills (MN), Casey McCaleb (MO), Lowell Harvard Jr.

8   (NY), Winfield Atwell (NY) and Tiffany Reinhart (OH), filed a putative class and collective

9   action complaint against Defendant in the United States District Court, Northern District of

10  California, entitled *William Woods et al. v. Vector Marketing Corporation, et al.*, Case No. 3:14-

11  cv-00264-JCS (the "Action"), alleging that Defendant failed to pay them, and all others similarly

12  situated nationwide, wages for the initial three to five days of initial training Defendant provided

13  them, in violation of the Fair Labor Standards Act ("FLSA") and the laws of the states of

14  California, Florida, Illinois, Michigan, Minnesota, Missouri, New York and Ohio.

15         1.2    By order filed March 3, 2014, the Action was transferred to the Honorable

16  Edward M. Chen and renumbered Case No. 14-cv-00264-EMC.

17         1.3    On March 13, 2014, Defendant filed its Answer to the Complaint, denying the

18  allegations set forth in the Complaint and alleging a number of affirmative defenses.  On April 2,

19  2014, Defendant filed an Amended Answer to the Complaint which alleged additional affirmative

20  defenses.

21         1.4    On July 10, 2014, Defendant filed a motion to compel arbitration of the individual

22  claims of plaintiffs Winfield Atwell, Tiffany Reinhart and Kristina Wills and to dismiss their

23  individual and class claims, on the ground that the arbitration provision and class action waiver

24  contained in Defendant's sales representative agreement was valid and enforceable.  The Court

25  granted the motion on August 29, 2014, dismissed with prejudice those plaintiffs' individual and

26  class claims contained in the First, Eleventh, Thirteenth, Fourteenth, Fifteenth and Sixteenth

27  Causes of Action, and dismissed without prejudice the Ohio and Minnesota class claims

28  contained in the Eleventh, Fifteenth and Sixteenth Causes of Action.

1.5   On October 2, 2014, Defendant filed a motion for summary judgment on the ground that plaintiffs were not employees of Defendant as a matter of law and therefore no wages were due them. On October 16, 2014, certain of the plaintiffs filed a motion for partial summary judgment as to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, Twelfth and Thirteenth Causes of Action alleged in the Complaint on the ground that they were employees of Defendant as a matter of law. On November 20, 2014, the Court denied both motions.

1.6   On January 22, 2015, plaintiffs Woods, Seale, Varughese, Essler and Barone-Crowell filed a motion for conditional collective action certification and notice pursuant to 29 U.S.C. § 216(b), which the Court granted on March 16, 2015.

1.7   On March 26, 2015, Defendant filed a motion for partial summary judgment as to the Third, Fourth, Seventh, Ninth and Twelfth Causes of Action alleged in the Complaint. On May 22, 2015, the Court granted the motion as to the Third, Fourth, Ninth and Twelfth (thus eliminating the only claim alleged by plaintiff McCaleb individually and on behalf of a class under Missouri law) Causes of Action, and denied the motion as to the Seventh Cause of Action.

1.8   On June 11, 2015, Defendant filed a motion for partial decertification of the FLSA collective action and plaintiffs Woods, Seale, Varughese, Essler and Barone-Crowell filed a motion for certification of five state law classes and one subclass pursuant to FRCP 23. On September 4, 2015, the Court denied Defendant's motion for partial decertification, granted final certification of the collective action, and granted certification of the state law classes and subclass, subject to several modifications which were subsequently approved on September 24, 2015.

1.9   On July 7, 2015, the Court dismissed the Fifth Cause of Action alleged in the Complaint with prejudice, pursuant to stipulation of the Parties.

1.10   Plaintiff Lowell Harvard Jr. has not participated in any way in the prosecution of the Action, and the Parties agree that he should be dismissed from the Action with prejudice.

1.11   The Parties have investigated the facts and analyzed the relevant legal issues with regard to the claims and defenses in the Action. Based on this investigation and analysis, Named Plaintiffs believe the Action has merit, while Defendant believes the Action has no merit.

1.12    The Parties have each looked at the uncertainties of continued litigation and the benefits to be obtained under the proposed settlement, and have considered the costs, risks and delays associated with the continued prosecution of this Action and the likely appeals of any rulings in favor of either Plaintiffs or Defendant.

1.13    The Parties, through their counsel, have engaged in arm's-length negotiations concerning a resolution of the Action, including participating in a mediation on November 5, 2015 with mediator Michael Dickstein, which ultimately resulted in this Agreement.

1.14    It is the intention of the Parties and the objective of this Agreement to avoid the costs of further litigation, trial and appeals, and to settle and dispose of, fully and completely and forever, the claims released herein and described below, on the terms set forth herein.

## 2.    DEFINITIONS

As used in this Agreement, the terms set forth in this Section 2 shall have the meanings ascribed to them below.

2.1    **Action**. "Action" means the above-captioned action entitled *William Woods et al. v. Vector Marketing Corporation, et al.*, Case No. 14-cv-00264-EMC, currently pending in the United States District Court for the Northern District of California.

2.2    **Agreement.** "Agreement" means this Stipulation of Settlement and Release, including Exhibit A referred to herein and attached hereto.

2.3    **Allocations.** "Allocations" means the amount to be paid from the Net Settlement Fund to the Settlement Class Members, which shall be calculated as provided in Section 4.5 of this Agreement.

2.4    **Arbitration Agreement.** "Arbitration Agreement" means the arbitration provision and class action waiver contained in Defendant's Sales Representative Agreement that was the subject of the Court's Order filed in the Action on August 29, 2014.

2.5    **Barone-Crowell**. "Barone-Crowell" means Named Plaintiff Samuel Barone-Crowell.

2.6    **California State Law Class.** "California State Law Class" means all individuals who, since January 16, 2010 through the Preliminary Approval Date, either (a) attended all three

1　days of Defendant's Initial Training Program in California, or (b) attended some portion of

2　Defendant's Initial Training Program in California and provided during training a list of

3　individuals they thought might be interested in becoming sales representatives for Defendant, as

4　determined from Defendant's records.  Excluded from the California State Law Class are those

5　individuals who either: (a) completed their initial training entirely online; or (b) did not opt out of

6　the case captioned *Harris v. Vector Marketing Corp.*, Civil Action Number 08-5198, before the

7　United States District Court for the Northern District of California; or (c) signed the Arbitration

8　Agreement.

9　　　　2.7　**Claims.**  "Claims" means the claims still remaining in the Action, namely, for

10　failure to pay minimum wages or overtime (FLSA, 29 U.S.C. § 201 *et seq.*) (First Cause of

11　Action); failure to pay minimum and/or overtime wages (Cal. Lab. Code §§ 1194, 1197) (Second

12　Cause of Action); unfair and unlawful business practices (Cal. Bus. & Prof. Code § 17200 *et seq.*)

13　(Sixth Cause of Action); failure to pay minimum and/or overtime wages (Fla. Stat. § 48.110 and

14　Fla. Const. Article X, § 24) (Seventh Cause of Action); failure to pay minimum and/or overtime

15　wages (820 Ill. Comp. Stat. § 105 *et seq.*) (Eighth Cause of Action); failure to pay minimum

16　and/or overtime wages (Mich. Comp. Laws §§ 408.382, 408.384, 408.393, 408.394) (Tenth

17　Cause of Action); failure to pay minimum and/or overtime wages (12 N.Y. Comp. Code R. &

18　Regs. Part 142-2 *et seq.*, N.Y. Lab. Law §§ 2 and 650 *et seq.*) (Thirteenth Cause of Action); and

19　failure to pay wages upon termination (N.Y. Lab. Law §§ 191, 198) (Fourteenth Cause of

20　Action).

21　　　　2.8　**Class Members.**  "Class Members" means (a) all individuals within the FLSA

22　Collective Action Class and (b) all individuals within the FRCP 23 Classes.

23　　　　2.9　**Class Notice**.  "Class Notice" means the Notice of Settlement of Collective and

24　Class Action to be mailed to Class Members by the Settlement Administrator.  The Class Notice

25　shall be substantially in the form of Exhibit A to this Agreement.

26　　　　2.10　**Class Period or Class Periods**.  "Class Period" or "Class Periods" means the time

27　period covered by the Settlement for each respective Class, as follows:

28

1    2.10.1  FLSA Collective Action Class: September 22, 2011 through September 4,

2    2015.

3    2.10.2  California State Law Class: January 16, 2010 through the Preliminary

4    Approval Date.

5    2.10.3  Florida State Law Class: since January 16, 2012 through the Preliminary

6    Approval Date.

7    2.10.4  Illinois State Law Class: January 16, 2011 through the Preliminary

8    Approval Date.

9    2.10.5  Michigan State Law Class: January 16, 2011 through the Preliminary

10    Approval Date.

11    2.10.6  New York State Law Class and New York State Law Subclass: January 16,

12    2008 through the Preliminary Approval Date.

13    2.11    **Complaint.** "Complaint" means the Class and Collective Action Complaint filed

14    in the Action on January 16, 2014.

15    2.12    **Counsel for Defendant**. "Counsel for Defendant" means Morrison & Foerster

16    LLP and Phillips Lytle LLP.

17    2.13    **Court.** "Court" means the United States District Court for the Northern District of

18    California, the Honorable Edward M. Chen presiding, or such other judge to whom the action

19    may hereafter be assigned.

20    2.14    **Defendant**. "Defendant" means defendant Vector Marketing Corporation.

21    2.15    **Effective Date**. "Effective Date" means either (a) the date 30 days after the

22    Court's entry of the Judgment, if no motions for reconsideration and no appeals or other efforts to

23    obtain review have been filed or (b) in the event a motion for reconsideration, an appeal or other

24    effort to obtain review of the Judgment has been filed, the date 30 days after such reconsideration,

25    appeal or review has been finally concluded and is no longer subject to review, whether by

26    appeal, petition for rehearing, petition for review or otherwise.

27    2.16    **Essler.** "Essler" means Named Plaintiff Eric Essler.

28

2.17   **FLSA Collective Action Class**. "FLSA Collective Action Class" means the 4,467 individuals whose written consents to join the Action were in the possession of Named Plaintiffs' Counsel as of September 4, 2015, when the Court finally certified the Action as a collective action.

2.18   **FRCP 23 Classes.** "FRCP 23 Classes" means all individuals within the California State Law Class, the Florida State Law Class, the Illinois State Law Class, the Michigan State Law Class, the New York State Law Class and the New York State Law Subclass, as defined by the Court on September 24, 2015 pursuant to the Court's order filed September 4, 2015 granting the Named Plaintiffs' motion for certification of those classes and subclass pursuant to FRCP 23.

2.19   **Fee and Expense Award**. "Fee and Expense Award" means such award of attorneys' fees and costs/expenses as the Court may authorize to be paid to Plaintiffs' Counsel from the Gross Settlement Fund for their services to Plaintiffs in the Action.

2.20   **Final Approval Hearing**. "Final Approval Hearing" means the hearing at or after which the Court makes a decision on whether to grant final approval of the Settlement as fair, reasonable and adequate, implement the terms of the Agreement and enter Judgment.

2.21   **Final Approval Order or Judgment**. "Final Approval Order" or "Judgment" means the order and judgment finally approving the Settlement, as contemplated in Section 5.2 of this Agreement.

2.22   **Florida State Law Class**. "Florida State Law Class" means all individuals who, since January 16, 2012 through the Preliminary Approval Date, either (a) attended all three days of Defendant's Initial Training Program in Florida, or (b) attended some portion of Defendant's Initial Training Program in Florida and provided during training a list of individuals they thought might be interested in becoming sales representatives for Defendant, as determined from Defendant's records.  Excluded from the Florida State Law Class are those individuals who completed their entire initial training online or who signed the Arbitration Agreement.

2.23   **Gross Settlement Fund.** "Gross Settlement Fund" means the aggregate sum of Six Million Seven Hundred Fifty Thousand Dollars and No Cents ($6,750,000.00), which is the maximum total amount that Defendant shall be required to pay for all purposes under this

1    Agreement in full and final settlement of the Action.  The following shall be paid from the Gross

2    Settlement Fund pursuant to the Plan of Allocation:  (a) Settlement Awards to all Settlement

3    Class Members, (b) Fee and Expense Award, (c) Service Awards, and (d) Settlement

4    Administration Costs.  Under no circumstances shall Defendant pay any sum in excess of the

5    Gross Settlement Fund.

6         2.24    **Illinois State Law Class**.  "Illinois State Law Class" means all individuals who,

7    since January 16, 2011 through the Preliminary Approval Date, either (a) attended all three days

8    of Defendant's Initial Training Program in Illinois, or (b) attended some portion of Defendant's

9    Initial Training Program in Illinois and provided during training a list of individuals they thought

10   might be interested in becoming sales representatives for Defendant, as determined from

11   Defendant's records.  Excluded from the Illinois State Law Class are those individuals who

12   completed their entire initial training online or who signed the Arbitration Agreement.

13        2.25    **Initial Training Program.**  "Initial Training Program" means the initial training

14   offered to persons interested in becoming sales representatives for Defendant.

15        2.26    **Judgment.**  "Judgment" means the Judgment entered on the Final Approval Order

16   in the Action.

17        2.27    **Michigan State Law Class.**  "Michigan State Law Class" means all individuals

18   who, since January 16, 2011 through the Preliminary Approval Date, either (a) attended all three

19   days of Defendant's Initial Training Program in Michigan, or (b) attended some portion of

20   Defendant's Initial Training Program in Michigan and provided during training a list of

21   individuals they thought might be interested in becoming sales representatives for Defendant, as

22   determined from Defendant's records.  Excluded from the Michigan State Law Class are those

23   individuals who completed their entire initial training online or who signed the Arbitration

24   Agreement.

25        2.28    **Named Plaintiffs**.  "Named Plaintiffs" means plaintiffs William Woods, Dominic

26   Seale, Wesley Varughese, Eric Essler and Samuel Barone-Crowell.

27        2.29    **Net Settlement Fund.**  "Net Settlement Fund" means the Gross Settlement Fund

28   less the Fee and Expense Award, the Service Awards and the Settlement Administration Costs.

2.30 **New York State Law Class**. "New York State Law Class" means all individuals who, since January 16, 2008 through the Preliminary Approval Date, either (a) attended all three days of Defendant's Initial Training Program in New York, or (b) attended some portion of Defendant's Initial Training Program in New York and provided during training a list of individuals they thought might be interested in becoming sales representatives for Defendant, as determined from Defendant's records. Excluded from the New York State Law Class are those individuals who completed their entire initial training online or who signed the Arbitration Agreement. The New York State Law Class includes the New York State Law Subclass.

2.31 **Parties.** "Parties" means Named Plaintiffs and Defendant.

2.32 **Plaintiffs.** "Plaintiffs" means Named Plaintiffs and Class Members.

2.33 **Plaintiffs' Counsel**. "Plaintiffs' Counsel" means Marlin & Saltzman, LLP and Diversity Law Group, A Professional Corporation.

2.34 **Plan of Allocation.** "Plan of Allocation" means the manner in which the Net Settlement Fund shall be allocated to Settlement Class Members, as specified in Section 4.5 of this Agreement.

2.35 **Preliminary Approval or Preliminary Approval Order**. "Preliminary Approval" or "Preliminary Approval Order" means the order preliminarily approving the Settlement, which shall, among other things, preliminarily approve the Settlement as fair, reasonable and adequate, approve the content and manner of distribution of Class Notice to Plaintiffs, approve the Settlement Administrator, and set the briefing schedule for Named Plaintiffs' motion for final approval of the Settlement.

2.36 **Preliminary Approval Date**. "Preliminary Approval Date" means the date upon which the Court enters the Preliminary Approval Order.

2.37 **Pro Rata Allocation**. "Pro Rata Allocation" means the amount of money to be paid to each Settlement Class Member from the Net Settlement Fund, based on the Plan of Allocation set forth in Section 4.5 of this Agreement.

2.38 **Released Claims**. "Released Claims" means all claims and demands of every kind and nature, in law, equity or otherwise, known and unknown, suspected and unsuspected,

disclosed and undisclosed, arising from or related to wages allegedly owed to a Class Member in connection with the Class Member's participation in Defendant's Initial Training Program, including (without limitation) all claims that were or could have been alleged in the Action, including (without limitation) all claims for unpaid minimum, regular or overtime wages, restitution, injunctive or other equitable relief, penalties, interest, costs and attorneys' fees, based on any federal common or statutory law or the common or statutory law of the states of California, Florida, Illinois, Michigan or New York, including (without limitation) claims under the FLSA, 29 U.S.C. § 201 *et seq.*, Cal. Lab. Code §§ 201, 202, 203, 1194, 1197, 2698 *et seq.*, Cal. Bus. & Prof. Code § 17200 *et seq.*, Fla. Stat. § 48.110, Fla. Const. Art. X § 24, 820 Ill. Comp. Stat. § 105 *et seq.*, Mich. Comp. Laws §§ 408.382, 408.384, 408.393, 408.394, 12 N.Y. Comp. Code R. & Regs. Part 142-2 *et seq.*, and 2 N.Y. Lab. Law §§ 2, 191, 198, 650 *et seq.*

2.39 **Released Parties**. "Released Parties" means Defendant, all of Defendant's past and present parent corporations, subsidiaries and affiliates, and each of their respective past, present and future officers, directors, employees, partners, shareholders and agents.

2.40 **Request for Exclusion.** "Request for Exclusion" means a written request by a Class Member to be excluded from the Settlement.

2.41 **Request for Exclusion Deadline**. "Request for Exclusion Deadline" means the postmarked date 45 days from the date of initial mailing of the Class Notice, or such other date set by the Court in the Preliminary Approval Order, for a Class Member to mail a Request for Exclusion to the Claims Administrator.

2.42 **Seale.** "Seale" means Named Plaintiff Dominic Seale.

2.43 **Service Award.** "Service Award" means the payment, if any, authorized by the Court to be made to a Named Plaintiff in addition to any Pro Rata Allocation.

2.44 **Settlement.** "Settlement" means this Agreement and all actions taken pursuant to and in furtherance of this Agreement.

2.45 **Settlement Administration Costs.** "Settlement Administration Costs" means the amount approved by the Court to be paid out of the Gross Settlement Fund for the services of a Settlement Administrator to administer the Settlement, including but not limited to printing and

1  mailing the Class Notice, locating Class Members, calculating Settlement Awards, issuing

2  Settlement Award and other checks payable pursuant to this Agreement, and reporting all

3  applicable payments made hereunder on Internal Revenue Service (IRS) Form 1099-MISC. It is

4  estimated that the Claims Administration Costs will total $325,000.00.

5      2.46    **Settlement Administrator.** "Settlement Administrator" means Simpluris, or such

6  other administrator as may be approved by the Court, which shall be responsible for

7  administering the Settlement pursuant to the terms of the Agreement, the Class Notice, the

8  Preliminary Approval Order, and the Final Approval Order and Judgment. The Settlement

9  Administrator shall agree to confidentiality terms as may be required by Defendant regarding

10  Class Members' personal identifying information provided to the Settlement Administrator by it,

11  and the Settlement Administrator shall work with Plaintiffs' Counsel and Counsel for Defendant

12  to implement and administer appropriate fraud-prevention policies relating to the Settlement.

13      2.47    **Settlement Award.** "Settlement Award" means the Pro Rata Allocation to be paid

14  from the Net Settlement Fund to a Settlement Class Member.

15      2.48    **Settlement Class Members.** "Settlement Class Members" means all Class

16  Members who do not timely complete and mail a Request for Exclusion from the Settlement.

17      2.49    **Training Days.** "Training Days" means the number of days, which will be one,

18  two or three days (each assumed to be five hours), a Class Member attended Defendant's Initial

19  Training Program during the applicable Class Period.

20      2.50    **Varughese.** "Varughese" means Named Plaintiff Wesley Varughese.

21      2.51    **Woods.** "Woods" means Named Plaintiff William Woods.

22  **3.**    **SETTLEMENT TERMS**

23      3.1    **Settlement Payment by Defendant**. In full and final settlement of this Action

24  and the Released Claims, within five business days of the Effective Date, Defendant shall remit

25  the Gross Settlement Fund to the Settlement Administrator for the purpose of funding the

26  Settlement. The Gross Settlement Fund shall be applied to the payment of all Settlement Awards,

27  Service Awards, Plaintiff's attorneys' fees and costs as awarded by the Court, and Settlement

28  Administration Costs as awarded by the Court. Under no circumstances will Defendant be

1  obligated to pay more than the Gross Settlement Fund to settle the Action and the Released

2  Claims.

3      3.2    **Attorneys' Fees and Costs**. Defendant will not oppose Named Plaintiffs' motion

4  for up to $2,247,750.00 (one-third (1/3) of the Gross Settlement Fund) as an award of attorneys'

5  fees, plus reasonable costs up to $181,000.00 ("Fee and Expense Award"). Named Plaintiffs

6  agree not to ask the Court for more than $2,247,750.00 for attorneys' fees or more than

7  $181,000.00 for costs, and in no event shall Defendant be liable for any attorneys' fees or costs in

8  excess of these amounts. The Fee and Expense Award shall be paid from the Gross Settlement

9  Fund, and Defendant shall not otherwise be obligated to pay any portion of Plaintiffs' attorneys'

10 fees, costs or expenses. The specific amounts of the attorneys' fees and costs awarded shall be

11 subject to final approval by the Court, and the award of any amounts less than requested by

12 Named Plaintiffs will not be grounds for terminating the Settlement, but may be subject to an

13 appeal by Plaintiffs or Plaintiffs' Counsel. Any amount of attorneys' fees and costs requested by

14 Named Plaintiffs and ultimately not awarded by the Court shall be included in the Net Settlement

15 Fund for distribution to the Settlement Class Members.

16     3.3    **Service Awards**. Defendant will not oppose Named Plaintiffs' motion for Service

17 Awards in an aggregate amount not to exceed $50,000.00 ($10,000.00 for each Named Plaintiff),

18 subject to approval by the Court. These Service Awards are payments for the Named Plaintiffs'

19 efforts and activities in furtherance of the Action and its resolution and in consideration of the

20 Named Plaintiffs' general release of claims set forth in Section 5.4 below. The Court's approval

21 of Named Plaintiffs' request for Service Awards is not a condition of the Settlement, and Named

22 Plaintiffs' failure to obtain such approval will not be grounds for terminating the Settlement or for

23 any appeal. Each Service Award paid under this Section shall be pre-tax and reported on IRS

24 Form 1099-MISC. Any amount not approved by the Court as Service Awards shall be included

25 in the Net Settlement Fund for distribution to the Settlement Class Members.

26     3.4    **Settlement Administration Costs.** Defendant will not oppose the award of

27 Settlement Administration Costs in an amount not to exceed $325,000.00, to be paid from the

28 Gross Settlement Fund and subject to approval by the Court. Any costs of administration of the

Settlement not approved by the Court shall be included in the Net Settlement Fund for distribution to the Settlement Class Members. The parties have selected Simpluris as the Claims Administrator.

      3.5    **Dismissal of Plaintiff Harvard.** In connection with their motion for preliminary approval of the Settlement, the Named Plaintiffs shall ask the Court to dismiss plaintiff Lowell Harvard Jr. from the Action with prejudice.

      3.6    **Interim Stay of Proceedings**. The Parties agree to the entry of a formal stay of all proceedings in the Action, except such proceedings as may be necessary to implement and complete the Settlement, pending the Court's Final Approval Order and entry of Judgment.

## 4.    CLASS SETTLEMENT PROCEDURES

      4.1    **Preliminary Approval**. As soon as practicable after execution of this Agreement, but no later than March 29, 2016, Named Plaintiffs shall move for Preliminary Approval of the Settlement. Defendant will not oppose the motion, provided it is consistent with this Agreement. Plaintiffs' motion shall request that the Court:

      a.    Preliminarily approve this Agreement as being fair, reasonable and adequate;

      b.    Preliminarily approve the form, content and manner of distribution of the Class Notice (Exhibit A).

      c.    Set deadlines for the Settlement Administrator to distribute the Class Notice and for Class Members to return their Requests for Exclusion or objections to the Settlement;

      d.    Set a deadline for Named Plaintiffs to file their motion for final approval of the Settlement;

      e.    Approve Simpluris as the Settlement Administrator; and

      f.    Stay all proceedings in the Action pending Final Approval.

      4.2    **Class Notice**. Subject to Court approval, the Parties agree that as soon as practicable after entry of the Preliminary Approval Order, the Settlement Administrator shall provide notice of the Settlement to the Class Members pursuant to the following procedures:

4.2.1    Within 10 business days of the entry of the Preliminary Approval Order, Defendant will provide the Settlement Administrator the following information with respect to each Class Member, based on Defendant's records:  (i) name, (ii) last known residence address, (iii) last known telephone number, (iv) last known email address, (v) social security number, (vi) the date on which the Class Member commenced attending Defendant's Initial Training Program, and (vii) the number of Training Days the Class Member attended.  The information so provided shall be designated as Confidential under the Amended Protective Order entered in the Action on June 3, 2014 (the "Protective Order"), and the Settlement Administrator shall give Defendant its signed acknowledgment in the form of Exhibit A to the Protective Order that it is bound thereby before Defendant provides the information.  The information Defendant provides to the Settlement Administrator, along with any updated contact information identified by the Settlement Administrator as set forth in Section 4.2.3, below, shall be used solely to administer the Settlement, shall remain confidential, and shall not be disclosed to anyone, except pursuant to the express written authorization of Defendant or the individual in question, by order of the Court, or to the extent necessary to fulfill the Settlement Administrator's reporting obligations hereunder.  Nothing herein shall limit use of the information by the Settlement Administrator and Plaintiffs' counsel for purposes of administering the Settlement; provided, however, that neither the Settlement Administrator nor Plaintiffs' Counsel shall disclose any of the information to any of the Plaintiffs, anything in the Protective Order to the contrary notwithstanding.

4.2.2    The Settlement Administrator's duties shall include, without limitation: (i) printing and mailing to the Class Members the Class Notice as directed by the Court; (ii) taking all steps reasonably necessary to ensure Class Members timely receive the Class Notice; (iii) consulting as necessary with Plaintiffs' Counsel and Counsel for Defendant concerning the number of Training Days attended by a Class Member and the amount of any Settlement Awards to be paid to Settlement Class Members; (iv) taking receipt of and safeguarding the Gross Settlement Fund; (v) calculating and disbursing the Settlement Awards, the Service Awards, and the Fee and Expense Award, provided such amounts are approved by the Court; (vi) issuing IRS Forms 1099-MISC, if applicable, with respect to the Settlement Awards,

1   Service Awards, and Fee and Expense Award, together with such other tasks as the Parties may

2   mutually agree or the Court may order the Settlement Administrator to perform. The Settlement

3   Administrator shall take all reasonable steps to ensure that (a) the highest percentage of Class

4   Members receive a Class Notice; (b) Class Members who wish to participate in the Settlement are

5   permitted to do so consistent with this Agreement; and (c) it has the most current and accurate

6   addresses for Class Members, including, but not limited to performing an initial National Change

7   of Address database search on Class Members for whom Defendant does not have an address. In

8   addition, the Settlement Administrator shall perform a standard search, also known as "batch,"

9   "skip trace," or "credit header" searches on all addresses returned as undeliverable. The

10  Settlement Administrator shall immediately re-mail a Class Notice to all updated addresses

11  obtained through its efforts to locate the most current and accurate addresses for Class Members.

12  The Settlement Administrator shall also provide toll-free telephone support to Class Members for

13  any questions they may have; set up a website for Class Members to be directed to, with

14  Settlement-related documents posted thereto; maintain appropriate databases to fulfill its duties;

15  receive, control and account for all returned Class Notices, Requests for Exclusion, objections

16  and disputes; calculate the Settlement Class Members' payments; and prepare and deliver reports

17  to Plaintiffs' Counsel and Counsel for Defendant on a weekly basis that communicate the status

18  of the administration of the notice process, including the number of Class Notices mailed,

19  returned, searched and re-mailed, as well as the number of Requests for Exclusion, objections and

20  any disputes received by it. In addition to the duties identified above, the Settlement

21  Administrator shall prepare final declarations, reports and invoices that accurately describe the

22  Settlement process, the level of participation, and actions taken to ensure the best possible notice

23  of the Settlement was provided to Class Members.

24          4.2.3   No later than ten business days following receipt of the information to be

25  provided under Section 4.2.1, above, the Settlement Administrator shall mail the Class Notice to

26  all Class Members. The Settlement Administrator shall send the Class Notice in the form

27  approved in the Preliminary Approval Order to Class Members, via first class United States mail,

28  using the most current mailing address. Any Class Notices returned to the Settlement

Administrator with a forwarding address shall be immediately re-mailed by the Settlement

Administrator. The Settlement Administrator shall conduct one or more address searches for any

Class Member's Class Notice that is returned without a forwarding address and shall, upon

obtaining a new or different address, immediately re-mail the Class Member's Class Notice. It

shall be presumed that each and every Class Member whose Class Notice is not returned to the

Claims Administrator as undeliverable within thirty (30) days after mailing has actually received

the Class Notice. Named Plaintiffs, Defendant, and their respective counsel each agree that, other

than as provided in this Agreement, they will not distribute any notices, documents or information

regarding the Action or the Settlement to any Class Member, unless a specific request is first

made by the Class Member.

        4.2.4    Without prejudice to any other remedies, the Settlement Administrator

shall agree to be responsible for any breach of its obligations (whether committed by the

Settlement Administrator or its agents) and to indemnify and hold the Parties and their counsel

harmless from and against all liabilities, claims, causes of action, costs and expenses (including

legal fees and expenses) arising out of any breach committed by the Settlement Administrator or

its agents.

        4.3    **Requests for Exclusion/Opt Outs**. Class Members who wish to be excluded

from or opt out of the Settlement must submit a written, signed Request for Exclusion to the

Settlement Administrator, within the deadline set by the Court.

        4.3.1    The Request for Exclusion must contain the (i) the name of this Action;

(ii) the full name, address, telephone number and last four digits of the Social Security Number of

the person requesting to be excluded; (iii) the words "Request for Exclusion" at the top of the

document; and (iv) the following statement:

> "I wish to be excluded from the Settlement of this case, *William Woods v. Vector Marketing Corp.* (Case No. 14-CV-00264-EMC). I understand that by requesting to be excluded from the Settlement, I will receive no money from the Settlement and I may bring a separate action. I understand that in any separate action, I may receive nothing or less than I would have received if I had not asked to be excluded from the Settlement. I understand that I should consult with an attorney, at my own expense, regarding the applicable statute of limitations."

4.3.2    The Request for Exclusion must be personally signed by the Class Member who seeks to be excluded. No Class Member may opt out by having a Request for Exclusion submitted by an actual or purported agent or attorney acting on behalf of the Class Member. No Request for Exclusion may be made on behalf of a group of Class Members.

4.3.3    For purposes of determining timeliness, Requests for Exclusion shall be deemed to have been submitted on the date postmarked by the U.S. Postal Service or other delivery service. The Settlement Administrator shall stamp the date received on the original of any Request for Exclusion it receives. Not later than 10 days after the Request for Exclusion Deadline set by the Court, the Settlement Administrator will inform Plaintiff's Counsel and Counsel for Defendant of the total number of Class Members who timely submitted valid Requests for Exclusion. Not later than ten (10) business days before the Final Approval Hearing, the Settlement Administrator shall serve copies of all date-stamped Requests for Exclusion on Plaintiff's Counsel and Counsel for Defendant as well as a declaration describing the notice process. The Settlement Administrator shall retain the originals of all Requests for Exclusion in its files. Counsel for the Parties shall not use or disclose the information thus received for any purpose other than the effectuation of the Settlement.

4.3.4    Each Class Member who does not submit a Request for Exclusion substantially in compliance with Sections 4.3.1 and 4.3.2 within forty-five (45) days from the date the Class Notice was mailed shall be bound by the terms of this Agreement and any Court order approving the terms of the Settlement.

4.3.5    In the event of any issue over the completeness, timeliness or validity of any Request for Exclusion, the Parties shall meet and confer in good faith for the purpose of resolving the issue and, if the issue cannot be resolved, shall submit the dispute to the Settlement Administrator for a final and binding resolution which shall not be appealable. If more than ten percent of Class Members opt out, then Defendant shall have the unilateral right to rescind this Agreement, in which case all of Defendant's obligations under this Agreement shall cease to be of any force or effect, and this Agreement shall be null and void. If Defendant exercises this option, it shall provide Named Plaintiffs with written notice of its election within 30 days of the

Request for Exclusion Deadline set by the Court, with a copy to the Settlement Administrator, at which point the Parties shall return to their respective positions that existed before the execution of this Agreement. If rescinded, no term of this Agreement or any draft thereof, or the negotiation, documentation or other part or aspect of the Parties' settlement discussions, shall have any effect or be admissible as evidence for any purpose in the Action, or in any other proceeding. Notwithstanding the foregoing, the Parties agree that in the event this Agreement is rescinded by Defendant pursuant to this Section, Defendant shall pay the expenses incurred by the Settlement Administrator through the date of Defendant's election to rescind, not to exceed the amount approved by the Court in the Preliminary Approval Order.

4.4    **Objections to Settlement.** Class Members who do not exclude themselves from the Settlement may object to the Settlement, in accordance with the procedure set forth below.

4.4.1    Class Members who wish to object to the Settlement must file with the Court and serve on counsel for the Parties a signed, written statement objecting to the Settlement. The Class Member's written statement and all supporting briefs or other materials must be filed with the Court and served on counsel for the Parties no later than the Request for Exclusion Deadline.

4.4.2    At the same time Named Plaintiffs move for Final Approval pursuant to Section 4.7 of this Agreement, Named Plaintiffs shall also file a response to any objections filed by Class Members. Named Plaintiffs' Counsel shall give Counsel for Defendant a draft of the response to review at least two (2) business days before the filing deadline. Defendant shall be permitted, but not required, to file its own response to any objections.

4.4.3    No Class Member shall be entitled to be heard at the Fairness Hearing, whether individually or through separate counsel, unless the written statement of objections and supporting materials are timely filed and served as set forth in this Section. Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

1        **4.5**     **Plan of Allocation: Calculation of Settlement Awards**. The Settlement

2 Administrator shall be responsible for the Allocations of the Net Settlement Fund to Settlement

3 Class Members. The Settlement Awards to Settlement Class Members will be paid on a pro rata

4 basis as follows:

5        4.5.1    Before computing the amounts of any Settlement Awards to be paid to

6 Settlement Class Members, the Claims Administrator shall determine the amount of the Net

7 Settlement Fund by deducting from the Gross Settlement Fund the following: (a) the Fee and

8 Expense Award, (b) the Service Awards, and (c) the estimated amount of the Claims

9 Administration Costs.

10        4.5.2    The Settlement Award for each Settlement Class Member shall be the

11 Settlement Class Member's pro-rata share of the Net Settlement Fund, calculated as follows: The

12 Settlement Administrator shall calculate the total number of Training Days attended by all

13 Settlement Class Members. The Settlement Administrator will then divide the Net Settlement

14 Fund by the total number of Settlement Class Member Training Days, resulting in a per Training

15 Day value. The Settlement Administrator will then take the Training Day value and multiply it

16 by the number of Training Days attended by each Settlement Class Member. In the event a

17 Settlement Class Member is a member of both the FLSA Collective Action Class and a FRCP 23

18 Class, the number of Training Days attended by the Settlement Class Member will only be

19 counted once.

20        4.5.3    The Settlement Administrator shall pay Settlement Awards from the Net

21 Settlement Fund and shall pay only those Settlement Awards payable to Settlement Class

22 Members. It is anticipated that the Settlement Class Members will be a subset of the Class

23 Members because some number of Class Members may opt out of the Settlement.

24        4.5.4    The Settlement Administrator shall determine the Settlement Award that

25 each Settlement Class Member is entitled to receive, pursuant to the formula set forth in Section

26 4.5.2, above. In order to determine the amount of the Settlement Award to which any Settlement

27 Class Member is entitled, the Settlement Administrator shall use the information provided by

28 Defendant pursuant to Section 4.2.1, above. In the event that any dispute arises with respect to a

1 Settlement Award amount, the Settlement Administrator shall make the final determination after
2 consultation with Plaintiffs' Counsel and Counsel for Defendant.

3    4.6    **Taxes.**

4         4.6.1    Each Settlement Class Member, Named Plaintiff and Plaintiff's Counsel
5 shall be solely responsible for the payment of all federal, state and local income taxes due on all
6 amounts the Settlement Class Member, Named Plaintiff or Plaintiff's Counsel receives pursuant
7 to this Agreement, and Defendant shall have no responsibility for any such taxes whatsoever.

8         4.6.2    It shall be the responsibility of the Settlement Administrator to report
9 payments made to Settlement Class Members, Named Plaintiffs and Plaintiffs' Counsel on IRS
10 Form 1099-MISC, as applicable, and to provide copies thereof to the individuals named thereon,
11 respectively, and to all applicable governmental entities, as required by law.

12        4.6.3    All reasonable and direct expenses and costs incurred by or at the direction
13 of the Settlement Administrator in connection with the administration of the Settlement
14 (including, without limitation, expenses of tax attorneys and/or accountants incurred in providing
15 advice to the Settlement Administrator, and mailing and distribution costs and expenses relating
16 to the filing (or failure to file) any necessary tax reports shall be considered a cost of
17 administration of the Settlement and shall be part of the Settlement Administration Costs, to be
18 paid out of the Gross Settlement Fund.

19        4.6.4    No person shall have any claim against Defendant (or its designee),
20 Counsel for Defendant, Plaintiffs, Plaintiffs' Counsel, or the Settlement Administrator based on
21 mailings, distributions, payments or reports made in accordance with or pursuant to this
22 Agreement. This provision does not, however, prevent a Party from seeking enforcement of this
23 Agreement.

24    4.7    **Final Approval and Entry of Judgment**. No later than seven days after the
25 Notice Response Deadline, or on or before such other date set by the Court, Named Plaintiffs
26 shall file their motion for final approval of the Settlement. Plaintiffs' Counsel shall draft the final
27 approval papers and give Counsel for Defendant a draft of the papers to review at least three
28 business days before the motion is filed. In their motion, Named Plaintiffs shall request that the

1 | Court finally approve the Settlement as fair, reasonable and adequate and enter Judgment on the
2 | Court's Final Approval Order, dismissing the Settlement Class Members' claims with prejudice
3 | and the claims of all other Class Members without prejudice. Defendant will not oppose the
4 | motion, provided it is consistent with this Agreement.

5 |     4.8    **Calculation of Gross and Net Settlement Funds.** Within 20 business days from
6 | the date of Final Approval of the Settlement, the Settlement Administrator shall calculate and
7 | advise Counsel for the Parties of the amount of the Net Settlement Fund and the calculation
8 | thereof.

9 |     4.9    **Distribution of Settlement Awards**. After the Effective Date, the Settlement
10 | Awards shall be distributed to Settlement Class Members in accordance with the procedures set
11 | forth below:

12 |     4.9.1    Within 15 business days from Defendant's remittance to the Settlement
13 | Administrator of the Gross Settlement Fund, the Settlement Administrator shall disburse (a) the
14 | Fee and Expense Award to Plaintiffs' Counsel, (b) the Settlement Award checks to each
15 | Settlement Class Member, and (c) the Settlement Award checks and Service Awards to the
16 | Named Plaintiffs. Also within 15 business days from Defendant's remittance of the Gross
17 | Settlement Fund, the Settlement Administrator shall provide Plaintiffs' Counsel and Counsel for
18 | Defendant a written report listing each Settlement Class Member and the amount of the
19 | Settlement Award to be paid to each of them. Plaintiffs' Counsel shall hold the information
20 | contained in this report in strictest confidence and not use or disclose it for any purpose, except
21 | on the written authorization of counsel for Defendant or by order of the Court.

22 |     4.9.2    All checks tendered to Settlement Class Members shall remain valid and
23 | negotiable for one hundred and eighty (180) days from the date of their issuance and shall
24 | thereafter be automatically cancelled if not cashed by the Settlement Class Member within that
25 | time, at which time the Settlement Class Member's claim to any Settlement Award shall be
26 | deemed null and void and of no further force and effect, although the Settlement Class Member
27 | shall remain bound by the Judgment entered in the Action. Upon request of a Settlement Class
28 | Member, the Settlement Administrator will promptly reissue the Settlement Class Member's lost

1  or damaged Settlement Award check within the 180-day period from the date checks are issued.

2  After 180 days, in the event any checks remain uncashed for any reason, including (without

3  limitation) if a check is undeliverable because an address or forwarding address is not obtained

4  after reasonable efforts to deliver it are taken by the Settlement Administrator, in its sole

5  judgment, all such checks shall revert to Defendant and the proceeds thereof shall be Defendant's

6  sole property.

7          4.9.3   Defendant shall fully discharge its obligations to Plaintiffs through the

8  remittance of the Gross Settlement Fund to the Settlement Administrator as set forth in Section

9  3.1, above, regardless of whether individual Settlement Awards are actually received or

10  negotiated by Settlement Class Members.  Once Defendant has complied with its obligation set

11  forth in Section 3.1, above, it shall be deemed to have satisfied all of the terms and conditions of

12  this Agreement, shall be entitled to all the protections afforded it under the Agreement, and shall

13  have no further obligations under the Agreement, regardless of what occurs with respect to the

14  further administration of the Settlement.  Without prejudice to any other remedies, both the

15  Settlement Administrator and Plaintiffs' Counsel shall hold Defendant harmless from and against

16  all liabilities, claims, causes of action, costs and expenses (including legal fees and expenses)

17  arising out of any failure to timely or properly compensate Settlement Class Members as provided

18  in this Agreement.

19          4.10   **Questions and Disputes**.

20          4.10.1  In the event that questions or disputes arise regarding the entitlement of

21  any Class Member under this Agreement, counsel for each Party shall cooperate to provide to

22  counsel for the other Party and the Settlement Administrator all available information reasonably

23  necessary to resolve them.  Such information shall be provided in either electronic form or hard

24  copy, as the Settlement Administrator may reasonably request.

25          4.10.2  If the Parties cannot resolve any dispute concerning the entitlement of any

26  Class Member under this Agreement, the dispute(s) shall be submitted to the Settlement

27  Administrator, who shall resolve the dispute(s) and whose decision shall be final and binding.  In

28  such a dispute, the information provided by Defendant will be presumed accurate.

STIPULATION OF SETTLEMENT AND RELEASE (Case No. 14-CV-00264-EMC)    22
pa-1727788

1    4.11    **Notification and Certification by Settlement Administrator**. The Settlement

2  Administrator shall keep Counsel for Defendant and Plaintiffs' Counsel apprised of the status of

3  the settlement administration process and its distribution of Settlement Awards. Upon completion

4  of administration of the Settlement, the Claims Administrator shall provide a detailed, written

5  certification of such completion to counsel for the Parties.

6    4.12    **Nullification of Agreement if Settlement Not Approved**. In the event (a) the

7  Court does not preliminarily approve the Settlement as provided herein, (b) the Court does not

8  finally approve the Settlement as provided herein, (c) the Court does not enter the Judgment as

9  provided herein, or (d) the Settlement does not become final for any other reason, including the

10  exercise of Defendant's right to rescind the Settlement under Section 4.3.5, above this Agreement

11  shall be null and void *ab initio* (with the exception of this Section) and any order or Judgment

12  entered by the Court in furtherance of this Settlement shall be treated as withdrawn or vacated by

13  stipulation of the Parties. In such case, Defendant shall have no obligation to make any payments

14  to the Settlement Class Members, Named Plaintiffs or Plaintiffs' Counsel, and the Parties shall be

15  returned to their respective statuses as of January 26, 2016. In the event an appeal is filed from

16  the Judgment, or any other appellate review is sought before the Effective Date, administration of

17  the Settlement shall be stayed pending final resolution of the appeal or other appellate review. In

18  addition, the Agreement and all negotiations, statements, proceedings and data relating thereto

19  shall be deemed confidential mediation settlement communications and not subject to disclosure

20  for any purpose in any proceeding.

21  **5.    ENTRY OF JUDGMENT AND RELEASES**

22    5.1    **Obtaining Approval**. As soon as practicable after execution of this Agreement,

23  Plaintiffs' Counsel shall, with the cooperation of Counsel for Defendant as reasonably requested

24  by Plaintiffs' Counsel, take all necessary steps to secure Preliminary Approval and Final

25  Approval of the Settlement by the Court, including responding to any objectors, intervenors, or

26  other persons or entities seeking to preclude approval of this Agreement.

STIPULATION OF SETTLEMENT AND RELEASE (Case No. 14-CV-00264-EMC)    23
pa-1727788

5.2 **Entry of Judgment**. The Final Approval Order and Judgment shall include a provision for entry of judgment in accordance with this Agreement, with each Party to bear all of its own costs and attorneys' fees, except as expressly set forth herein.

5.3 **Releases by Settlement Class Members**. Effective upon the Effective Date, all Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly released, waived and relinquished the Released Claims. The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties with respect to any of the Released Claims and shall be enjoined (if so ordered by the Court) from filing any actions, claims, complaints or proceedings regarding the Released Claims with the United States Department of Labor Wage and Hour Division or any agency having jurisdiction over the wage and hour laws of the states of California, Florida, Illinois, Michigan and New York, or from initiating any other proceedings against the Released Parties arising out of or relating to the Released Claims.

5.4 **General Releases by Named Plaintiffs.**

5.4.1 Effective upon the Effective Date, Named Plaintiffs William Woods, Dominic Seale, Wesley Varughese, Eric Essler and Samuel Barone-Crowell each hereby forever generally and completely releases and discharges the Released Parties, of and from any and all claims and demands of every kind and nature, in law, equity or otherwise, known and unknown, suspected and unsuspected, disclosed and undisclosed, and in particular of and from all claims and demands of every kind and nature, known and unknown, suspected and unsuspected, disclosed and undisclosed, for damages actual, consequential and exemplary, past, present and future, arising out of or in any way related to agreements, events, acts or conduct at any time prior to and including the Effective Date, including but not limited to the Released Claims. Each of the Named Plaintiffs agrees not to sue or otherwise make a claim against any of the Released Parties with respect to any claim released herein by him and is hereby enjoined from filing any actions, claims, complaints or proceedings with the United States Department of Labor Wage and Hour Division or any agency having jurisdiction over the wage and hour laws of the states of

1    California, Florida, Illinois, Michigan and New York, or from initiating any other proceedings

2    against any of the Released Parties regarding any of the claims released herein.

3            5.4.2   Named Plaintiffs William Woods, Dominic Seale, Wesley Varughese, Eric

4    Essler and Samuel Barone-Crowell each has been fully advised by Plaintiffs' Counsel of the

5    contents of section 1542 of the Civil Code of the State of California, and each of them hereby

6    expressly waives that section and the benefits thereof and the benefits of any similar law of any

7    state or territory of the United States.  Section 1542 states as follows:

8            A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
             WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
9            EXIST IN HIS OR HER FAVOR AT THE TIME OF
             EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR
10           HER MUST HAVE MATERIALLY AFFECTED HIS OR HER
             SETTLEMENT WITH THE DEBTOR.
11

12   **6.     ADDITIONAL PROVISIONS**

13           6.1    **No Admission of Liability**.  Defendant contends that at all relevant times it has

14   complied with all applicable laws in all respects, that Class Members were not employees entitled

15   to compensation for time spent in initial training, and that its conduct was not willful or otherwise

16   unlawful with respect to any of the Claims.  Defendant has denied and continues to deny each of

17   the claims alleged in the Action and the contentions made by Named Plaintiffs therein.

18   Defendant denies any wrongdoing or legal liability arising out of any of the facts or conduct

19   alleged in the Action and believes it has valid defenses to all of the claims alleged therein.  This

20   Agreement reflects the compromise and settlement of disputed claims between the Parties, and its

21   provisions and any and all drafts, communications or discussions relating thereto do not

22   constitute, are not intended to constitute, and will not under any circumstances be deemed to

23   constitute an admission by Defendant as to the merits, validity or accuracy of any of the

24   allegations or claims in the Action, or a waiver of any defense.

25           6.2    **Parties Represented by Counsel**.  The Parties hereby acknowledge that they have

26   been represented in negotiations for and in the preparation of this Agreement by independent

27   counsel of their own choosing, they have read this Agreement and have had it fully explained to

28

them by such counsel, and they are fully aware of the contents of this Agreement and of its legal effect.

6.3    **Voluntary Agreement**. This Agreement is executed voluntarily and without duress or undue influence on the part of any Party, or of any other person, firm or entity. Each Party has made such investigation of the facts pertaining to this Agreement and of all other matters pertaining hereto as he or it deems necessary.

6.4    **Notices**. All notices, requests, demands and other communications required to be given under this Agreement shall be in writing and shall be delivered personally, faxed, emailed or mailed, postage prepaid, by first class United States mail, addressed as follows:

> To Plaintiffs:
>
> Stanley D. Saltzman (ssaltzman@marlinsaltzman.com)
> Christina A. Humphrey (chumphrey@marlinsaltzman.com)
> MARLIN & SALTZMAN, LLP
> 29229 Canwood Street, Suite 208
> Agoura Hills, California 91301
> Telephone: (818) 991-8080
> Facsimile: (818) 991-8081
>
> To Defendant:
>
> Karen J. Kubin (KKubin@mofo.com)
> MORRISON & FOERSTER LLP
> 425 Market Street
> San Francisco, California 94105-2482
> Telephone: 415.268.7000
> Facsimile: 415.268.7522

6.5    **No Press Releases/Public Comment**. Unless they first obtain Defendant's express written consent, neither Named Plaintiffs nor Plaintiffs' Counsel shall (a) discuss, reveal, disclose, publicize or promote the fact or terms of this Settlement, or the negotiations leading to this Settlement, to any third party (including but not limited to the media, the legal community or the public at large), or (b) issue any press releases, initiate any contact with the media, or otherwise advertise or publicize the Settlement through any medium. Plaintiffs' Counsel may post a neutral statement on their website stating the fact of the Settlement and the amount thereof, provided they first give Defendant the opportunity to review and approve the posting, which approval shall not be unreasonably withheld. Defendant understands there may be media

STIPULATION OF SETTLEMENT AND RELEASE (Case No. 14-CV-00264-EMC)
pa-1727788

26

coverage of the Settlement not initiated by Named Plaintiffs or Plaintiffs' Counsel, directly or indirectly. The above restrictions shall not apply to or limit the public filing of motions or other documents in the Action related to obtaining Court approval of the Settlement and the related award of attorneys' fees and costs. Nothing in this Agreement is intended to prevent Named Plaintiffs or Plaintiffs' Counsel from disclosing or discussing the terms of this Settlement (i) with the Court, (ii) with each other, (iii) with the Settlement Administrator, (iv) with a Named Plaintiff's immediate family, tax preparer or financial advisor, or (v) as otherwise required by law.

6.6    **Authorization.** The Parties hereto represent and warrant that each signatory hereto has the full right and authority to enter into this Agreement and bind the Party on whose behalf he, she or it has executed this Agreement.

6.7    **Agreement Binding on Successors in Interest**. This Agreement shall be binding on and inure to the benefit of the respective parent corporations, subsidiaries, affiliates, officers, directors, employees, partners, shareholders, agents, successors, assigns, heirs and personal representatives of the Parties.

6.8    **Time Periods**. The time periods and dates set forth in this Agreement with respect to the giving of notices and hearings are subject to approval and modification by the Court or the written stipulation of counsel for the Parties.

6.9    **Mutual Full Cooperation**. The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to execution and delivery of any and all additional papers, documents and other things and taking such other action that may be reasonably necessary to implement the terms of this Agreement. The Parties and their counsel shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, to effectuate this Agreement and the terms set forth herein.

6.10    **Entire Agreement**. The Exhibit to this Agreement is an integral part of this Agreement and is hereby incorporated and made a part of the Agreement. This Agreement contains the entire agreement between the Parties and constitutes the complete, final and

exclusive embodiment of their agreement with respect to the subject matter hereof. This Agreement is executed without reliance upon any promise, representation or warranty by any Party or any representative of a Party, other than those expressly set forth herein. Any inconsistency between this Agreement and the attached Exhibit will be resolved in favor of this Agreement.

6.11  **Headings**. The various headings used in this Agreement are solely for the convenience of the Parties and shall not be used to interpret this Agreement.

6.12  **No Construction Against Drafter**. This Agreement shall be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

6.13  **Amendment and Modification**. Except as expressly provided in Section 6.8, above, with respect to time periods and dates set forth herein, this Agreement may not be amended, altered or modified except in a writing signed by the Parties hereto, their successors in interest or their duly authorized representatives, and approved by the Court.

6.14  **Governing Law**. This Agreement is entered into in accordance with the laws of the State of California and shall be governed by and interpreted in accordance with those laws.

6.15  **Jurisdiction of the Court**. Except as provided in Section 4.3.5, above, any dispute regarding the interpretation or validity of or otherwise arising out of this Agreement, or relating to the Action or the Released Claims, shall be subject to the exclusive jurisdiction of the Court, and Plaintiffs and Defendant agree to submit to the personal and exclusive jurisdiction of the Court for the purpose of resolving any such dispute. Following the Effective Date, the Court shall retain jurisdiction solely with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties shall submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

6.16  **Named Plaintiffs' Waiver of Right to Opt Out and Object.** By signing this Agreement, Named Plaintiffs agree to be bound by the terms herein and not to request exclusion

1  from or to object to any of the terms of this Agreement. Any such request for exclusion or

2  objection shall therefore be void and of no force or effect.

3       6.17   **Agreement Constitutes a Complete Defense**. To the extent permitted by law,

4  this Agreement may be pleaded as a full and complete defense to any action, suit or other

5  proceeding that may be instituted, prosecuted or attempted in breach of or contrary to this

6  Agreement.

7       6.18   **Injunction.** The Parties agree that the Court, in its discretion, may issue an

8  injunction in the Preliminary Approval Order prohibiting all Class Members who do not submit

9  timely Requests for Exclusion from instituting, causing to be instituted or continuing to prosecute

10 any action or proceeding against Defendant, whether in court or before an administrative agency

11 or other tribunal, whether in an individual or representative capacity, on any Released Claims.

12 Such injunction shall be made permanent as to Settlement Class Members upon entry of the

13 Judgment. The issuance of the subject injunction, being in the discretion of the Court, is not a

14 condition to the conclusion of the Settlement on the other terms set forth herein.

15      6.19   **Signatures**. Signature by facsimile or in Portable Document Format (PDF) shall

16 have the same force and effect as original signatures.

17      6.20   **Execution Date and Execution in Counterparts**. This Agreement shall be

18 deemed executed upon the last date of signature of all of the undersigned. The Parties may

19 execute this Agreement in counterparts, each of which shall constitute an original, but all of

20 which together shall constitute one and the same instrument having the same force and effect as if

21 all Parties had signed the same instrument.

22      **IN WITNESS THEREOF,** the Parties hereto have so agreed.

23 Dated: March ___, 2016          WILLIAM WOODS

24

25                                  _____

26                                    On behalf of himself and the California State Law Class

27

28

# EXHIBIT 1

## SIGNATURE PAGES

## TO

## SETTLEMENT AGREEMENT -

## (Exhibit 1 to Humphrey Declaration)

# EXHIBIT 1

## SIGNATURE PAGES

## TO

## SETTLEMENT AGREEMENT -

## (Exhibit 1 to Humphrey Declaration)

1   from or to object to any of the terms of this Agreement. Any such request for exclusion or

2   objection shall therefore be void and of no force or effect.

3          6.17    **Agreement Constitutes a Complete Defense.** To the extent permitted by law,

4   this Agreement may be pleaded as a full and complete defense to any action, suit or other

5   proceeding that may be instituted, prosecuted or attempted in breach of or contrary to this

6   Agreement.

7          6.18    **Injunction.** The Parties agree that the Court, in its discretion, may issue an

8   injunction in the Preliminary Approval Order prohibiting all Class Members who do not submit

9   timely Requests for Exclusion from instituting, causing to be instituted or continuing to prosecute

10  any action or proceeding against Defendant, whether in court or before an administrative agency

11  or other tribunal, whether in an individual or representative capacity, on any Released Claims.

12  Such injunction shall be made permanent as to Settlement Class Members upon entry of the

13  Judgment. The issuance of the subject injunction, being in the discretion of the Court, is not a

14  condition to the conclusion of the Settlement on the other terms set forth herein.

15         6.19    **Signatures.** Signature by facsimile or in Portable Document Format (PDF) shall

16  have the same force and effect as original signatures.

17         6.20    **Execution Date and Execution in Counterparts.** This Agreement shall be

18  deemed executed upon the last date of signature of all of the undersigned. The Parties may

19  execute this Agreement in counterparts, each of which shall constitute an original, but all of

20  which together shall constitute one and the same instrument having the same force and effect as if

21  all Parties had signed the same instrument.

22         **IN WITNESS THEREOF,** the Parties hereto have so agreed.

23  Dated: ~~March~~ April 14, 2016                      WILLIAM WOODS

24

25

26                                                      On behalf of himself and the California State
                                                        Law Class

27

28

1   Dated: ~~March~~ April 14, 2016              DOMINIC SEALE

2

3                                               _Domenic Seale_

4                                               On behalf of himself and the Florida State
                                                Law Class

5   Dated: March ___, 2016                      WESLEY VARUGHESE

6

7                                               _____

8                                               On behalf of himself and the Illinois State
                                                Law Class

9   Dated: March ___, 2016                      ERIC ESSLER

10

11                                              _____

12                                              On behalf of himself and the Michigan State
                                                Law Class

13

14  Dated: March ___, 2016                      SAMUEL BARONE-CROWELL

15

16                                              _____

17                                              On behalf of himself and the New York State
                                                Law Class

18  Dated: March ___, 2016                      VECTOR MARKETING CORPORATION

19

20                                              By: _____

21

22

23

24

25

26

27

28

STIPULATION OF SETTLEMENT AND RELEASE (Case No. 14-CV-00264-EMC)                    30
pa-1727788

1    Dated: March ___, 2016               DOMINIC SEALE

2

3                                         _____
4                                         On behalf of himself and the Florida State
                                          Law Class
5    Dated: ~~March ___, 2016~~           WESLEY VARUGHESE
        April 8, 2016
6

7                                         _____
                                          On behalf of himself and the Illinois State
8                                         Law Class

9    Dated: March ___, 2016               ERIC ESSLER

10

11                                        _____
12                                        On behalf of himself and the Michigan State
                                          Law Class
13

14   Dated: March ___, 2016               SAMUEL BARONE-CROWELL

15

16                                        _____
                                          On behalf of himself and the New York State
17                                        Law Class

18   Dated: March ___, 2016               VECTOR MARKETING CORPORATION

19

20                                        By: _____

21

22

23

24

25

26

27

28

1   Dated: March ___, 2016          DOMINIC SEALE

2

3                                   _____
4                                   On behalf of himself and the Florida State
                                    Law Class
5   Dated: March ___, 2016          WESLEY VARUGHESE

6

7                                   _____
8                                   On behalf of himself and the Illinois State
                                    Law Class
9   Dated: April 10, 2016           ERIC ESSLER

10
                                    *Eric W. Essler*
11                                  _____
12                                  On behalf of himself and the Michigan State
                                    Law Class
13

14  Dated: March ___, 2016          SAMUEL BARONE-CROWELL

15

16                                  _____
                                    On behalf of himself and the New York State
17                                  Law Class

18  Dated: March ___, 2016          VECTOR MARKETING CORPORATION

19

20                                  By: _____

21

22

23

24

25

26

27

28

DOMINIC SEALE

_____
On behalf of himself and the Florida State
Law Class

ed: March ___, 2016

WESLEY VARUGHESE

7

8

_____
On behalf of himself and the Illinois State
Law Class

9        Dated: March ___, 2016

ERIC ESSLER

10

11

12

_____
On behalf of himself and the Michigan State
Law Class

13       April 13, 2016

14       Dated: ~~March ___, 2016~~

SAMUEL BARONE-CROWELL

15

16

_____
On behalf of himself and the New York State
Law Class

17

18       Dated: March ___, 2016

VECTOR MARKETING CORPORATION

19

20

By: _____

21

22

23

24

25

26

27

28

STIPULATION OF SETTLEMENT AND RELEASE (Case No. 14-CV-00264-EMC)

30

1   Dated: March ___, 2016          DOMINIC SEALE

2

3
                                    _____
                                    On behalf of himself and the Florida State
4                                   Law Class

5   Dated: March ___, 2016          WESLEY VARUGHESE

6

7
                                    _____
                                    On behalf of himself and the Illinois State
8                                   Law Class

9   Dated: March ___, 2016          ERIC ESSLER

10

11
                                    _____
                                    On behalf of himself and the Michigan State
12                                  Law Class

13

14  Dated: March ___, 2016          SAMUEL BARONE-CROWELL

15

16
                                    _____
                                    On behalf of himself and the New York State
17                                  Law Class

18  Dated: March _31_, 2016         VECTOR MARKETING CORPORATION

19

20                                  By: _____

21

22

23

24

25

26

27

28

1    **APPROVED AS TO FORM:**

2    Dated: ~~March~~ April 14, 2016        MARLIN & SALTZMAN, LLP

3

4                               By: _____

5                                    Stanley D. Saltzman

                                   Attorneys for Plaintiffs

6    Dated: March ____, 2016         DIVERSITY LAW GROUP,

7                                   A PROFESSIONAL CORPORATION

8

9                               By: _____

                                   Larry W. Lee

10                                   Attorneys for Plaintiffs

11    Dated: March 31, 2016         MORRISON & FOERSTER LLP

12                                 PHILLIPS LYTLE LLP

13

14                               By: _____

15                                    Karen L. Kubin

16                                   Attorneys for Defendant

                                   VECTOR MARKETING CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

1    **APPROVED AS TO FORM:**

2    Dated: April ___, 2016                    MARLIN & SALTZMAN, LLP

3

4                                              By: _____
                                                    Stanley D. Saltzman
5

6                                              Attorneys for Plaintiffs

     Dated: April 14, 2016                     DIVERSITY LAW GROUP,
7                                              A PROFESSIONAL CORPORATION

8

9                                              By: _____
                                                    Larry W. Lee
10

11                                             Attorneys for Plaintiffs

     Dated: April ___, 2016                    MORRISON & FOERSTER LLP
12                                             PHILLIPS LYTLE LLP

13

14                                             By: _____
                                                    Karen J. Kubin
15

16                                             Attorneys for Defendant
                                               VECTOR MARKETING CORPORATION
17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## Class Notice

### (to Settlement Agreement)

# EXHIBIT A

## Class Notice

### (to Settlement Agreement)

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WOODS (CA), DOMINIC SEALE (FL), WESLEY VARUGHESE (IL), ERIC ESSLER (MI), KRISTINA WILLS (MN), CASEY MCCALEB (MO), SAMUEL BARONE-CROWELL (NY), LOWELL HARVARD JR. (NY), ALTWELL WINFIELD (NY), TIFFANY REINHART (OH), individually and on behalf of all other similarly situated individuals, | Case No. 14-CV-00264-EMC<br><br>NOTICE OF SETTLEMENT OF COLLECTIVE AND CLASS ACTION ("CLASS NOTICE") |
| Plaintiffs, | |
| v. | |
| VECTOR MARKETING CORPORATION and DOES 1 through 20, inclusive, | |
| Defendants. | |

**ATTENTION**: If you attended the initial training offered to persons interested in becoming sales representatives for Vector Marketing Corporation ("Initial Training Program"), you may be eligible to receive money from a proposed Settlement in the above-captioned collective and class action lawsuit ("Action").

**PLEASE READ THIS NOTICE CAREFULLY.** This Notice relates to the proposed Settlement of this Action. If you are a Class Member (defined below), this Notice contains important information affecting your rights to participate in the Settlement as further described below. This Notice advises you of the terms of the Settlement and your rights and options under it.

### *What is this Settlement about?*

Plaintiffs William Woods (CA), Dominic Seale (FL), Wesley Varughese (IL), Eric Essler (MI) and Samuel Barone-Crowell (NY) ("Named Plaintiffs"), together with plaintiffs Kristina Mills (MN), Casey McCaleb (MO), Lowell Harvard Jr. (NY), Winfield Atwell (NY) and Tiffany Reinhart (OH), filed the Action on January 16, 2014, alleging that Defendant Vector Marketing Corporation ("Defendant") failed to pay them, and all others similarly situated nationwide, wages for the initial training Defendant offered them, in violation of the federal Fair Labor Standards Act ("FLSA") and the laws of the states of California, Florida, Illinois, Michigan, Minnesota, Missouri, New York and Ohio. The Action was brought as a putative class and collective action and sought unpaid wages, penalties and restitution, as well as interest, attorneys' fees and costs.

**EXHIBIT A**

pa-1733334

The Court has certified a collective action under the FLSA comprised of the 4,467 individuals whose written consents to join the Action were in the possession of Plaintiffs' Counsel as of September 4, 2015 ("FLSA Collective Action Class"). You are a member of the FLSA Collective Action Class if you are one of those individuals.

The Court has also certified five state law classes under Rule 23 of the Federal Rules of Civil Procedure ("FRCP 23 State Law Classes"), defined as follows:

1. **California State Law Class**: All individuals who, since January 16, 2010 through [Preliminary Approval Date], either (a) attended all three days of Defendant's Initial Training Program in California, or (b) attended some portion of Defendant's Initial Training Program in California and provided during training a list of individuals they thought might be interested in becoming sales representatives for Defendant, as determined from Defendant's records. Excluded from the California State Law Class are those individuals who either (a) completed their initial training entirely online; or (b) did not opt out of the case entitled *Harris v. Vector Marketing Corp.*, Civil Action Number 08-5198, before the United States District Court for the Northern District of California; or (c) signed Defendant's Sales Representative Agreement containing the arbitration and class action waiver which the Court in this case ruled was enforceable, in its Order filed in the Action on August 29, 2014 (the "Arbitration Agreement").

2. **Florida State Law Class**: All individuals who, since January 16, 2012 through [Preliminary Approval Date], either (a) attended all three days of Defendant's Initial Training Program in Florida, or (b) attended some portion of Defendant's Initial Training Program in Florida and provided during training a list of individuals they thought might be interested in becoming sales representatives for Defendant, as determined from Defendant's records. Excluded from the Florida State Law Class are those individuals who either completed their initial training entirely online or signed the Arbitration Agreement.

3. **Illinois State Law Class**: All individuals who, since January 16, 2011 through [Preliminary Approval Date], either (a) attended all three days of Defendant's Initial Training Program in Illinois, or (b) attended some portion of Defendant's Initial Training Program in Illinois and provided during training a list of individuals they thought might be interested in becoming sales representatives for Defendant, as determined from Defendant's records. Excluded from the Illinois State Law Class are those individuals who either completed their initial training entirely online or signed the Arbitration Agreement.

4. **Michigan State Law Class**: All individuals who, since January 16, 2011 through [Preliminary Approval Date], either (a) attended all three days of Defendant's Initial Training Program in Michigan, or (b) attended some portion of Defendant's Initial Training Program in Michigan and provided during training a list of individuals they thought might be interested in becoming sales representatives for Defendant, as

If you have questions, contact the Settlement Administrator at \_\_\_-\_\_\_-\_\_\_\_
**EXHIBIT A**

determined from Defendant's records. Excluded from the Michigan State Law Class are those individuals who either completed their initial training entirely online or signed the Arbitration Agreement.

5. **New York State Law Class**: All individuals who, since January 16, 2008 through [Preliminary Approval Date], either (a) attended all three days of Defendant's Initial Training Program in New York, or (b) attended some portion of Defendant's Initial Training Program in New York and provided during training a list of individuals they thought might be interested in becoming sales representatives for Defendant, as determined from Defendant's records. Excluded from the New York State Law Class are those individuals who completed their initial training entirely online or signed the Arbitration Agreement.

If you come within the definition of one of the FRCP 23 State Law Classes described above in numbered paragraphs 1 – 5, you are a member of that class. Individuals within the FRCP 23 State Law Classes are referred to collectively with individuals within the FLSA Collective Action Class as "Class Members."

The Action has been heavily litigated over the past two years. Substantial discovery has been taken, and extensive court proceedings have occurred. Following that activity, the parties participated in a mediation conducted by a professional mediator. The Action did not settle during the mediation. In the course of post-mediation negotiations, the parties reached an agreement to settle the Action.

The Settlement is not an admission of liability by Defendant. Throughout this case, Defendant has denied any liability or wrongdoing, or that any compensable injury arose out of the claims alleged in the Action. Defendant contends that it has complied with the FLSA and all relevant state laws regarding individuals' participation in Defendant's Initial Training Program.

Under the Settlement, Defendant agrees to make payments to all Class Members who do not timely submit a valid Request for Exclusion from the Settlement ("Settlement Class Members"). These payments will be based on the number of Training Days attended by each Settlement Class Member compared to the total number of Training Days attended by all Settlement Class Members, based on Defendant's records and as more fully described below. Defendant also agrees to pay Settlement Administration Costs, Service Awards to the Named Plaintiffs, and Plaintiffs' Counsel's attorneys' fees and costs/expenses up to the amounts set forth below, subject to court approval. Defendant's maximum total obligation to pay money under the Settlement is $6,750,000.00.

Plaintiffs' Counsel believes that the allegations made in the Action are valid and well-taken. However, recognizing the various defenses to the Action asserted by Defendant and the risk that one or more of those defenses might prevail, Plaintiffs' Counsel also believes that the Settlement is in the best interests of the Class Members. Further proceedings would be very expensive and could take a long time, including the possibility of an appeal of any verdict. Moreover, no one

can confidently predict the outcome of the legal issues in this case. Therefore, Plaintiffs' Counsel believes that the Settlement is fair, reasonable and adequate for the Class Members.

At a preliminary approval hearing, the Court determined that there is sufficient evidence to suggest that the Settlement might be fair, reasonable and adequate. Any final determination of those issues will be made at the Final Approval Hearing.

### *Summary of the Settlement*

Defendant has agreed to pay up to $6,750,000.00 ("Gross Settlement Fund") to resolve all claims that were or could have been asserted in the Action, as more specifically described in the release of claims described below. If approved, the Settlement will distribute money as follows:

**Settlement Awards to Settlement Class Members:** Settlement Class Members will be paid their pro rata share of the Net Settlement Fund, calculated as follows: The Settlement Administrator will calculate the total number of Training Days attended by all Settlement Class Members. The Settlement Administrator will then divide the Net Settlement Fund by the total number of Settlement Class Member Training Days, resulting in a per Training Day value. The Settlement Administrator will then take the Training Day value and multiply it by the number of Training Days attended by each Settlement Class Member. In the event a Settlement Class Member is a member of both the FLSA Collective Action Class and a FRCP 23 Class, the number of Training Days attended by the Settlement Class Member will only be counted once.

The Settlement Administrator will mail checks to all the Settlement Class Members (those who do not elect to exclude themselves from the Settlement as permitted and described below), in payment of their Settlement Awards. You do not have to submit a claim of any kind if you wish to receive your Settlement Award. The Settlement Award checks will be mailed after the Effective Date of the Settlement, which is anticipated to occur in approximately October 2016. A Settlement Class Member's Settlement Award check will be valid and negotiable for 180 days from the date of its issuance, after which the check will be void and the Settlement Class Member will have no further rights to a Settlement Award although he or she will remain bound by the terms of the Settlement of the Action, including his or her release of all Released Claims and agreement not to sue any of the Released Parties on any of the Released Claims. Settlement Class Members will be responsible for the payment of all federal, state and local income taxes due on their Settlement Awards, if any taxes are due.

"Net Settlement Fund" means the Gross Settlement Fund less the Fee and Expense Award, the Service Awards and the Settlement Administration Costs, all of which are described below. "Training Days" means the number of days, which will be one, two or three days (each assumed to be five hours), a Class Member attended Defendant's Initial Training Program.

**Fee and Expense Award for Plaintiffs' Counsel:** Upon approval by the Court, Defendant will pay attorneys' fees and out-of-pocket costs/expenses to Plaintiffs' Counsel (Marlin & Saltzman, LLP and Diversity Law Group, A Professional Corporation). The Settlement permits Plaintiffs' Counsel to request up to $2,247,750.00 (1/3 of the Gross

Settlement Fund) as their fees for prosecuting this case and up to $181,000.00 as reimbursement for their costs/expenses incurred in the Action. At the Final Approval Hearing, the Court will decide what amount of fees and costs/expenses will be approved. You are not personally responsible for any of Plaintiffs' Counsel's attorneys' fees or costs/expenses.

**Other Payments:** The Settlement provides for the payment of Service Awards not to exceed $50,000.00 in the aggregate ($10,000.00 for each Named Plaintiff), subject to approval by the Court. At the Final Approval Hearing, the Court will decide what amount of Service Awards will be approved. The Settlement further provides for the payment of Settlement Administration Costs not to exceed $325,000.00 for the Settlement Administrator's services in administering the Settlement, subject to approval by the Court.

### *What are my rights and options?*

1.     **You can exclude yourself from the Settlement:** If you do not want a Settlement Award and do not want to be bound by any of the Settlement's terms, you must make a timely written Request for Exclusion. Your Request for Exclusion must contain (i) the name of this Action; (ii) your name, address, telephone number and last four digits of your Social Security Number; (iii) the words "Request for Exclusion" at the top of the document; and (iv) the following statement:

> "I wish to be excluded from the Settlement of this case, *William Woods v. Vector Marketing Corp.* (Case No. 14-CV-00264-EMC). I understand that by requesting to be excluded from the Settlement, I will receive no money from the Settlement and I may bring a separate action. I understand that in any separate action, I may receive nothing or less than I would have received if I had not asked to be excluded from the Settlement. I understand that I should consult with an attorney, at my own expense, regarding the applicable statute of limitations."

Your Request for Exclusion must be submitted to the Settlement Administrator at the following address: _____. Your Request for Exclusion must be postmarked by [Date 45 days after mailing of Class Notice]. You should not request to be excluded if you wish to receive money from the Settlement.

2.     **You can object to the Settlement:** You can ask the Court to deny approval by filing a written objection. You cannot ask the Court to order a larger or different settlement; the Court can only approve or deny the settlement presented to it by the Parties. If the Court denies approval, no Settlement Payments will be sent out and the Action will continue. If that is what you want to happen, then you must object.

You must object to the proposed Settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting

papers must (a) clearly identify the case name and number (*Woods et al. v. Vector Marketing Corporation*, Case Number 14-CV-00264-EMC), (b) be submitted to the Court either by mailing them to the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom 5, San Francisco, California 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [*Date 45 days after the mailing of the Class Notice*].

You may object to the Settlement only if you do NOT submit a Request for Exclusion.

     3.    **You can do nothing:** You can do nothing. If you do nothing, you will be bound by the terms of the Settlement and you will receive a Settlement Award as described above, subject to Court approval.

### *What claims am I releasing by participating in the Settlement?*

In exchange for the consideration given by Defendant in the Settlement, all Settlement Class Members shall be deemed to have, and by operation of the Judgment finally approving the Settlement, shall have expressly released, waived and discharged all Released Claims. By participating in the Settlement, Settlement Class Members further agree not to sue or otherwise make a claim against any of the Released Parties with respect to any of the Released Claims and shall, as of the date of the Court's Final Approval Order approving the Settlement, be enjoined from filing any actions, claims, complaints or proceedings regarding the Released Claims with the United States Department of Labor Wage and Hour Division or any agency having jurisdiction over the wage and hour laws of the states of California, Florida, Illinois, Michigan and New York, or from initiating any other proceedings against the Released Parties arising out of or relating to the Released Claims.

"Released Claims" means all claims and demands of every kind and nature, in law, equity or otherwise, known and unknown, suspected and unsuspected, disclosed and undisclosed, arising from or related to wages allegedly owed to a Class Member in connection with the Class Member's participation in Defendant's Initial Training Program, including (without limitation) all claims that were or could have been alleged in the Action, including (without limitation) all claims for unpaid minimum, regular or overtime wages, restitution, injunctive or other equitable relief, penalties, interest, costs and attorneys' fees, based on any federal common or statutory law or the common or statutory law of the states of California, Florida, Illinois, Michigan or New York, including (without limitation) claims under the FLSA, 29 U.S.C. § 201 *et seq.*, Cal. Lab. Code §§ 201, 202, 203, 1194, 1197, 2698 *et seq.*, Cal. Bus. & Prof. Code § 17200 *et seq.*, Fla. Stat. § 48.110, Fla. Const. Art. X § 24, 820 Ill. Comp. Stat. § 105 *et seq.*, Mich. Comp. Laws §§ 408.382, 408.384, 408.393, 408.394, 12 N.Y. Comp. Code R. & Regs. Part 142-2 *et seq.*, and 2 N.Y. Lab. Law §§ 2, 191, 198, 650 *et seq.*

"Released Parties" means Defendant, all of Defendant's past and present parent corporations, subsidiaries and affiliates, and each of their respective past, present and future officers, directors, employees, partners, shareholders and agents.

## *When is the next Court hearing?*

A Final Approval Hearing will be held before the Honorable Edward M. Chen in Courtroom 5 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, on _____, 2016 at __:__ _.m. to determine whether the Settlement is fair, reasonable and adequate and to approve the plan for payment of the Settlement Awards, Fee and Expense Award, Service Awards and Settlement Administration Costs.

A motion for final approval of the Settlement should be on file with the Court no later than _____, 2016. A motion for approval of the requested Attorneys' Fees, Costs/Expenses and Service Awards, should be on file with the Court no later than _____, 2016. Both of these motions will be available for review at the Settlement website, at www.xyz, after that date. The Final Approval Hearing may be continued without further notice to Class Members. It is not necessary for you to appear at this hearing but you may do so if you have timely filed an objection to the Settlement and wish to appear.

## *What if I need more information?*

Capitalized terms in this Class Notice have the same meaning they are given in the Stipulation of Settlement and Release ("Agreement") executed by the settling Parties to this Action. For the precise terms and conditions of the Settlement, you should consult the detailed Agreement and the Preliminary Approval Order, which is also on file with the Court, and available for viewing at the Settlement website, at www.xyz. If you have any questions, you can contact the Settlement Administrator at ___-___-____. You can also contact Plaintiffs' Counsel listed below:

Stanley D. Saltzman
(ssaltzman@marlinsaltzman.com)
Christina A. Humphrey
(chumphrey@marlinsaltzman.com)
MARLIN & SALTZMAN, LLP
29229 Canwood Street, Suite 208
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081

**PLEASE DO NOT CONTACT THE DISTRICT COURT FOR INFORMATION
ABOUT THIS SETTLEMENT**

BY ORDER OF THE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

Page 7
If you have questions, contact the Settlement Administrator at ___-___-____
**EXHIBIT A**

pa-1733334

# EXHIBIT 2

## to

## Third Revised Proposed Order Granting
## Preliminary Approval of Class Action Settlement

# EXHIBIT 2

## to

## Third Revised Proposed Order Granting
## Preliminary Approval of Class Action Settlement

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WOODS (CA), DOMINIC SEALE (FL), WESLEY VARUGHESE (IL), ERIC ESSLER (MI), KRISTINA WILLS (MN), CASEY MCCALEB (MO), SAMUEL BARONE-CROWELL (NY), LOWELL HARVARD JR. (NY), ALTWELL WINFIELD (NY), TIFFANY REINHART (OH), individually and on behalf of all other similarly situated individuals,<br><br>        Plaintiffs,<br><br>   v.<br><br>VECTOR MARKETING CORPORATION and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No. 14-CV-00264-EMC<br><br>NOTICE OF SETTLEMENT OF COLLECTIVE AND CLASS ACTION ("CLASS NOTICE") |

**ATTENTION**:  If you attended the initial training offered to persons interested in becoming sales representatives for Vector Marketing Corporation ("Initial Training Program"), you may be eligible to receive money from a proposed Settlement in the above-captioned collective and class action lawsuit ("Action").  The expected average recovery per class member **before** reduction of fees, costs and enhancements, is **$73.00**, the expected average recovery per class member **after** reduction for fees and costs, assuming that all requests for Court approval of such fees, costs and enhancements are granted, is **$42.50**.  If some of the fees, costs and/or enhancements are not approved by the Court, your net share could increase.

**PLEASE READ THIS NOTICE CAREFULLY**.  This Notice relates to the proposed Settlement of this Action.  If you are a Class Member (defined below), this Notice contains important information affecting your rights to participate in the Settlement as further described below.  This Notice advises you of the terms of the Settlement and your rights and options under it.

**_What is this Settlement about?_**

Plaintiffs William Woods (CA), Dominic Seale (FL), Wesley Varughese (IL), Eric Essler (MI) and Samuel Barone-Crowell (NY) ("Named Plaintiffs"), together with plaintiffs Kristina Mills (MN), Casey McCaleb (MO), Lowell Harvard Jr. (NY), Winfield Atwell (NY) and Tiffany Reinhart (OH), filed the Action on January 16, 2014, alleging that Defendant Vector Marketing Corporation ("Defendant") failed to pay them, and all others similarly situated nationwide,

Page 1
If you have questions, contact the Settlement Administrator at [mailing address], [e-mail address], [phone number] or [fax number].
**EXHIBIT A (Revised)**

pa-1733334

wages for the initial training Defendant offered them, in violation of the federal Fair Labor Standards Act ("FLSA") and the laws of the states of California, Florida, Illinois, Michigan, Minnesota, Missouri, New York and Ohio. The Action was brought as a putative class and collective action and sought unpaid wages, penalties and restitution, as well as interest, attorneys' fees and costs.

The Court has certified a collective action under the FLSA comprised of the 4,467 individuals whose written consents to join the Action were in the possession of Plaintiffs' Counsel as of September 4, 2015 ("FLSA Collective Action Class"). You are a member of the FLSA Collective Action Class if you are one of those individuals.

The Court has also certified five state law classes under Rule 23 of the Federal Rules of Civil Procedure ("FRCP 23 State Law Classes"), defined as follows:

1. **California State Law Class**: All individuals who, since January 16, 2010 through [Preliminary Approval Date], either (a) attended all three days of Defendant's Initial Training Program in California, or (b) attended some portion of Defendant's Initial Training Program in California and provided during training a list of individuals they thought might be interested in becoming sales representatives for Defendant, as determined from Defendant's records. Excluded from the California State Law Class are those individuals who either (a) completed their initial training entirely online; or (b) did not opt out of the case entitled *Harris v. Vector Marketing Corp.*, Civil Action Number 08-5198, before the United States District Court for the Northern District of California; or (c) signed Defendant's Sales Representative Agreement containing the arbitration and class action waiver which the Court in this case ruled was enforceable, in its Order filed in the Action on August 28, 2014 (the "Arbitration Agreement").

2. **Florida State Law Class**: All individuals who, since January 16, 2012 through [Preliminary Approval Date], either (a) attended all three days of Defendant's Initial Training Program in Florida, or (b) attended some portion of Defendant's Initial Training Program in Florida and provided during training a list of individuals they thought might be interested in becoming sales representatives for Defendant, as determined from Defendant's records. Excluded from the Florida State Law Class are those individuals who either completed their initial training entirely online or signed the Arbitration Agreement.

3. **Illinois State Law Class**: All individuals who, since January 16, 2011 through [Preliminary Approval Date], either (a) attended all three days of Defendant's Initial Training Program in Illinois, or (b) attended some portion of Defendant's Initial Training Program in Illinois and provided during training a list of individuals they thought might be interested in becoming sales representatives for Defendant, as determined from Defendant's records. Excluded from the Illinois State Law Class are those individuals who either completed their initial training entirely online or signed the Arbitration Agreement.

If you have questions, contact the Settlement Administrator at [mailing address], [e-mail address], [phone number] or [fax number].
**EXHIBIT A (Revised)**

pa-1733334

4. **Michigan State Law Class**:  All individuals who, since January 16, 2011 through [Preliminary Approval Date], either (a) attended all three days of Defendant's Initial Training Program in Michigan, or (b) attended some portion of Defendant's Initial Training Program in Michigan and provided during training a list of individuals they thought might be interested in becoming sales representatives for Defendant, as determined from Defendant's records.  Excluded from the Michigan State Law Class are those individuals who either completed their initial training entirely online or signed the Arbitration Agreement.

5. **New York State Law Class**:  All individuals who, since January 16, 2008 through [Preliminary Approval Date], either (a) attended all three days of Defendant's Initial Training Program in New York, or (b) attended some portion of Defendant's Initial Training Program in New York and provided during training a list of individuals they thought might be interested in becoming sales representatives for Defendant, as determined from Defendant's records.  Excluded from the New York State Law Class are those individuals who completed their initial training entirely online or signed the Arbitration Agreement.

If you come within the definition of one of the FRCP 23 State Law Classes described above in numbered paragraphs 1 – 5, you are a member of that class.  Individuals within the FRCP 23 State Law Classes are referred to collectively with individuals within the FLSA Collective Action Class as "Class Members."

The Action has been heavily litigated over the past two years.  Substantial discovery has been taken, and extensive court proceedings have occurred.  Following that activity, the parties participated in a mediation conducted by a professional mediator.  The Action did not settle during the mediation.  In the course of post-mediation negotiations, the parties reached an agreement to settle the Action.

The Settlement is not an admission of liability by Defendant.  Throughout this case, Defendant has denied any liability or wrongdoing, or that any compensable injury arose out of the claims alleged in the Action.  Defendant contends that it has complied with the FLSA and all relevant state laws regarding individuals' participation in Defendant's Initial Training Program.

Under the Settlement, Defendant agrees to make payments to all Class Members who do not timely submit a valid Request for Exclusion from the Settlement ("Settlement Class Members").  These payments will be based on the number of Training Days attended by each Settlement Class Member compared to the total number of Training Days attended by all Settlement Class Members, based on Defendant's records and as more fully described below.  Defendant also agrees to pay Settlement Administration Costs, Service Awards to the Named Plaintiffs, and Plaintiffs' Counsel's attorneys' fees and costs/expenses up to the amounts set forth below, subject to court approval.  Defendant's maximum total obligation to pay money under the Settlement is $6,750,000.00.

If you have questions, contact the Settlement Administrator at [mailing address], [e-mail address], [phone number] or [fax number].
**EXHIBIT A (Revised)**

pa-1733334

Plaintiffs' Counsel believes that the allegations made in the Action are valid and well-taken. However, recognizing the various defenses to the Action asserted by Defendant and the risk that one or more of those defenses might prevail, Plaintiffs' Counsel also believes that the Settlement is in the best interests of the Class Members. Further proceedings would be very expensive and could take a long time, including the possibility of an appeal of any verdict. Moreover, no one can confidently predict the outcome of the legal issues in this case.

At a preliminary approval hearing, the Court determined that there is sufficient evidence to suggest that the Settlement might be fair, reasonable and adequate. Any final determination of those issues will be made at the Final Approval Hearing.

### *Summary of the Settlement*

Defendant has agreed to pay up to $6,750,000.00 ("Gross Settlement Fund") to resolve all claims that were or could have been asserted in the Action, as more specifically described in the release of claims described below. If approved, the Settlement will distribute money as follows:

**Settlement Awards to Settlement Class Members:** Settlement Class Members will be paid their pro rata share of the Net Settlement Fund, calculated as follows: The Settlement Administrator will calculate the total number of Training Days attended by all Settlement Class Members. The Settlement Administrator will then divide the Net Settlement Fund by the total number of Settlement Class Member Training Days, resulting in a per Training Day value. The Settlement Administrator will then take the Training Day value and multiply it by the number of Training Days attended by each Settlement Class Member. In the event a Settlement Class Member is a member of both the FLSA Collective Action Class and a FRCP 23 Class, the number of Training Days attended by the Settlement Class Member will only be counted once.

The Settlement Administrator will mail checks to all the Settlement Class Members (those who do not elect to exclude themselves from the Settlement as permitted and described below), in payment of their Settlement Awards. You do not have to submit a claim of any kind if you wish to receive your Settlement Award. The Settlement Award checks will be mailed after the Effective Date of the Settlement, which is anticipated to occur in approximately October 2016. A Settlement Class Member's Settlement Award check will be valid and negotiable for 180 days from the date of its issuance, after which the check will be void and the Settlement Class Member will have no further rights to a Settlement Award although he or she will remain bound by the terms of the Settlement of the Action, including his or her release of all Released Claims and agreement not to sue any of the Released Parties on any of the Released Claims. Settlement Class Members will be responsible for the payment of all federal, state and local income taxes due on their Settlement Awards, if any taxes are due.

"Net Settlement Fund" means the Gross Settlement Fund less the Fee and Expense Award, the Service Awards and the Settlement Administration Costs, all of which are described below. "Training Days" means the number of days, which will be one, two or three days (each assumed to be five hours), a Class Member attended Defendant's Initial Training Program.

**Fee and Expense Award for Plaintiffs' Counsel:** Upon approval by the Court, Defendant will pay attorneys' fees and out-of-pocket costs/expenses to Plaintiffs' Counsel (Marlin & Saltzman, LLP and Diversity Law Group, A Professional Corporation). The Settlement permits Plaintiffs' Counsel to request up to $2,247,750.00 (1/3 of the Gross Settlement Fund) as their fees for prosecuting this case and up to $181,000.00 as reimbursement for their costs/expenses incurred in the Action. At the Final Approval Hearing, the Court will decide what amount of fees and costs/expenses will be approved. You are not personally responsible for any of Plaintiffs' Counsel's attorneys' fees or costs/expenses.

**Other Payments:** The Settlement provides for the payment of Service Awards not to exceed $50,000.00 in the aggregate ($10,000.00 for each Named Plaintiff), subject to approval by the Court. At the Final Approval Hearing, the Court will decide what amount of Service Awards will be approved. The Settlement further provides for the payment of Settlement Administration Costs not to exceed $325,000.00 for the Settlement Administrator's services in administering the Settlement, subject to approval by the Court.

### *What are my rights and options?*

1.     **You can exclude yourself from the Settlement:** If you do not want a Settlement Award and do not want to be bound by any of the Settlement's terms, you must make a timely written Request for Exclusion by completing and personally signing the enclosed Request for Exclusion form and mailing it to the Settlement Administrator at the following address: _____. Your Request for Exclusion must be postmarked by [Date 45 days after mailing of Class Notice]. You should <u>not</u> request to be excluded if you wish to receive money from the Settlement.

2.     **You can object to the Settlement:** You can ask the Court to deny approval by filing a written objection. You cannot ask the Court to order a larger or different settlement; the Court can only approve or deny the settlement presented to it by the Parties. If the Court denies approval, no Settlement Payments will be sent out and the Action will continue. If that is what you want to happen, then you must object.

You must object to the proposed Settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Woods et al. v. Vector Marketing Corporation*, Case Number 14-CV-00264-EMC), (b) be submitted to the Court either by mailing them to the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom 5, San Francisco, California 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [*Date 45 days after the mailing of the Class Notice*].

You may object to the Settlement only if you do NOT submit a Request for Exclusion.

Page 5

If you have questions, contact the Settlement Administrator at [mailing address], [e-mail address], [phone number] or [fax number].

**EXHIBIT A (Revised)**

pa-1733334

3.     **You can do nothing:**  You can do nothing.  If you do nothing, you will be bound by the terms of the Settlement and you will receive a Settlement Award as described above, subject to Court approval.

### *What claims am I releasing by participating in the Settlement?*

In exchange for accepting the consideration given by Defendant in the Settlement, all Settlement Class Members, **including those who did not previously opt-in to the FLSA claims,** shall be deemed to have, and by operation of the Judgment finally approving the Settlement, shall have expressly released, waived and discharged all Released Claims, as the term Released Claims is defined in the following paragraph.  By participating in the Settlement, Settlement Class Members further agree not to sue or otherwise make a claim against any of the Released Parties with respect to any of the Released Claims and shall, as of the date of the Court's Final Approval Order approving the Settlement, be enjoined from filing any actions, claims, complaints or proceedings regarding the Released Claims with the United States Department of Labor Wage and Hour Division or any agency having jurisdiction over the wage and hour laws of the states of California, Florida, Illinois, Michigan and New York, or from initiating any other proceedings against the Released Parties arising out of or relating to the Released Claims.

**"Released Claims" means** all claims and demands of every kind and nature, in law, equity or otherwise, known and unknown, suspected and unsuspected, disclosed and undisclosed, arising from or related to wages allegedly owed to a Class Member in connection with the Class Member's participation in Defendant's Initial Training Program, including (without limitation) all claims that were or could have been alleged in the Action, including (without limitation) all claims for unpaid minimum, regular or overtime wages, restitution, injunctive or other equitable relief, penalties, interest, costs and attorneys' fees, based on any federal common or statutory law or the common or statutory law of the states of California, Florida, Illinois, Michigan or New York, including (without limitation) claims under the FLSA, 29 U.S.C. § 201 *et seq.*, Cal. Lab. Code §§ 201, 202, 203, 1194, 1197, 2698 *et seq.*, Cal. Bus. & Prof. Code § 17200 *et seq.*, Fla. Stat. § 48.110, Fla. Const. Art. X § 24, 820 Ill. Comp. Stat. § 105 *et seq.*, Mich. Comp. Laws §§ 408.382, 408.384, 408.393, 408.394, 12 N.Y. Comp. Code R. & Regs. Part 142-2 *et seq.*, and 2 N.Y. Lab. Law §§ 2, 191, 198, 650 *et seq.*

"Released Parties" means Defendant, all of Defendant's past and present parent corporations, subsidiaries and affiliates, and each of their respective past, present and future officers, directors, employees, partners, shareholders and agents.

### *When is the next Court hearing?*

A Final Approval Hearing will be held before the Honorable Edward M. Chen in Courtroom 5 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, on _____, 2016 at __:__ _.m. to determine whether the Settlement is fair, reasonable and adequate and to approve the plan for

[Formatted: Font: Bold]

payment of the Settlement Awards, Fee and Expense Award, Service Awards and Settlement Administration Costs.

A motion for final approval of the Settlement should be on file with the Court no later than _____, 2016. A motion for approval of the requested Attorneys' Fees, Costs/Expenses and Service Awards, should be on file with the Court no later than _____, 2016. Both of these motions will be available for review at the Settlement website, at www.xyz, after that date. The Final Approval Hearing may be continued without further notice to Class Members. It is not necessary for you to appear at this hearing but you may do so if you have timely filed an objection to the Settlement and wish to appear.

***What if I need more information?***

Capitalized terms in this Class Notice have the same meaning they are given in the Stipulation of Settlement and Release ("Agreement") executed by the settling Parties to this Action. For the precise terms and conditions of the Settlement, you should consult the detailed Agreement and the Preliminary Approval Order, which is also on file with the Court, and available for viewing at the Settlement website, at www.xyz. If you have any questions, you can contact the Settlement Administrator at [mailing address], [e-mail address], phone number] or [fax number]. You can also contact Plaintiffs' Counsel listed below:

Stanley D. Saltzman
(ssaltzman@marlinsaltzman.com)
Christina A. Humphrey
(chumphrey@marlinsaltzman.com)
MARLIN & SALTZMAN, LLP
29229 Canwood Street, Suite 208
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081

**PLEASE DO NOT CONTACT THE DISTRICT COURT FOR INFORMATION ABOUT THIS SETTLEMENT**

BY ORDER OF THE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

If you have questions, contact the Settlement Administrator at [mailing address], [e-mail address], [phone number] or [fax number].
**EXHIBIT A (Revised)**
pa-1733334

# EXHIBIT 3

## to

## Third Revised Proposed Order Granting Preliminary Approval of Class Action Settlement

# EXHIBIT 3

## to

## Third Revised Proposed Order Granting Preliminary Approval of Class Action Settlement

(Printed on back of Class Member Check)

By endorsing this check, I hereby consent to join the action entitled *William Woods et al. v. Vector Marketing Corporation*, Case No. 14-CV-00264, and thus understand that the claims released in this action include all the claims more fully described on page 6 of the Notice of Settlement that I received in this matter, including the FLSA claims.

# EXHIBIT 4

## to

# Third Revised Proposed Order Granting
# Preliminary Approval of Class Action Settlement

# EXHIBIT 4

## to

# Third Revised Proposed Order Granting
# Preliminary Approval of Class Action Settlement

(Inside Folded Postcard - Class Member Check)

---

By endorsing the enclosed settlement check, you are indicating your intention to consent to join the action entitled *William Woods et al. v. Vector Marketing Corporation*, Case No. 14-CV-00264, such that your participation in the settlement includes a release of all the claims described on page 6 of the Notice of Settlement you received in this matter, including all FLSA claims.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Woods v. Vector
c/o Simpluris, Inc.
P. O. Box 26170
Santa Ana, CA  92799-9834

PRESORTED
FIRST CLASS
U.S. POSTAGE
PAID
SIMPLURIS INC

«Notice_Encoded»    «Notice»
SIMID  «SIMID»
«FirstName» «LastName»
«Address1» «Address2»
«City» «State»  «Zip»

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

(Outside – Back of Folded Postcard)